UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------- x

HECTOR CORDERO,

                                    Plaintiff,

                    -against-

CITY OF NEW YORK; Police Officer HUGO
HUGASIAN, Shield No. 10228; Lieutenant
CHRISTOPHER MORAN; Police Officer PAUL
PALMINTERI, Shield No. 18460; Police Officer
MARCO ARTALE, Shield No. 25158; Police
Officer PETER RUBIN, Shield No. 00934; Police
Officer JOHN ESSIG, Shield No. 08667; Officer
LYNETTE REYES, Shield No. 26626; Police
Officer RAUL NAREA, Shield No. 07493; JOHN
and JANE DOE 1 through 10, individually and in
their official capacities (the names John and Jane
Doe being fictitious, as the true names are presently
unknown),

                                    Defendants.

------------------------------------------------------------------- x

**FIRST AMENDED
COMPLAINT**

15 CV 3436 (JBW)(MDG)

Jury Trial Demanded

## NATURE OF THE ACTION

1.    This is an action to recover money damages arising out of the violation

of plaintiff's rights under the Constitution.

## JURISDICTION AND VENUE

2.    This action is brought pursuant to 42 U.S.C. §§ 1983 and 1988, and the

Fourth, Fifth, Sixth and Fourteenth Amendments to the Constitution of the United

States.

3.     The jurisdiction of this Court is predicated upon 28 U.S.C. §§ 1331 and 1343.

4.     Venue is proper in this district pursuant to 28 U.S.C. §§ 1391 (b) and (c).

## JURY DEMAND

5.     Plaintiff demands a trial by jury in this action.

## PARTIES

6.     Plaintiff Hector Cordero ("plaintiff" or "Mr. Cordero") is a resident of Kings County in the City and State of New York.

7.     Defendant City of New York is a municipal corporation organized under the laws of the State of New York.  It operates the NYPD, a department or agency of defendant City of New York responsible for the appointment, training, supervision, promotion and discipline of police officers and supervisory police officers, including the individually named defendants herein.

8.     Defendant Police Officer Hugo Hugasian, Shield No. 10228 ("Hugasian"), at all times relevant herein, was an officer, employee and agent of the NYPD.  Defendant Hugasian is sued in his individual and official capacities.

9.     Defendant Lieutenant Christopher Moran, ("Moran"), at all times relevant herein, was an officer, employee and agent of the NYPD.  Defendant Moran is sued in his individual and official capacities.

10.     Defendant Police Officer Paul Palminteri, Shield No. 18460 ("Palminteri"), at all times relevant herein, was an officer, employee and agent of the NYPD.  Defendant Palminteri is sued in his individual and official capacities.

11.     Defendant Police Officer Marco Artale, Shield No. 25158 ("Artale"), at all times relevant herein, was an officer, employee and agent of the NYPD.  Defendant Artale is sued in his individual and official capacities.

12.     Defendant Police Officer Peter Rubin, Shield No. 00934 ("Rubin"), at all times relevant herein, was an officer, employee and agent of the NYPD.  Defendant Rubin is sued in his individual and official capacities.

13.     Defendant Police Officer John Essig, Shield No. 08667 ("Essig"), at all times relevant herein, was an officer, employee and agent of the NYPD.  Defendant Essig is sued in his individual and official capacities.

14.     Defendant Police Officer Lynette Reyes, Shield No. 26626 ("Reyes"), at all times relevant herein, was an officer, employee and agent of the NYPD.  Defendant Reyes is sued in her individual and official capacities.

15.     Defendant Police Officer Raul Narea, Shield No. 07493 ("Raul"), at all times relevant herein, was an officer, employee and agent of the NYPD.  Defendant Raul is sued in his individual and official capacities.

16.     At all times relevant defendants John and Jane Doe 1 through 10 were police officers, detectives or supervisors employed by the NYPD.  Plaintiff does not know the real names and shield numbers of defendants John and Jane Doe 1 through 10.

17.     At all times relevant herein, defendants John and Jane Doe 1 through 10 were acting as agents, servants and employees of the City of New York and the NYPD.  Defendants John and Jane Doe 1 through 10 are sued in their individual and official capacities.

18.     At all times relevant herein, all individual defendants were acting under color of state law.

## STATEMENT OF FACTS

19.     At approximately 1:00 p.m. on October 24, 2014, Mr. Cordero was working inside of a bodega at 42 Irving Place in Brooklyn, New York.

20.     Defendants entered the bodega where Mr. Cordero was working and ordered him to go outside.

21.     Mr. Cordero complied and followed defendants outside of the bodega.

22.     Suddenly and without probable cause or reasonable suspicion to believe he had committed any crime or offense, defendants arrested Mr. Cordero and tightly handcuffed him.

23.     When Mr. Cordero asked what was going on, defendants did not

respond.

24.     Mr. Cordero was taken to the 83rd Precinct.

25.     At the Precinct, defendants performed an illegal strip-search of plaintiff.

26.     Defendants falsely informed employees of the Kings County District Attorney's Office that they had observed plaintiff commit several crimes including criminal sale of a controlled substance, a felony.

