

GABRIEL P. HARVIS
BAREE N. FETT

March 8, 2016

BY ECF
Honorable Marilyn D. Go
United States Magistrate Judge
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11211

  Re: *Cordero v City of New York, et al.*, 15 CV 3436 (JBW) (MDG)

Your Honor:

  I represent plaintiff in the above-referenced civil rights action. I write to respectfully request an order: 1) pursuant to Fed. R. Civ. P. 37(a)(1)(B)(iii)-(iv) compelling defendants to produce outstanding items of discovery by a date certain; 2) unsealing, pursuant to a protective order and for the purposes of this litigation only, the police and prosecution paperwork related to plaintiff's co-defendant; 3) instructing defaulted officers to file a responsive pleading by a date certain; and 4) granting plaintiff a brief extension of time to serve defendant Rubin pursuant to Rule 4(m).[1] In accordance with Rule 37(a)(1) and Local Civil Rule 37.3(a), plaintiff certifies that he has conferred with defense counsel in good faith prior to making this application in an effort to obtain the relief requested without Court intervention.

  By way of background, on October 24, 2014 at approximately 1:00 p.m., Mr. Cordero was working behind the counter at J & C Minimarket in Brooklyn when two officers entered the store and demanded that he step outside to speak with them. Without telling Mr. Cordero what was going on, defendant officers handcuffed plaintiff, put him in a police vehicle and took him to the 83rd Precinct. Later that day, Mr. Cordero first learned that he was being charged with offenses including felony drug sale. Mr. Cordero was eventually released on his own recognizance. On March 4,

---

[1] Defendants do not object to plaintiff's Rule 4(m) extension request.

305 BROADWAY 14TH FLOOR » NEW YORK » NEW YORK 10007 « 212.323.6880 « FAX 212.323.6881

www.civilrights.nyc

Honorable Marilyn D. Go
Mar. 8, 2016

2015, all charges against plaintiff were dismissed by motion of the District Attorney. Upon information and belief, the charges brought against plaintiff's co-defendant, a stranger and the alleged purchaser in the drug transaction, were also dismissed. Plaintiff now brings the instant action for false arrest and related claims pursuant to 42 U.S.C. § 1983.

Plaintiff served his first set of discovery demands on October 21, 2015. *See* Plaintiff's First Set of Discovery Demands, annexed hereto as Exhibit 1. Defendants served their responses 47 days later, on December 7, 2015. *See* Defendants' Responses to Plaintiffs' First Set of Discovery Demands, annexed hereto as Exhibit 2. Defendants did not supplement their disclosures until this past weekend, when they produced heavily-redacted disciplinary summaries as to a few of the defendants and indicated that personnel files for that same subset of defendants had been mailed.

As of this writing, some of the most basic items of discovery remain outstanding including, *inter alia*, the District Attorney's file and ECAB intake form, the contraband plaintiff allegedly sold, and memo book entries for six of the eight defendant officers.

By letter dated February 8, 2016, plaintiff detailed the deficiencies in defendants' discovery responses and document production and requested the opportunity to meet and confer. *See* 2/8/16 Letter from B. Fett to A. Booth, annexed hereto as Exhibit 3. The parties met and conferred by telephone on February 22, 2016 and subsequently exchanged e-mails outlining their positions. The parties spoke again at length on March 4, 2016 and again reduced their discussions to writing in an exchange of emails thereafter. Another call was conducted yesterday. While that process succeeded in narrowing the issues to some degree, the parties were unable to resolve their disputes as to the matters raised below.

Outstanding Documents

Defendants have failed to produce or to provide a date certain for production of the following core discovery requested in plaintiff's document request numbers 3 and 5:

    i)    Memo books of defendants Palminteri, Artale, Rubin, Essig, Reyes and Narea (Plaintiff's Request 3(b));

    ii)   Scratch copy of arrest and complaint reports (Plaintiff's Requests 5(b) and (c));

Honorable Marilyn D. Go
Mar. 8, 2016

      iii)    Precinct prisoner roster (Plaintiff's Request 5(l));
      iv)    Arrest evidence, for inspection and analysis (Plaintiff's Request 5(q));
      v)    Central booking prisoner roster (Plaintiff's Request 5(mm));
      vi)    DA File (Plaintiff's Request 5(yy)), including ECAB case intake memo (5(uu)) and dismissal memo (5(vv)); and
      vii)    Records of overtime requested and received by the defendant officers for the tour including plaintiff's arrest (Plaintiff's Request 3(n)).[2]

Each of these categories of material was duly requested by plaintiff and is relevant to the action. No privilege or legitimate objection protects them. With discovery scheduled to close on April 18, 2016, plaintiff respectfully requests that the Court order production of the material by a date certain in time for plaintiff to depose the officers.

