

**ZACHARY W. CARTER**
*Corporation Counsel*

# THE CITY OF NEW YORK
## LAW DEPARTMENT
100 CHURCH STREET
NEW YORK, NY 10007

**AMATULLAH K. BOOTH**
*Senior Counsel*
phone: (212) 356-3534
fax: (212) 356-3509
email: abooth@law.nyc.gov

March 14, 2016

VIA US MAIL & EMAIL
Harvis & Fett
Baree Fett, Esq.
305 Broadway, 14th Floor
New York, NY 10007

      Re:  Hector Cordero v. City of New York, et al.,
           No. 15-CV-3436 (JBW) (MDG)

To whom it may concern:

      I am a Senior Counsel in the Office of Zachary W. Carter, Corporation Counsel of the City of New York, and the attorney assigned to the above-referenced matter, writing on behalf of defendants City of New York ("City"), Lieutenant Moran, Officer Hugasian, Officer Palminteri and Officer Reyes (collectively, "defendants"). I submit this letter in response to Plaintiff's motion to compel Defendants to produce discovery, which was served on Defendants on March 10, 2016.

      Plaintiff filed a complaint in the above referenced matter on June 12, 2015. However, Defendants were not properly served with Plaintiff's complaint, until July 1, 2015. Furthermore, Plaintiff's July 1, 2015 service of the complaint, failed to include an executed 160.50 release of the Plaintiff. Ultimately, Plaintiff's 160.50 release was served on the Defendants, on July 21, 2015, nearly forty days after the filing of Plaintiff's complaint.

      On or about October 14, 2015, an initial conference was held by this Court, concerning this action. Defendants personally served Plaintiff their initial disclosures, immediately following the initial conference. The Defendants and Plaintiff both served their discovery demands on October 21, 2015. Defendants' served their response to Plaintiff's discovery demands on December 7, 2015. Plaintiff's response to Defendants' discovery demands were not received until December 14, 2015, although the Plaintiff attempts to imply that Defendants' response was overdue. Plaintiff also asserts that Defendants only served

supplemental disclosures one week prior to Plaintiff's filing of the instant motion. However, Plaintiff failed to acknowledge and inform the Court of Defendants' supplemental disclosures served on November 27, 2015 as well as March 4, 2016.

Plaintiff's counsel served Defendants with a deficiency letter on February 10, 2016. Ms. Fett's letter and follow-up emails pertaining to the dispute, primarily consisted of demands for documents that the Defendants previously produced, several months prior, in their October 14, 2015 Initial Disclosures and November 27, 2015 Supplemental Disclosures. Despite the fact that this issue was brought to the attention of Ms. Fett, she continued to demand previously produced discovery, in both her subsequent email demands and in her instant motion to compel.

Despite Defendants' service of numerous detailed objections to Plaintiff's discovery demands, Plaintiff failed to even good-faith attempt to address Defendant's objections. Plaintiff even accuses Defendants of failing to operate in good faith in addressing the aforementioned discovery disputes. However, in an email received from the Plaintiff on March 7, 2016 at 4:50 pm, Plaintiff stated "thanks again for working with us so diligently to finalize the meet and confer process on our disputes." Additionally, the only documents annexed to Plaintiff's motion pertain to her dispute without reference to any related communications between the parties nor any specific reference to acts of Defendants that she alleges were made in bad faith. This does not do justice to the effort that Defendants have exerted, with a good-faith effort, to cooperate and resolve this apparent dispute. A full and fair record must include not only Plaintiff's deficiency letter, but also reference (1) Defendants' lengthy responses to Plaintiff's demands, from February 22, 2016 through March 8, 2016, the day Plaintiff's motion was filed in this action, (2) Defendants' discovery demands and (3) Defendants' deficiency letters and emails that were communicated to the Plaintiff. Defendants believe that a full and fair review of the party's communications amply demonstrate the efforts that have been undertaken by Defendants, to cooperate with Plaintiff's counsel in this matter and the ongoing refusal or inability of Plaintiff's counsel to conduct discovery in good faith. Moreover, Plaintiff's counsel attaches lengthy written responses that have been provided to the discovery she propounded, but fails to inform the Court that Defendants simultaneously served nearly 189 pages of documents, including all of the documents that are likely to exist with respect to the plaintiff's arrests, and also supplemented their Initial Disclosures to identify the names of additional potential officer witness that were identified in the tactical plan, associated with Plaintiff's arrest.

