United States District Court
Eastern District of New York

**MINUTE ORDER**
**15cv3436 (JBW)(MDG) Cordero v. City of New York, et al.,**

This order summarizes rulings made on the record during a conference held on March 25, 2016. Plaintiff's [31] motion to compel is granted in large part as discussed below.

1. Memo books of defendant officers. Defendants Palminteri and Reyes must produce their memo books by 4/8/16 and defendants Artale, Rubin, Essig, and Narea must produce their books by 4/15/16.

2. Scratch copy of arrest and complaint reports. The City must provide an affidavit from a person with knowledge explaining the absence of such a document with respect to plaintiff's arrest.

3. Prisoner Roster from the Precinct and from Central Booking. If plaintiff provides an exemplar to defendants and the Court of a precinct prisoner roster and/or Central Booking roster, defendants must provide an affidavit from a person with knowledge explaining the absence of such a roster for the times pertinent to plaintiff's arrest.

   If the documents produced by defendants in lieu of rosters are not sufficient to identify the prisoners held at relevant times at the precinct and/or Central Booking, plaintiff is granted leave to propound narrow interrogatories to request the names of the prisoners held during the relevant time period, even if the interrogatories exceed the presumptive limit under the Federal Rules.

4. Arrest Evidence. The parties should confer and promptly arrange for the inspection of the arrest evidence.

5. DA's file. Defendants must file a status report by 4/1/16 as to when the DA's file will be produced. If the records cannot be promptly produced, the parties should submit an appropriate subpoena for the Court to "so order."

6. Overtime records of the defendant officers. Defendants must produce the records for the tour that included plaintiff's arrest.

7. Disciplinary records. Defendants must produce by 4/29/16 complete unredacted IAB, CPI and CCRB summaries

regardless of whether they post-date plaintiff's arrest or involve open investigations. See Chillemi v. Town of South Hampton, 2015 WL 5838724, at *8-*9 (E.D.N.Y. 2015); Bell v. City of N.Y., 2015 WL 5437306, at *2 (E.D.N.Y. 2015); Daniels v. City of N.Y., 2014 WL 325934, at *1-*2 (S.D.N.Y. 2014). Defendants must produce the underlying files for complaints/charges concerning conduct similar to that alleged in the complaint pre-dating the incident giving rise to the claims in this action, without prejudice to plaintiff seeking files for other complaints/charges after review of the unredacted summaries.

8. Disclosure of co-defendant's identity and arrest and prosecution records. Defendants must produce this information for attorney's eyes only. See Brown v. City of New York, 2011 WL 4594276, at *3 (E.D.N.Y. 2011)

9. Service. Plaintiff's time to serve defendant Rubin is extended, on consent. Defendants agree not to contest service on Artale.

Insofar as this Court did not set a specific date at the hearing for production of the additional responses, responses are due April 8, 2015.

**SO ORDERED.**

Dated:   Brooklyn, New York
         March 25, 2015

                                          /s/_____
                                          MARILYN D. GO
                                          UNITED STATES MAGISTRATE JUDGE