

**GABRIEL P. HARVIS
BAREE N. FETT**

April 11, 2016

BY ECF
Honorable Marilyn D. Go
United States Magistrate Judge
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11211

    Re:    *Cordero v City of New York, et al.*, 15 CV 3436 (JBW) (MDG)

Your Honor:

    I represent plaintiff in the above-referenced civil rights action. I write pursuant to Fed. R. Civ. P. 37(b)(2)(A) and 37(a)(4) to respectfully request that defendants be ordered to comply with the Court's prior discovery order dated March 25, 2016. *See* ECF no. 36.

    In its March 25th order, the Court set deadlines for the production of certain categories of material. Where no deadline was specifically set, the Court ordered that the material was due on April 8, 2015. As set forth below, as to the following categories of information, defendants have either failed to produce the material or produced incomplete disclosures.

### Memo Books

    In response to the Court's March 25th order (at ¶ 1) that memo books of the defendants be produced, defendants provided photocopies with all but the opening lines of each memo book redacted. *See* Def190-203, annexed hereto as Exhibit 1. The redacted portions of the memo books are directly relevant to plaintiff's claims, as these officers are alleged to have witnessed plaintiff's criminal conduct and to have participated in his arrest. If the defendants did not record these events in their memo book as required by the patrol guide, or if the entries indicate that defendants were

elsewhere or otherwise occupied at the time of plaintiff's arrest, it will be highly probative of plaintiff's false arrest claims. The chronology of the officers' tours will also guide plaintiff's depositions of them. As indicated to defense counsel, plaintiff certainly consents to the redaction of non-party pedigree information (with the exception of the co-defendant, whose records have been ordered produced at ¶ 8), but respectfully request that the material is otherwise highly relevant, discoverable and subject to this Court's prior order. Therefore, plaintiff requests that defendants be ordered to immediately reproduce Exhibit 1 in unredacted form.

### Co-Defendant's Pedigree Information, and Arrest and Prosecution Documents

The March 25th order (at ¶ 8) required defendants to produce "co-defendant's identity and arrest and prosecution records" by April 8, 2016. To date, defendants have produced only the individual's name, which is common, and have failed to produce any of the co-defendant's arrest or prosecution records, except for a previously produced command log entry, in which all of the pedigree information was redacted. The purpose of plaintiff's application for access to the co-defendant's information, and of the Court's order that the material be produced, is so that plaintiff can locate this witness and review the paperwork in connection with his arrest. Defendants' production has made this impossible. Thus, plaintiff respectfully requests, in accordance with the Court's March 25th order, that defendants be required to immediately produce the co-defendant's full pedigree information, including date of birth and last known address (the material has already been designated attorney's-eyes-only), along with the NYPD, DA and criminal court paperwork associated with the arrest.

### Affidavit Regarding Scratch Copies

At ¶ 2 of the Court's March 25th order, defendants were required to provide an affidavit explaining the absence of scratch copies in this case by April 8th. No such document has been produced as of this writing. Accordingly, plaintiff respectfully requests that defendants be required to produce this document immediately.

### Overtime Records

The Court ordered defendants to produce overtime records for the tour including plaintiff's arrest by April 8th at ¶ 6 of the March 25th order. As of this writing, no documents have been produced. Accordingly, plaintiff respectfully

requests that defendants be required to produce this documentation immediately.

## Date Certain for Inspection

In its order, at ¶ 4, the Court instructed the parties to confer and "promptly" arrange for inspection of the arrest evidence. By email dated March 28, 2016, the undersigned provided three proposed dates for the inspection. Defense counsel never responded. Then, by email dated April 5, 2016, the undersigned provided an additional proposed date. Defense counsel first communicated with the undersigned regarding the inspection on April 6, 2016, explaining that she was unavailable that week and the following week. This morning defendants proposed a possible inspection of the material during the week of April 25, 2016. Plaintiff respectfully notes that defendants' proposal is outside of the current discovery schedule and contravenes the Court's order regarding a prompt arrangement for the inspection. Plaintiff respectfully requests that the Court set a deadline for defendants to agree to a date certain within the current discovery schedule for the inspection to take place.

## Precinct Prisoner Roster

As instructed by the Court in its March 25th order (at ¶ 3), plaintiff located an exemplar of a prisoner roster. As explained to defendants, the roster at issue was produced by defense counsel's office pursuant to a confidentiality stipulation in the matter *Cortes v. City of New York*, 14 CV 3014 (SLT) (RML) at Bates Stamp nos. Def176-179. Plaintiff requested that defense counsel confer with her colleague Elissa Jacobs, Esq., who is defending the *Cortes* matter, to review the document and either produce the roster in this case based on that exemplar or produce an affidavit of nonexistence as required by the Court.[1] Defense counsel has rejected plaintiff's proposal and insists that plaintiff provide exemplar notwithstanding the confidentiality issue. Plaintiff respectfully requests that defendants' objection be overruled, and that plaintiff's burden be deemed met with respect to the Precinct Prisoner Roster. Plaintiff notes that he is continuing to search for an exemplar of the Central Booking Roster.

---

[1] Plaintiff's counsel spoke to Ms. Jacobs and went so far as to request that the *Cortes* defendants exempt a completely redacted page of the Bates range from confidentiality for the purposes of complying with the Court's exemplar provision. Ms. Jacobs declined to waive confidentiality but indicated a willingness to provide the document to Ms. Booth for the reference purposes described in the Court's order.

Honorable Marilyn D. Go
April 11, 2016

    Thank you for your consideration of this request.

                                          Respectfully submitted,

                                          Baree N. Fett

Encl.

cc:    Amatullah Booth, Esq.