

ZACHARY W. CARTER
*Corporation Counsel*

THE CITY OF NEW YORK

# LAW DEPARTMENT
100 CHURCH STREET
NEW YORK, NY 10007

AMATULLAH K. BOOTH
phone: (212) 356-3534
fax: (212) 356-3509
abooth@law.nyc.gov

May 2, 2016

**<u>VIA ECF</u>**
Honorable Marilyn D. Go
United States Magistrate Judge
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York  11201

Re:     Hector Cordero v. City of New York, et. al.
        <u>15 CV 3436 (WJB) (MDG)</u>

Your Honor:

I am a  Senior Counsel in the Special Federal Litigation Division of the New York City Law Department, and am assigned to represent defendants City of New York, Lieutenant Moran and Officers Hugasian, Palminteri, Narea, Essig, Reyes, Rubin and Artale (collectively, "Defendants"), in the above-referenced action.  I write with the *initial* consent of plaintiff's counsel, to respectfully request that the Court enlarge the time within which Defendants may produce the discovery in connection with the April 29, 2016 inspection, from today, May 2, 2016 to and including May 4, 2016. This is Defendant's first request for an extension of time to produce the discovery in connection with the April 29, 2016 inspection.

By way of background, on or about March 25, 2016, this Court held a conference in this matter. During that conference, Plaintiff requested various underlying disciplinary files, pertaining to the defendant officers. Your Honor ordered Defendants to produce to the Plaintiff, the unredacted disciplinary summaries pertaining to the officers, and further ordered Plaintiff to tab the incidents, for which they sought the underlying file. Your honor also ordered Plaintiff to submit arguments for the underlying files, for the tabbed incidents they sought.

On April 29, 2016, Defendants produced all outstanding discovery in this action, pursuant to Your Honor's order. Plaintiff inspected the files and tabbed a total of (63) sixty-three incidents, from a total of only (154) one hundred fifty-four incidents. The incidents Plaintiff

tabbed primarily consisted of unsubstantiated incidents, containing allegations that were not similar or related to Plaintiff's claims. The tabbed incidents also include extremely old incidents, some dating back to more than ten years prior.

At the conclusion of the April 29, 2016 inspection of evidence, at which another Assistant Corporation Counsel and I were present, I explained to Mr. Harvis that I did not expect him to tab such a large amount of incidents, within the disciplinary summaries. I reminded Mr. Harvis of Your Honor's direction and order from April 28, 2016, specifically directing Plaintiff to avoid tabbing incidents that are not proportional to the case, and Your Honor's specific reference to the incident that occurred over five years prior to the incident in the present matter. I pointed out to Plaintiff that he not only selected various incidents that far exceeded five years but also tabbed the same specific incident that Your Honor directed Plaintiff to avoid tabbing. I explained to Mr. Harvis that I would have to seek an in-camera inspection of the disciplinary records, since the amount of tabbed incidents, would essentially require Defendants to turn over the majority of the information contained in the unredacted disciplinary summaries of the officers. At that point, Mr. Harvis then suggested that I take additional time to review the discovery. Mr. Harvis also specifically suggested an extension of Wednesday, May 4th for Defendants to review the evidence, to allow the parties time to further discuss the issues, with the hopes of possibly reaching a resolution. Mr. Harvis also mentioned that he feared that seeking intervention from the Court at that juncture would upset Your Honor. I agreed to the extension and informed Plaintiff that I would seek the Court's permission to extend the deadline to Wednesday, May 4th, upon consent of Plaintiff. Mr. Harvis again consented to the extension. I also offered to provide Plaintiff with the non-disciplinary items on Monday as planned and Mr. Harvis stated that there was no need to, and consented to receiving all inspected discovery by Wednesday, May 4th. However, today, at 8:09 p.m., Mr. Harvis for the first time, retracted his consent and has now proceeded to claim that he never consented to the extension, despite the presence of my colleague for the parties' conversation and agreement as memorialized above. I find it troubling that despite the parties' mutual understanding at the discovery inspection that plaintiff consented to an extension until May 4th for defendants to produce the disciplinary summaries, Mr. Harvis has now decided to withdraw his consent at the last moment, which is extremely prejudicial to Defendants, given the voluminous records requests by Plaintiff.

As a result of the voluminous amount of incidents tabbed by Plaintiff during the inspection, the majority of which are simply irrelevant, due to age, claims, unsubstantiation, or a combination thereof, Defendants require additional time to review and assess the tabbed incidents and redact all unrelated incidents, for the purposes of production.

It is clear from Plaintiff's actions on April 29, 2016 that he engaged in a fishing expedition, in an attempt to obtain every underlying file, including files relating to claims that were completely unproportional to his client's claims and defenses, and many that were simply, completely irrelevant.

Furthermore, as a result of the astronomical amount of tabbed incidents, Defendants seek the Court's in-camera inspection and review of the 63 incidents tabbed. These files and summaries contain sensitive information concerning the defendant officers, as well as

non-party officers, non-party complainants and witnesses, and should not be disclosed to allow the Plaintiff to engage in an unwarranted, baseless search for information in this action. I am confident that the Court will share Defendants' opinion, concerning Defendants' characterization of Plaintiff's actions, during the April 29, 2016 inspection, and find that it was without good-faith and contrary to the Court's order.

Lastly, Defendants request clarification of Your Honor's order issued on April 28, 2016. In Your Honor's April 28, 2016 order, Defendants were ordered to produce the underlying files of the tabbed incidents, within thirty days of Plaintiff's request. Defendants recall Your Honor's initial March 25, 2016 order, first involving the Court's review of the requested incidents, prior to Defendant's production of the disciplinary records. Defendants seek clarification from the Court, concerning the procedure of which Defendants should adhere to, as it relates to the production of the disciplinary files.

For all these reasons, the Defendants respectfully request that their time to produce the inspected disciplinary summaries be enlarged to and include May 4, 2016. Defendants further request an in-camera inspection of the approximate 63 tabbed incident summaries, prior to Defendants' production of either the related summaries or the underlying files, and clarification of Your Honor's March 25th and April 28th orders.

Thank you for your consideration herein.

Respectfully submitted,

/s/

_____
AMATULLAH K. BOOTH
Senior Counsel
Special Federal Litigation Div.

Encl.

cc:   Baree Fett, Esq.
      Gabriel Harvis, Esq.
      *Counsel for Plaintiff*
      (*via ECF*)