15 CV 3436 (JBW)(MDG)

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

HECTOR CORDERO,

                                                       Plaintiff,

-against-

CITY OF NEW YORK, Police Officer HUGO HUGASIAN, Shield No. 10228; Lieutenant CHRISTOPHER MORAN; Police Officer PAUL PALMINTERI, Shield No. 18460; Police Officer MARCO ARTALE, Shield No. 25158; Police Officer PETER RUBIN, Shield No. 00934; Police Officer JOHN ESSIG, Shield No. 08667; Officer LYNETTE REYES, Shield No. 26626; Police Officer RAUL NAREA, Shield No. 07493; JOHN and JANE DOE 1 through 10, individually and in their official capacities (the names John and Jane Doe being fictitious, as the true names are presently unknown),

                                                     Defendants.

**DEFENDANTS' MEMORANDUM OF LAW IN OPPOSITION TO PLAINTIFF'S MOTION FOR RECONSIDERATION**

*ZACHARY W. CARTER*
Corporation Counsel of the City of New York
Attorney for Defendants

100 Church Street
New York, N.Y. 10007

*Of Counsel Amatullah Booth*
*Tel: (212) 356-3534*
*Matter No. 2015-030294*

## **TABLE OF CONTENTS**

PRELIMINARY STATEMENT ................................................................................................ 1

RELEVANT PROCEDURAL HISTORY .................................................................................. 2

STANDARD OF REVIEW: RECONSIDERATION ................................................................. 4

ARGUMENT ................................................................................................................................ 5

    I.    PLAINTIFF'S MOTION SHOULD BE DENIED FOR FAILURE TO EITHER IDENTIFY ANY MATERIAL OVERLOOKED MATTER, PRESENT ANY INTERVENING CONTRADICTORY CONTROLLING LAW, OR ESTABLISH ANY CLEAR ERROR IN THE COURT'S ORIGINAL DECISION OR RESULTING INJUSTICE
............................................................................................................................... 5

CONCLUSION ............................................................................................................................. 9

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------------ x

HECTOR CORDERO,

                                                                           Plaintiff,

-against-

CITY OF NEW YORK, Police Officer HUGO HUGASIAN, Shield No. 10228; Lieutenant CHRISTOPHER MORAN; Police Officer PAUL PALMINTERI, Shield No. 18460; Police Officer MARCO ARTALE, Shield No. 25158; Police Officer PETER RUBIN, Shield No. 00934; Police Officer JOHN ESSIG, Shield No. 08667; Officer LYNETTE REYES, Shield No. 26626; Police Officer RAUL NAREA, Shield No. 07493; JOHN and JANE DOE 1 through 10, individually and in their official capacities (the names John and Jane Doe being fictitious, as the true names are presently unknown),

                                                                         Defendants.

------------------------------------------------------------------------ x

**DEFENDANTS' MEMORANDUM OF LAW IN OPPOSITION TO PLAINTIFF'S MOTION FOR RECONSIDERATION**

15 Civ. 3436 (JBW)(MDG)

## PRELIMINARY STATEMENT

Defendants CITY OF NEW YORK ("City"), OFFICER HUGO HUGGAIAN, LIEUTENANT CHRISTOPHER MORAN, OFFICER PAUL PALMINTERI, OFFICER MARCO ARTALE, OFFICER PETER RUBIN, OFFICER JOHN ESSIG, OFFICER LYNETTE REYES and OFFICER RAUL NAREA, (hereinafter referred to collectively as "defendants") by their attorney, **ZACHARY W. CARTER**, Corporation Counsel of the City of New York, respectfully submit this memorandum of law in opposition to plaintiff's motion for partial reconsideration of the Court's Order dated April 22, 2016, granting in part and denying in part defendants' motion to compel authorizations for plaintiff's tax and employment records and information.

1

Of particular relevance to the instant motion is that the plaintiff was arrested for selling crack cocaine to his criminal co-defendant (hereinafter referred to as "co-defendant"). The plaintiff sold crack cocaine to the co-defendant while standing outside a bodega. After the defendant officers observed the drug sale between the plaintiff and co-defendant, both the plaintiff and co-defendant were placed under arrest. The co-defendant was arrested just across the street from the location of the drug sale. Similarly, the plaintiff was arrested on the same street block, where the drug sale occurred.