27.     At no point did the officers observe Mr. Cordero commit any crime or offense.

28.     Plaintiff was eventually taken to Brooklyn Central Booking.

29.     On October 25, 2015, Mr. Cordero was arraigned in Kings County Criminal Court and then released on his own recognizance after approximately twelve hours in custody.

30.     After appearing in criminal court on several occasions, all charges against Mr. Cordero were dismissed on March 4, 2015.

31.     Mr. Cordero suffered damage as a result of defendants' actions.  Plaintiff was deprived of his liberty, suffered emotional distress, mental anguish, fear, pain, anxiety, embarrassment, humiliation, an unlawful strip search and damage to his reputation.

## FIRST CLAIM
### Unlawful Stop and Search

32.     Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

33.     Defendants violated the Fourth and Fourteenth Amendments because they stopped and searched plaintiff without reasonable suspicion.

34.     As a direct and proximate result of this unlawful conduct, plaintiff sustained the damages herein before alleged.

## SECOND CLAIM
### False Arrest

35.     Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

36.     Defendants violated the Fourth and Fourteenth Amendments because they arrested plaintiff without probable cause.

37.      As a direct and proximate result of this unlawful conduct, plaintiff sustained the damages hereinbefore alleged.

## THIRD CLAIM
### Malicious Prosecution

38.    Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

39.    By their conduct, as described herein, and acting under color of state law, defendants are liable to plaintiff under 42 U.S.C. § 1983 for the violation of his constitutional right to be free from malicious prosecution under the Fourth and Fourteenth Amendments to the United States Constitution.

40.    Defendants' unlawful actions were done willfully, knowingly, with malice and with the specific intent to deprive plaintiff of his constitutional rights.  The prosecution by defendants of plaintiff constituted malicious prosecution in that there was no basis for the plaintiff's arrest, yet defendants continued with the prosecution, which was resolved in plaintiff's favor.

41.    As a direct and proximate result of the misconduct and abuse of authority stated above, plaintiff sustained the damages alleged herein.

## FOURTH CLAIM
### Denial Of Constitutional Right To Fair Trial

42.    Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

43.    The individual defendants created false evidence against plaintiff.

44.    The individual defendants forwarded false evidence to prosecutors in the Kings County District Attorney's office.

45.    In creating false evidence against plaintiff, and in forwarding false information to prosecutors, the individual defendants violated plaintiff's right to a fair trial under the Due Process Clause of the Fifth, Sixth and Fourteenth Amendments of the United States Constitution.

46.    As a direct and proximate result of this unlawful conduct, plaintiff sustained the damages hereinbefore alleged.

## FIFTH CLAIM
### Failure To Intervene

47.    Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

48.    Those defendants that were present but did not actively participate in the aforementioned unlawful conduct observed such conduct, had an opportunity prevent such conduct, had a duty to intervene and prevent such conduct and failed to intervene.

49.    Accordingly, the defendants who failed to intervene violated the Fourth, Fifth, Sixth and Fourteenth Amendments.

50.    As a direct and proximate result of this unlawful conduct, plaintiff sustained the damages hereinbefore alleged.

-8-

## SIXTH CLAIM
### *Monell*

51.    Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

52.    This is not an isolated incident.

53.    The City of New York (the "City"), through policies, practices and customs, directly caused the constitutional violations suffered by plaintiff.

54.    The City, through its police department, has had and still has hiring practices that it knows will lead to the hiring of police officers lacking the intellectual capacity and moral fortitude to discharge their duties in accordance with the constitution and is indifferent to the consequences.

55.    The City, through its police department, has a *de facto* quota policy that encourages unlawful stops, unlawful searches, false arrests, the fabrication of evidence and perjury.

56.    The City, at all relevant times, was, upon information and belief, aware that these individual defendants routinely commit constitutional violations such as those at issue here and has failed to change its policies, practices and customs to stop this behavior.

57.     The City, at all relevant times, was aware that these individual defendants are unfit officers who have previously committed the acts alleged herein and/or have a propensity for unconstitutional conduct.

58.     As a direct and proximate result of this unlawful conduct, plaintiff sustained the damages hereinbefore alleged.

## <u>PRAYER FOR RELIEF</u>

**WHEREFORE**, plaintiff respectfully requests judgment against defendants as follows:

    (a)  Compensatory damages against all defendants, jointly and severally;

    (b)  Punitive damages against the individual defendants, jointly and severally;

    (c)  Reasonable attorneys' fees and costs pursuant to 28 U.S.C. § 1988; and

    (d)  Such other and further relief as this Court deems just and proper.

Dated:      November 30, 2015
            New York, New York

                          HARVIS & FETT LLP

                          _____
                          Baree N. Fett
                          305 Broadway, 14th Floor
                          New York, New York 10007
                          (212) 323-6880
                          bfett@civilrights.nyc

                          *Attorneys for plaintiff*