<u>Scope of Disciplinary Production and Request for *In Camera* Review of Redactions</u>

The parties disagree as to the appropriate scope of disciplinary disclosure with regard to the defendant officers.

First, plaintiff takes issue with defendants' redactions of the produced summaries. Defendants have failed to respond to plaintiff's Interrogatory No. 17 seeking the categories of withheld or redacted allegations. *See* Exhibit 2. Plaintiff is thus unable to evaluate the propriety of the redactions, which are extensive, and requests that the Court review the produced summaries *in camera* to confirm that the appropriate redactions have been made. This request also applies to the summaries that have not yet been produced, as discussed below.

Second, defendants refuse to disclose (or produce) material related to open allegations or those that post-date the incident. In support of his position, plaintiff has cited *Kitevski v. City of New* York, 04-CV-7402 (RCC)(RLE), 2006 WL 680527 (Mar. 16, 2006), which holds that open allegations are discoverable. For his contention that post-dated allegations should be included in the production, plaintiff has cited *Phillips v. City of New York,* 277 F.R.D. 82 (E.D.N.Y. 2011), as well as

---

[2] The record indicates that both of the officers whose memo books have been produced to date received significant overtime in connection with plaintiff's arrest. Plaintiff submits that, for the purposes of discovery, this fact is sufficient to bring the requested records within the ambit of Rule 26. There is an additional argument in support of production of overtime records that implicates confidential information exchanged between the parties in this case. If it pleases the Court, plaintiff can provide such information off the record when argument is heard on the instant motion.

Honorable Marilyn D. Go
Mar. 8, 2016

*Ismail v. Cohen*, 899 F.2d 183, 188-89 (2d Cir. 1990). Defendants have refused to reconsider their position and, as of this writing, have failed to cite even a single case in support of their position. Thus, plaintiff respectfully requests that the Court overrule defendants' objections and order defendants to disclose and produce material related to open allegations and those that post-date the incident.

Third, defendants have produced outdated summaries for the few defendants for which they have provided anything, and have failed to produce even a single closing report or underlying file. Plaintiff respectfully submits that the closing reports and underlying files are discoverable. *Brown v. City of New York*, 08-CV-5095 (FB)(MDG), 2011 WL 4594276, *2 (E.D.N.Y. Sept. 30, 2011) ("Records concerning the investigation of complaints of a similar nature against a police officer defendant in a section 1983 case may lead to the discovery of evidence relevant to issues of pattern, intent, and absence of mistake.") (internal quotation marks omitted) (collecting cases); *see also Frails v. City of New York*, 236 F.R.D. 116, 117 (E.D.N.Y. 2006) ("Disciplinary records involving complaints of a similar nature, whether substantiated or unsubstantiated, could lead to evidence that would be admissible at trial and thus, are discoverable.") (collecting cases).

Accordingly, plaintiff requests that the Court order defendants to produce, by a date certain before plaintiff is to depose the officers, current IAB, CPI, and CCRB summaries, along with closing reports and underlying files related to similar allegations and those concerning false statements, as to each defendant officer.[3]

Motion for Disclosure of Co-Defendant Identity and Request for Limited Unsealing

Defendants have failed to even identify plaintiff's co-defendant in the criminal prosecution, citing N.Y.C.P.L. § 160.50 and, confusingly, the Federal Privacy Act.

As an initial matter, § 160.50 does not seal a person's name -- it only applies to photographs, fingerprints, official records and papers. Indeed, the defendants were obligated by Rule 26(a)(1)(A)(i) and Rule 33 to identify the co-defendant, who is obviously a crucial witness on the ultimate issue of probable cause in this case. Defendants' failure to identify this witness is improper. *See Patterson v. Balsamico*,

---

[3] Defendants have represented that personnel files as to a few defendant officers are in the mail. Such documents have not been received and plaintiff is thus not in a position to evaluate the sufficiency of defendants' production of those files. Should defendants fail to provide complete personnel files, including performance evaluations for each rating period in which each defendant was evaluated, plaintiff intends to meet and confer and, if necessary, promptly raise the issue with the Court.

Honorable Marilyn D. Go
Mar. 8, 2016

440 F.3d 104, 118 (2d Cir. 2006). Plaintiff submits that, given the looming discovery deadline, defendants' failure to identify this witness has already caused plaintiff to suffer prejudice and hindered his ability to comply with the current schedule.