Lastly, Defendants served Plaintiff with their deficiency letter, pertaining to Plaintiff's outstanding discovery, all of which are documents and information that is clearly required to be produce to the Defendants, pursuant to the Federal Rules. Furthermore, as a result of the many unresolved discovery disputes between the parties, including numerous documents and information that continue to remain outstanding from the Plaintiff, Defendants suggested that the parties submit a joint motion concerning these issues, for ease of the Court's review. Plaintiff repeatedly refused and thereafter filed the instant motion.[1] As a result of Plaintiff's actions, Defendants are now forced to submit a separate motion to compel this week, to allow the Court to *separately* resolve their discovery disputes.

---

[1] Defendants repeatedly requested that the parties serve a joint motion, to address the disputes, during multiple phone conversations and multiple emails, including emails sent on March 4, 2016 and March 7, 2016.

2

## DOCUMENTS PLAINTIFF CONTENDS ARE OUTSTANDING

Plaintiff has requested this court to order production of a number of items, by the Defendants. A wealth of documents the Plaintiff has alleged to be outstanding, have been previously produced to the Plaintiff, by the Defendants, or fail to exist, with an exception of essentially two (2) items that the Defendants previously requested and are awaiting receipt.

Plaintiff's paragraph (iii) demands production of a "Precinct Prisoner Roster," however upon information and belief, no such log exists with this title. Defendants did previously produce the *NYPD Command Log*, on November 27, 2015, bearing Bates Numbers **DEF 32-63** and the *NYPD Roll Call* associated with the arrest at issue, bearing Bates Numbers **DEF 64-65**, which relate to the information demanded.

Plaintiff's paragraph (v) demands production of a "Central Booking Prisoner Roster." Upon information and belief, Defendants do not believe a document bearing this title exists. Defendants did previously produce on October 14, 2015, the *Court Section Detention Pen Log*, bearing Bates Numbers **DEF 14 – 15**, which relates to the information demanded.

Plaintiff's paragraph (vi) demands production of a "Dismissal Memo." Defendants previously produced the *Certificate of Disposition* to Plaintiff, on October 14, 2015, bearing Bates Number **DEF 26**.

Plaintiff's paragraph (i) demands production of the "Memobooks of defendants Palminteri, Artale, Rubin, Essig, Reyes and Narea." Defendants previously produced the memooks of defendants Officer Hugassian and Moran on October 14, 2015, bearing Bates Numbers **DEF 1-4**. Defendants also repeatedly requested the memobooks of Officers Palminteri and Reyes, and continue to wait on their receipt. This information was communicated to the Plaintiff, prior to its filing of the instant motion. Furthermore, Officers Artale, Rubin, Essig and Narea are not currently represented by the City. Additionally, the Plaintiff failed to properly serve Officers Artale and Rubin. Therefore, these officers are not parties to this action.[2]

Plaintiff's paragraph (ii) demands "Scratch Copy of Arrest and Complaint Reports." Defendant previously informed Plaintiff, prior to its filing of the instant motion that these documents do not exist. Plaintiff acknowledged this information on various occasions but continues to make this demand.[3]

Plaintiff's paragraph (iv) demands "Arrest Evidence, for Inspection and Analysis." Plaintiff fist made this demand on February 23, 2016 at 7:04 pm. Plaintiff requested Defendants response to this demand be communicated no later than March 4, 2016. On March 2, 2016, Defendants responded to this demand and informed Plaintiff, in substance, that the evidence recovered in this action is likely sealed, therefore preventing Defendants' access, due to Plaintiff's failure to execute and provide Defendants with a full release in this action. Defendants agreed to attempt to preserve the property, take Plaintiff's request under advisement and make

---

[2] Plaintiff recently conceded that Officer Rubin was *not* properly served, which is indicated in their request to the Court, for an extension of time to serve this officer.