After plaintiff's arrest, the defendants recovered a large sum of money from plaintiff's person. Specifically, $584 dollars in mixed bills was found in plaintiff's possession. The money found on the plaintiff was vouchered as arrest *evidence,* corroborating plaintiff's arrest for criminal sale crack cocaine, a controlled substance. The co-defendant plead guilty to the charges of his arrest, stemming from his role in the drug transaction with the plaintiff.

For the reasons set-forth in both the defendants' initial motion to compel[1] and defendants' instant opposition to plaintiff's motion to reconsider, defendants submit that plaintiff's motion for partial reconsideration of the Court's decision, which ordered plaintiff to produce authorizations for his tax and employment records should be denied and request that the Court affirm its April 22, 2016 Order granting defendants' motion to compel plaintiff's production of authorizations for his 2014 tax and employment records.

## **PROCEDURAL HISTORY**

The parties fully briefed the underlying issue concerning the production of plaintiff's tax and employment information that relates to portion of the Court's decision, contested by the plaintiff. On or about April 11, 2016, plaintiff filed a motion to compel,

---

[1] See Defendants' Motion, pursuant to docket entry number 39.

pursuant to docket entry number 38. The same day, the Court ordered defendants to respond to plaintiff's motion by April 15, 2016 and scheduled a phone conference for April 20, 2016, to discuss the contested discovery issues. On or about April 18, 2016, defendants filed both a reply to plaintiff's motion and its own motion to compel discovery from the plaintiff, pursuant to docket entry number 39.

On or about April 18, 2016, the parties called the Court's chambers to address a scheduling issue pertaining to the fact that two phone conferences were scheduled in this action for April 20, 2016, at different time. During the call, the Court's staff asked Ms. Baree Fett, counsel to plaintiff, if she intended to respond to defendant's motion to compel and also inquired as to whether she needed additional time to submit a response. Ms. Fett indicated that she did not need additional time to respond and agreed to submit her response, prior to the April 20, 2016 phone conference.

On or about April 19, 2016, plaintiff submitted an "opposition to defendants' motion to compel," pursuant to docket entry number 40, which specifically referenced defendants' motion to compel, submitted under docket entry number 39. On April 22, 2016, the Court ordered plaintiff to produced authorizations for his 2014 federal and state tax returns, as well as his 2014 employment records, pursuant to docket entry number 42, following extensive motion practice and lengthy oral arguments regarding the issues.

During the motion practice and extensive oral arguments conducted in this action, plaintiff failed to successfully establish any basis to preclude the production of plaintiff's tax and employment information. Defendants successfully established that the information sought, was relevant and highly probative in this action, in that this information directly relates to both; (1) the defense alleged by plaintiff in his complaints, and (2) the evidence corroborating the

criminal charges that plaintiff now disputes, concerning the drug sale he engaged in with the co-defendant.

## STANDARD OF REVIEW: RECONSIDERATION

"Reconsideration of a court's previous order is an "extraordinary remedy to be employed sparingly in the interests of finality and conservation of scarce judicial resources." Grand Crossing, L.P. v. United States Underwriters Ins. Co., 03 Civ. 5429 (RJS), 2008 U.S. Dist. LEXIS 80833, at *7 (S.D.N.Y. Oct. 3, 2008) (quoting Parrish v. Sollecito, 253 F. Supp. 2d 713, 715 (S.D.N.Y. 2003)) (internal quotations omitted). Motions for reconsideration are governed by Local Rule 6.3, which requires that "notice of motion for reconsideration or re-argument of a court order determining a motion shall be served within fourteen (14) days after the entry of the Court's determination of the original motion." Id. To prevail under Local Rule 6.3, the moving party must "set forth concisely the matters or controlling decisions which counsel believes the court has overlooked." SR Int'l Bus. Ins. Co. v. World Trade Ctr. Props., LLC, 407 F. Supp. 2d 587, 589 (S.D.N.Y. 2006).