It is especially difficult to understand the defendants' position here, given that they themselves drafted and proposed a confidentiality stipulation that contemplated production of the "addresses of non-party co-arrestees." *See* Docket Entry 18, Exh. 1, p. 2 at ¶ 2. As this Court has previously held, where non-party witness identities are sought in a Section 1983 case "an appropriate confidentiality order will adequately protect the non-party's interests." *Brown*, 2011 WL 4594276 at *3 (citing *Gibbs v. City of New York*, 243 F.R.D. 95, 96 (S.D.N.Y. 2007)).[4] Defendants' objections appear to be nothing more than obstructionism, and plaintiff respectfully requests that the Court order defendants to immediately disclose the information regarding the co-defendant called for by Rule 26(a)(1)(A)(i).

Plaintiff also seeks limited unsealing of the records relating to plaintiff's co-defendant's arrest and prosecution, which are directly relevant to the instant action. Plaintiff alleges that he was arrested in the absence of probable cause and that the officers fabricated documents and evidence to suggest that plaintiff sold drugs to his co-defendant. The co-defendant's paperwork will be probative of plaintiff's allegations, and of the officers' defenses.

As the Hon. Shira A. Scheindlin explained when granting a similar motion to unseal, "[f]ederal courts commonly order production of documents sealed pursuant to Sections 160.50 or 160.55…" *Crosby v. City of New York*, 269 F.R.D. 267, 275 (S.D.N.Y. 2010); *see Haus v. City of New York*, 03-CV-4915 (RWS)(MHD), 2006 WL 1148680, *3 (S.D.N.Y. Apr. 24, 2006) (collecting cases).

Plaintiff has already demonstrated that defendants were obligated to disclose the co-defendant's identity and, using that information, plaintiff might have already been able to obtain a § 160.50 authorization from the co-defendant. By improperly withholding the information, defendants have deprived plaintiff of that opportunity. Defendants have also failed to provide any compelling justification for their failure to disclose the identity or their position on the instant unsealing application. Since the material is of the most vital relevance to the instant action, plaintiff respectfully

---

[4] Plaintiff is certainly willing to treat the information as confidential, but notes that, given that this witness is likely to be deposed and called to testify at trial, the parties' practical ability to prevent disclosure of the witness's identity will be limited.

Honorable Marilyn D. Go
Mar. 8, 2016

requests that the Court order limited unsealing of the documents, subject to the confidentiality stipulation executed by the parties. *See Haus*, 2006 WL 1148680 at *3 ("It bears noting at the outset that the federal courts, when addressing demands for production of such arrest documents, have commonly rejected confidentiality arguments premised on section 160.50(c) even without redaction of arrest documents.").

<u>Defendants Narea, Essig and Artale Must Respond to the Complaint</u>

A review of the civil docket sheet reveals that no answer has been filed by defendants Narea, Essig and Artale. Each of these officers was properly served at the service address provided to plaintiff by defense counsel. *See* Docket Entry nos. 20, 25, and 29. After repeated requests from the undersigned, defense counsel ultimately offered to attempt to resolve representational decisions as to Narea and Essig by March 21, 2016 and answer by March 28, 2016. Defendants insist that Artale be served again. This proposal is unacceptable to plaintiff because discovery closes on April 18, 2016 and, more importantly, defendants are relying on the failure of the officers to answer the complaint in their refusal to provide relevant discovery. Under such circumstances, plaintiff respectfully requests that defendants be directed to file their overdue responses to the complaint forthwith.

Lastly, plaintiff recently learned that defendant Rubin was served at the wrong precinct. The 90-day deadline for service of this defendant has just elapsed, and plaintiff requests a brief 10-day extension of time to re-serve this defendant pursuant to Rule 4(m). Defendants do not object to this request.

Honorable Marilyn D. Go
Mar. 8, 2016

      In light of the foregoing, plaintiff respectfully requests an order: 1) pursuant to Fed. R. Civ. P. 37(a)(1)(B)(iii)-(iv) compelling defendants to produce outstanding items of discovery by a date certain; 2) unsealing, pursuant to a protective order and for the purposes of this litigation only, the police and prosecution paperwork related to plaintiff's co-defendant; 3) instructing defaulted officers to file a responsive pleading by a date certain; and 4) granting plaintiff a brief extension of time to serve defendant Rubin pursuant to Rule 4(m).

      Thank you for your consideration of this request.

                                                     Respectfully submitted,

                                                   Baree N. Fett

Encl.

cc:    Amatullah Booth, Esq.