3

the necessary arrangements for inspection, should it be possible. Defendant stressed that without Defendants' receipt of Plaintiff's executed full release, we may be unable to accommodate this request. Defendants find Plaintiff's motion to compel this evidence to be premature, since Plaintiff has yet to provide Defendants with the original executed blanket 160.50 release that was demanded.

Plaintiff's paragraph (vi) demands the production of the DA file and ECAB case intake memo, which is also included in the DA file. Defendants previously communicated to the Plaintiff that Defendants repeatedly requested these documents from the DA's office, which communicated that they were experiencing issues locating the file. Defendants made an additional request to the DA's Office, for these documents, and currently wait on their receipt.

Plaintiff's paragraph (vii) also demands the production of "Records of Overtime Requests." Defendants object to this demand, in that it is irrelevant, not proportional to the Plaintiff's claims and defenses and constitutes and unwarranted envision, into the defendants' privacy. Furthermore, Plaintiff failed to provide any reasonable basis for its production or relevancy, only referring to a prior complaint pertaining to overtime, regarding one of the officers. Plaintiff initially made this demand for overtime records in a letter dated February 8, 2016, prior to Plaintiff's receipt of the defendant officers' performance files and disciplinary records, which were served on March 4, 2016. Plaintiff's sole basis for the production of this information at that time, was solely based on information that Plaintiff's counsel previously received, while litigating an unrelated § 1983 action, involving some of the same defendant officers. The information Plaintiff relied on as her basis for production of this information, was privileged and in violation of a confidentiality agreement order, issued in a prior unrelated action. Plaintiff now asserts that her request is based on that fact that the officers worked overtime on the day of the incident at issue. Defendants contend that this argument is purely speculative and ignores the fact that the defendant officers had—at the very least—qualified immunity to arrest the Plaintiff. As a result of the speculative and questionable nature of this request, Defendants respectfully submit that they should not be compelled to produce the records sought.

## PLAINTIFF'S REQUEST FOR AN IN-CAMERA REVIEW OF REDACTIONS APPLIED TO OFFICER DISCIPLINE AND PERFORMANCE RECORDS

Plaintiff seeks an in-camera review of the redacted information, Defendants applied to the defendant officer's disciplinary and performance evaluations. On March 7, 2016, Defendants served Plaintiff with a *comprehensive* privilege log, detailing the category of information that was redacted in these documents. This log also addressed redactions of all prior documents, produced by the Defendants in this action. Plaintiff is fully capable of adequately reviewing and evaluating Defendants' redactions, based on the privilege log provided by the Defendants.

## PLAINTIFF'S REQUEST FOR OPEN AND POST-DATED COMPLAINTS OF THE DEFENDANT OFFICERS

Plaintiff demands production of open and post-dated complaints, pertaining to the defendant officers. Defendants object to this demand. This information is not relevant to Plaintiff's claims and defenses. This information is also not proportional to the needs of Plaintiff's claims or defenses and would cause Defendants undue burden to locate and produce this information. Decisions in the Second Circuit, applying the 2015 revised Fed. Rules, have held in substance that, if evidence is not relevant, then it is also likely <u>not</u> proportional to the case.