In deciding a motion for reconsideration, "the court should consider: (1) whether there has been 'an intervening change of controlling law;' (2) whether there is new evidence presented that was not previously available on the original motion; and (3) whether there is a 'need to correct a clear error or prevent manifest injustice.'" Kolel Beth Yechiel Mechil of Tartikov, Inc. v. YLL Irrevocable Trust, 729 F.3d 99, 104 (2d Cir. 2013) (quoting Virgin Atl. Airways, Ltd. v. Nat'l Mediation Bd., 956 F.2d 1245, 1255 (2d Cir. 1992)). "Generally, reconsideration is not warranted where the moving party: (1) seeks to introduce additional facts not in the record on the original motion; (2) advances new arguments or issues that could have been raised on the original motion; or (3) seeks solely to re-litigate an issue already decided."

4

Colvin v. State Univ. Coll. at Farmingdale, 13-CV-3595 (SJF) (ARL), 2015 U.S. Dist. LEXIS 61181, **7-9 (E.D.N.Y. May 8, 2015) (collecting cases).

## ARGUMENT

### II. PLAINTIFF'S MOTION SHOULD BE DENIED FOR FAILURE TO EITHER IDENTIFY ANY MATERIAL OVERLOOKED MATTER, PRESENT ANY INTERVENING CONTRADICTORY CONTROLLING LAW, OR ESTABLISH ANY CLEAR ERROR IN THE COURT'S ORIGINAL DECISION OR RESULTING INJUSTICE

Plaintiff's motion for reconsideration should be denied as he fails to satisfy his burden of establishing and setting "forth concisely the matters or controlling decisions which counsel believes the court has overlooked," but rather seeks to re-litigate issues that have already been decided and advance the same arguments that were raised and failed, during the original motion. A motion for reconsideration "is not a substitute for appeal and may be granted only where the Court has overlooked matters or controlling decisions which might have materially influenced the earlier decision." Grand Crossing, L.P. v. United States Underwriters Ins. Co., No. 03 Civ. 5429 (RJS), 2008 U.S. Dist. LEXIS 80833, **8-9 (S.D.N.Y. Oct. 3, 2008).

Defendants understand that although tax returns are not privileged, courts have been reluctant to order their routine disclosure in the course of discovery. See S.E.C. v. Cymaticolor Corp., 106 F.R.D. 545 (S.D.N.Y. 1985); Smith v. Bader, 83 F.R.D. 437, 438 (S.D.N.Y. 1979). "The decision to disclose the returns involves a balancing of the policy of liberal discovery against the policy of maintaining the confidentiality of tax returns." SEC v. Cymaticolor Corp., 106 F.R.D. 545, 547 (S.D.N.Y. 1985) (citation omitted). The test set forth in Smith v. Bader establishes that in order for the court to order disclosure of tax returns, two conditions must be satisfied: (1) the court must find that the returns are relevant to the subject matter of the action; and (2) there is a compelling need for the returns because the information contained in them is not otherwise readily obtainable. Bader, 83 F.R.D. at 438.

Here, the fact that the plaintiff was arrested with a large sum of money consisting of mixed bills that were found in his possession that was vouchered as *arrest evidence* corroborating his arrest crime of criminal sale of a controlled substance, supports a strong plausible inference that the money recovered consisted of proceed of his illegal drug sale or transaction.

As a result of the foregoing, plaintiff's tax returns sought by the defendants are highly relevant and probative of plaintiff's allegations of false arrest. Plaintiff claims as a defense and an alibi that he was working at the time of his arrest, which is at issue. Evidence pertaining to his income both before and after the incident are relevant for the purposes of defendants' independent analysis of plaintiff's alibi, defense, and our review of the *arrest evidence* and all other evidence associated with plaintiff's arrest. Even if the plaintiff failed to declare all of his income to the IRS, his tax returns continue to remain relevant to these issues, since that fact in and of itself, also bears on the plaintiff's credibility. Furthermore, to the extent that defendants dispute the legitimacy of the money recovered, which plaintiff claims to have earned legally from his alleged employment at the bodega, his failure to declare same to the IRS, arguably supports defendants' position that plaintiff's defense is untrustworthy and unreliable.