## CLOSING REPORTS AND UNDERLYING FILES RELATING TO DEFENDANT OFFICER COMPLAINTS

Defendants object to the production of the closing reports and underlying files of complaints that are not associated the arrest at issue. This request is not relevant and not proportional to the Plaintiff's claims and defenses. Furthermore, pursuant to a decision from the Eastern District, which found, in substance that underlying complaint files pertaining to complaints that do not relate to the incident at issue, are not relevant to a party's claims and defenses, therefore precluding them from production.[4]

## INFORMATION PERTAINING TO THE SEALED CO-DEFENDANT AND HIS ARREST

Plaintiff additionally requests the New York City Police Department ("NYPD") records and arrest reports concerning plaintiff's co-arrestee. The NYPD documents that plaintiff has requested are sealed pursuant to N.Y. CRIM. PROC. LAW § 160.50. N.Y. CRIM. PROC. LAW § 160.50 provides, in relevant part:

> Upon termination of a criminal action or proceeding against a person in favor of such a person . . . all official records and papers . . . relating to the arrest or prosecution [shall be sealed, and shall not be] made available to any person or public or private agency . . . but only to the person accused or to such person's designated agent.

Plaintiff argues in substance that defendants should be required to produce the police and arrest reports of plaintiff's co-arrestee as well as his/her name, regardless whether they are sealed. However, Defendants cannot produce sealed records without an order from a court.[5] "The purpose of the provision is to ensure 'that one who is charged but not convicted of an offense suffers no stigma as a result of his having once been the object of an sustained accusation.'" <u>Crosby v. City of New York</u>, 269 F.R.D. 267, 274 (S.D.N.Y. 2010) (quoting <u>MacNamara v. City of New York</u>, No. 04 Civ. 9612, 2006 U.S. Dist. LEXIS 82926, at *1 n.1 (S.D.N.Y. Nov. 13, 2006)). The fact that plaintiff's counsel is aware of the names of several of plaintiff's co-arrestee does not remove the protections of N.Y. CRIM. PROC. LAW § 160.50. Nor does it provide a basis for defendants to disregard N.Y. CRIM. PROC. LAW § 160.50.

---

[4] See <u>Forte v. Famiano, et al.</u>, No. 15-CV-3302 (FB) (JO), Trans. of Civil Cause for Status Conf. Before the Hon. James Orenstein, U.S. Magistrate Judge 3:1-8:13 Dec. 4, 2015, at ECF No. 29 (E.D.N.Y. Dec. 16, 2015).
[5] N.Y. CRIM. PROC. LAW § 160.50 and the Privacy Act of 1974.

5

Furthermore, Defendants offered to provide Plaintiff with information pertaining to the co-defendant, pursuant to attorney's eyes only, prior to the filing of their motion. Plaintiff refused. Plaintiff certainly does not require this information to pursue its action. The co-defendant is not the basis of the defendants' probable cause in this action. Therefore any assistance his/her identity could provide is purely speculative. This information is not proportional to the Plaintiff's claims or defenses. Defendants ask the court to deny Plaintiff's unsealing request.

**OFFICER NAREA, ESSIG AND ARTALE'S RESPONSE TO PLAINTIFF'S COMPLAIT**

Plaintiff requests an order instructing Officer Narea, Essig and Artale to file a responsive pleading in this action. On March 4, 2016, March 7, 2016 and during various calls with the Plaintiff, Defendant requested time to obtain representation of the officers and provide an answer on their behalf. Defendants specifically requested to have until March 21, 2016 to make a representation decision and March 28, 2016, to submit an answer on the defendant officers' behalf. Furthermore, Defendants repeatedly attempted to resolve the issue relating to Officer Artale, by requesting the plaintiff to properly serve him. The officer and the NYPD Legal Bureau, both confirmed that this officer was never properly served. The Plaintiff refused.

Based on the foregoing, Defendants respectfully request that this Court deny Plaintiff's motion in its entirety.

Thank you for your consideration herein.

Respectfully submitted,

/s/

AMATULLAH K. BOOTH
Senior Counsel
Special Federal Litigation Division