As to the second prong from Smith v. Bader, there is certainly a compelling need for the returns, because the information contained in them is not otherwise readily obtainable by the Defendants. Here, there is no other less burdensome, more convenient method for defendants to obtain the discovery sought, assuming Plaintiff does not have the tax returns requested in his possession, which appears to be the case since none have been produced.

Even if the plaintiff agreed to only provide an authorization to obtain employment records from the bodega, there is no representation or indication that the bodega can or would provide duplicative information, from that which is maintained by the IRS.  Plaintiff's motivation in this regard is particularly unclear.  There is no legally sound objection to furnishing defendants with the requested IRS releases, which can provide the parties with proof of plaintiff's employment and declared earnings.

Defendants should also be entitled to explore the viability of the plaintiff's alibi with regard to his motive and ability to engage in the acts relating to his arrest for criminal sale of a controlled substance.

In the instant motion of the plaintiff, he failed to *concisely* set forth *any* matter or controlling decision that he asserts the court has overlooked that may have *materially* influenced the Court's earlier decision. plaintiff also fails to; (1) establish any intervening change in the controlling law, (2) present any evidence in support of his position that was not available durin the submission of their original motion or (3) establish that there was any clear error in this Court's original decision or need to prevent any *manifest* injustice, which is required to support his request to have the Court reconsider and reverse its original decision.

Rather, the plaintiff merely raised factual allegations in his motion to reconsider that offer no material factual value to the Court's evaluation and analysis of the order concerning plaintiff's production of tax and employment information. Plaintiff merely advances arguments that are identical to those previously raised, prior to the entry of this Court's order. Furthermore, plaintiff's instant motion is devoid of not only any *controlling* Second Circuit decision, but also

fails to even reference a persuasive decision that directly contradicts the production of tax or employment documents, similar to those present in this action.

Accordingly, this Court ordered plaintiff to produce authorizations for his 2014 federal and state tax returns, and his 2014 employment records.

Under Local Rule 6.3, plaintiff bears the burden of demonstrating "the matters or controlling decisions which counsel believes the court has overlooked" in reaching the underlying decision. SR Int'l Bus. Ins. Co. v. World Trade Ctr. Props., LLC, 407 F. Supp. 2d 587, 589 (S.D.N.Y. 2006). Here, plaintiff has clearly failed to meet this burden. Reconsideration is not warranted when, as here, a party merely seeks to "reargue those issues already considered when a party does not like the way the original motion was resolved." In re Houbigant Inc., 914 F. Supp. 997, 1001 (S.D.N.Y. 1996). The provision for re-argument "is not designed to permit wasteful repetition of arguments already briefed, considered and decided." Woodward & Dickerson v. Kahn, 1992 U.S. Dist. LEXIS 17032, at *4 (S.D.N.Y. Nov. 6, 1992). In short, "disagreement with an opinion's outcome is not grounds for reconsideration." Sacchi v. Verizon Online LLC, 2015 U.S. Dist. LEXIS 48971, **2-3 (S.D.N.Y. Apr. 14, 2015) (citing R.F.M.A.S., Inc. v. Mimi So, 640 F. Supp. 2d 506, 512 (S.D.N.Y. 2009)).

## CONCLUSION

For the reasons set forth herein and in defendants' first original motion to compel, defendants submit that plaintiff's motion for partial reconsideration should be denied in its

entirety and the Court should affirm its April 22, 2016 Order granting defendants' motion to compel plaintiff to produce authorizations for his 2014 state and federal tax returns, as well as his 2014 employment records.

Dated:	New York, New York
	May 13, 2016

                                ZACHARY CARTER
                                Corporation Counsel of the City of New York
                                *Attorney for Defendants*
                                100 Church Street
                                New York, New York 10007
                                (212) 356-3534

By: _____/s/_____
    Amatullah K. Booth
    Senior Counsel
    Special Federal Litigation Division