

ZACHARY W. CARTER
*Corporation Counsel*

THE CITY OF NEW YORK
**LAW DEPARTMENT**
100 CHURCH STREET
NEW YORK, NY 10007

AMATULLAH K. BOOTH
*Senior Counsel*
phone: (212) 356-3534
fax: (212) 356-3509
email: abooth@law.nyc.gov

June 8, 2016

**VIA ECF**
Honorable Marilyn D. Go
United States Magistrate Judge
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

    Re: <u>Hector Cordero v. City of New York, et al.</u>,
       15-CV-3436 (JBW) (MDG)

Your Honor:

  I am a Senior Counsel in the Office of Zachary W. Carter, Corporation Counsel of the City of New York, and the attorney assigned to the above-referenced matter, writing on behalf of defendants City of New York, Lieutenant Moran and Officers Hugasian, Palminteri, Narea, Essig, Reyes, Rubin and Artale (collectively, "Defendants"). In that capacity, I submit this letter to respectfully request that this Court preclude production of various underlying disciplinary files that were requested by the plaintiff, in a letter dated May 10, 2016 but that was received by defendants on May 17, 2016 (Plaintiff's May 10, 2016 Letter, hereinafter referred to as "Pl.'s Ltr," annexed as "**Exhibit "A"**").

I.   **Plaintiff's Request for the First Set of Underlying Files at Page 2 of Pl.'s Ltr Should be Denied for Failure to State a Legal Basis for Production**

Despite the fact that the plaintiff cannot definitively say there is any basis for the Court to order production of the following underlying disciplinary files, the plaintiff proceeds to request production of the closing reports related to these files (*see* Pl.'s Ltr, ¶¶ 2.):

1. **2014-12547**, Bates No. D265 – Exonerated Abuse complaint;
2. **2008-05105**, Bates No. D269 – Unsubstantiated Abuse (frisk) complaint;
3. **2009-06369**, Bates No. D269 – Unsubstantiated Discourtesy complaint;
4. **2011-01239**, Bates No. D269 – Unsubstantiated Abuse Search complaint;
5. **2011-14466**, Bates No. D269 – Unsubstantiated Offensive Language complaint;
6. **IA11-20002**, **C11-0378**, Bates No. D274 – Substantiated Incomplete/Improper Memobook entry complaint;
7. **IA11-27184**, **M11-0977**, Bates No. D274 – Unsubstantiated Other Dept. Rules / Procedures complaint;
8. **IA11-06957**, Bates No. D278 – Unsubstantiated Force complaint;
9. **2015-05919**, **OG-2015-3386**, Bates No. D281 – Open Evidence Discrepancy complaint;
10. **IA11-02468**, Bates No. D286 – Unsubstantiated Missing Property complaint;
11. **IA11-55396**, Bates No. D286 – Unsubstantiated Failure to Make a Report & Unsubstantiated Missing Property complaints.

1.   **The Underlying Files on Page 2 are Not Relevant to Plaintiff's Claims**

The aforementioned complaints all relate to allegations that are completely unrelated to plaintiff's claim of false arrest. The aforementioned files relate to allegations of excessive force, abuse, discourtesy, incomplete or improper memobook entries, violations of other departmental rules or procedures, missing property, failure to make a report and evidence discrepancies. These allegations are hardly similar in nature to plaintiff's false arrest claim.

Accordingly, defendants submit that these files and closing reports should be precluded from production.

2

**2.    One of the Above Referenced Files Relates to a Complaint that the Court Previously Precluded During an April 28, 2016 Court Confernce**

During a telephone conference held on April 28, 2016, Your Honor explicitly ordered that plaintiff refrain from requesting (tabbing) complaints that were more than five years old, and specifically referenced the complaint concerning overtime, as an example. However, despite this Order, the plaintiff tabbed the following complaint that far exceeds the Court's five-year limit: Complaint No. **2009-06369**, bearing Bates No. D269, concerning an *unsubstantiated* complaint for Discourtesy. This complaint not only exceeds the five-year time limit, but is obviously irrelevant to plaintiff's false arrest claim, and should therefore be denied.

As a result of the foregoing, plaintiff's prior request for production of the underlying files and plaintiff's current request for production of the closing report for the complaint indicated in Pl.'s Ltr should be denied.

**II.    Plaintiff's Request for Underlying Files at Page 3-4 of Pl.'s Ltr Should be Denied for Failure to State a Legal Basis for Production in Accordance with Fed. R. Civ. P 26 as they are not Relevant or Proportional to this Action**

Pl.'s Ltr seeks the production of a total of thirty-nine (39) additional underlying disciplinary files that are indicated below. Plaintiff's basis for the production of these files is his mere contention that the files are "*relevant*" to plaintiff's case. However, Federal Rule of Civil Procedure 26(b)(1) now defines the scope of discovery by expressly imposing a responsibility on litigants to tailor their requests to information that is not only relevant, but *also proportional* to the needs of the case. According to Fed. R. Civ. P. 26(b)(1), a party seeking discovery must not only prove that the discovery sought is relevant, but must also establish that the information sought is proportional to the needs of the case; establishing that it bears significant importance in proving their claim or defense. Fed. R. Civ. P. 26(b)(1) requires there be a consideration of several factors when determining the proportionality of evidence, including but not limited to

3

considering: (1) the importance of the issues at stake in the action, (2) the amount in controversy, (3) the parties' relative access to relevant information, (4) the parties' resources, (5) the importance of the discovery in resolving the issues, and (6) whether the burden or expense of the proposed discovery outweighs its likely benefit.

Although Fed. R. Civ. P. 26(b)(1) does not require a finding of admissibility, the admissibility of the evidence continues to be a significant factor in determining whether a litigant should be burdened to produce information. While admissibility is not a conclusive factor, the admissibility of evidence and information directly relates to the level of *importance of the discovery, in resolving the issues*. If the information is inadmissible, it is *not* likely that it will serve a significant role in resolving a litigant's claim or defense. In this instance, plaintiff has failed to show that the files he seeks would lead to admissible reliable evidence that could resolve the issues at hand.

### III. Plaintiff's Request for Underlying Files at Page 3-4 of Pl.'s Letter Should be Denied Because the Requested Files Relate to Allegations that are Not Similar to Plaintiff's Claims, they are Old and Include Complaints that were Previously Precluded from Discovery by the Court

The plaintiff also contends that the thirty-nine (39) below referenced complaints and associated underlying files are *relevant* to his claims. Plaintiff therefore asserts that they should be produced (*see* Pl.'s Ltr, ¶¶ 3-4). However, none of the below referenced complaints relate to allegations that are similar in nature to his claim of false arrest, with the possible exception to those complaints alleging a disputed arrest. Furthermore, the majority of the files sought contain allegations that are extremely old, with some complaints exceeding five and even ten years.

As a result of the foregoing, these files and closing reports should be precluded from production.

1. **CC219/08, IA 08-20922**, Bates No. D258 – Substantiated Submission of Overtime for Time Not Worked;
2. **84084/08**, Bates No. D259 – Dismissal Monitoring for Overtime allegation;
3. **CC220/10**, Bates No. 259 – Details of the Punishment Resulting from Overtime allegation;
4. **CC371/10**, Bates No. D260 – Investigation for Good of Department;
5. **C10-0859**, Bates No. D260 – Substantiated DV Domestic Verbal and Substantiated Failure to Notify IAB;
6. **M11-0316, IA11-06957**, Bates No. D262 – Unsubstantiated Force (Improper Search, Unnecessary Force);
7. **C11-0378**, Bates No. D263 – Unsubstantiated Missing Property and Substantiated Incomplete/Improper Memobook entry complaints;
8. **M09-1598**, Bates No. D264 – Substantiated Computer Misue complaint;
9. **2014-12547**, Bates No. D266 – Open Failure to Prepare Memobook, Substantiated Force (Frisk), Substantiated Failure to Prepare Stop Question Frisk Report, Substantiated Failure to Prepare Memobook complaints;
10. **2005-11140**, Bates No. D268 – Mediation Attempted notation;
11. **2015-09977**, Bates No. D268 – Open Force Complaints (search and stop of an individual);
12. **IA 2015-08235, OG 2015-4680**, Bates No. D270-271 – Open Complaints for Disputed Arrest and Incomplete Memobook;
13. **2013-27260**, Bates No. D272 – Open Complaint for Incomplete/Inaccurate Report;
14. **08-04158**, Bates No. D273 – Open Complaint for Evidence Discrepancy;
15. **IA2015-30282,** Bates No. D275 & D276- Open Complaint for Missing Property;
16. **IA05-21922,** Bates No. D277 - Unsubstantiated Complaint for Disputed Arrest and Other Department Rules/Procedures;
17. **IA06-29548,** Bates No. D277 - Complaint for Disputed Arrest;
18. **IA10-24640,** Bates No. D278 - Open Complaint for Evidence Discrepancy;
19. **IA12-12765,** Bates No. D279 - Unsubstantiated Complaint for Disputed Arrest (no action taken);
20. **IA12-43428,** Bates No. D279 - Open Complaint for Incomplete/Improper Memobook Entry;
21. **IA12-542-57,** Bates No. D279 - Open Complaint for Force (Improper Search);
22. **C2015-809, 2015-30282,** Bates No. D281 - Open Complaint for Missing Property;
23. **IA07-17302,** Bates No. D283 - Exonerated Complaint for Disputed Arrest (no action taken);
24. **IA10-33682, C10-0500,** Bates No. D284 - Open Complaint for Incomplete/Improper Memobook Entry;
25. **IA07-39625,** Bates No. D285 - Open Complaint for Other Department Rules/Procedures;
26. **IA08-05873,** Bates No. D286 - Open Complaint for Evidence Discrepancy;

5

27. **IA08-12195,** Bates No. D286 - Unfounded Complaint for Disputed Arrest and Force (Improper Search) (no action taken);
28. **IA06-15753,** Bates No. D287 – Other/Miscellaneous Complaint for Disputed Arrest (officer instructed);
29. **IA08-20922,** Bates No. D287 – Substantiated Complaints for Submission of Overtime for Time Not Worked and Incomplete/Improper Memobook Entry; Partial Substantiated Complaint for False Report;
30. **08-39843,** Bates No. D287 – Substantiated Complaints for Incomplete/Improper Memobook Entry;
31. **10-33220,** Bates No. D288 – Notation that Officer was suspended for Overtime Allegations;
32. **10-56378,** Bates No. D288 – Substantiated Complaint of Domestic Verbal Dispute – No Order of Protection Issued and Failure to Notify IAB;
33. **12-66488,** Bates No. D289 – Unsubstantiated Programmatic Review - Narcotics;
34. **2014-1020,** Bates No. D290 – Closed Complaint of Other Dept. Rules / Procedures.

## IV. The Complaints that are TEN (10) Years Old or Older are Not Proportional to Plaintiff's Claims, Referenced in Pl.'s Ltr., Pages 3-4, Should be Precluded

The following complaints are ten years or more in age, and therefore are not likely to be admissible or proportional to the needs of this action: (1) **2005-11140**, Bates No. D268 (Mediation Attempted notation), (2) **IA05-21922,** Bates No. D277 (Unsubstantiated – Disputed Arrest and Other Department Rules/Procedures), (3) **IA06-29548,** Bates No. D277 (Disputed Arrest) and (4) **IA06-15753,** Bates No. D287 (Other/Miscellaneous - Disputed Arrest). These complaints are extremely old and too attenuated to be of significance to plaintiff's claim of false arrest.

Even were Plaintiff to contend that the complaints pertaining to a "disputed arrest" are relevant, as a result of the age and outcome of the complaints, these complaint files should precluded from production.

6

V. **The Complaints that are FIVE (5) to Nine (9) Years Old, Referenced in Pl.'s Ltr. at Pages 3-4, Should be Precluded Because they are Old and not Proportional to the Case**

The following complaints are five to nine years old and therefore not likely to be admissible or deemed proportional to the needs of this action: (1) **CC219/08** and (2) **IA 08-20922**, Bates No. D258 (Substantiated Submission of Overtime for Time Not Worked), (3) **84084/08**, Bates No. D259 (Dismissal Monitoring for Overtime allegation), (4) **CC220/10**, Bates No. 259 (Punishment Details of Overtime allegation), (5) **CC371/10**, Bates No. D260 (Investigation for Good of Department), (6) **C10-0859**, Bates No. D260 (Substantiated DV Domestic Verbal and Substantiated Failure to Notify IAB), (7) **M11-0316** and (8) **IA11-06957**, Bates No. D262 (Unsubstantiated Force Claim (Improper Search, Unnecessary Force), (9) **C11-0378**, Bates No. D263 (Unsubstantiated Missing Property and Substantiated Incomplete/Improper Memobook entry complaints), and (10) **M09-1598**, Bates No. D264 (Substantiated Computer Misue complaint), (11) **08-04158**, Bates No. D273 – Open Complaint for Evidence Discrepancy, (12) **IA10-24640,** Bates No. D278 - Open Complaint for Evidence Discrepancy, (13) **A07-17302,** Bates No. D283 - Exonerated Complaint for Disputed Arrest, with no allegations noted in the summary report concerning untruthfulness, (14) **IA10-33682** and (15) **C10-0500,** Bates No. D284 - Open Complaint for Incomplete/Improper Memobook Entry, (16) **IA07-39625,** Bates No. D285 - Open Complaint for Other Department Rules/Procedures, (17) **IA08-05873,** Bates No. D286 - Open Complaint for Evidence Discrepancy, (18) **IA08-12195,** Bates No. D286 - Unfounded Complaint for Disputed Arrest, with no allegations noted in the summary report concerning untruthfulness and Force (Improper Search), (19) **IA08-20922,** Bates No. D287 – Substantiated Complaints for Submission of Overtime for Time Not Worked and Incomplete/Improper Memobook Entry; Partial Substantiated Complaint for False Report, (20) **08-39843,** Bates No. D287 – Substantiated Complaints for Incomplete/Improper

7

Memobook Entry, (21) **10-33220,** Bates No. D288 – Notation that Officer was suspended for Overtime Allegations and (22) **10-56378,** Bates No. D288 – Substantiated Complaint of Domestic Verbal Dispute – No Order of Protection Issued and Failure to Notify IAB.

1. **These Complaints that are Approximately Eight Years Old Should Also be Precluded from Discovery because they were Precluded during the Court's April 28, 2016 Order**

Of the five to nine year old complaints, Complaint Nos. (1) **CC219/08,** (2) **IA 08-20922**, (3) **84084/08**, (4) **CC220/10** and (19) **IA08-20922,** all refer to a complaint that is nearly eight years old, that this Court expressly ordered plaintiff to refrain from requesting, during the April 28, 2016 telephone conference. These complaints address an allegation concerning the submission of overtime hours not worked. Furthermore, (3) **84084/08**, (4) **CC220/10** and (21) **10-33220** refer only to the details of the discipline resulting from the overtime allegations.

2. **This Six Year Old Complaint Should be Precluded Due to Failure to Involve Any Allegations of Wrongdoing**

The following is a file that doesn't even contain allegations of wrongdoing, but, rather comments on an investigation of an officer; (5) **CC371/10**, Bates No. D260 (Investigation for Good of Department).

3. **These Complaints Should be Precluded because they are Not Relevant or Proportional**

The following complaints are five to nine years in age, and are not in any way similar in nature, to plaintiff's claims. These files relate to allegations of *force*: (6) **C10-0859**, Bates No. D260 (Substantiated DV Domestic Verbal and Substantiated Failure to Notify IAB), (7) **M11-0316** and (8) **IA11-06957**, Bates No. D262 (Unsubstantiated Force Claim (Improper Search, Unnecessary Force), (18) **IA08-12195,** Bates No. D286 - Unfounded Complaint for Force (Improper Search). The following allegations concern an officer's *purported failure to*

8

*Comply with Employment Rules and Regulations*: (9) **C11-0378**, Bates No. D263 (Unsubstantiated Missing Property and Substantiated Incomplete/Improper Memobook entry complaints), (10) **M09-1598**, Bates No. D264 (Substantiated Computer Misuse complaint), (11) **08-04158**, Bates No. D273 – Open Complaint for Evidence Discrepancy, (12) **IA10-24640,** Bates No. D278 - Open Complaint for Evidence Discrepancy, (14) **IA10-33682** and (15) **C10-0500,** Bates No. D284 - Open Complaint for Incomplete/Improper Memobook Entry, (16) **IA07-39625,** Bates No. D285 - Open Complaint for Other Department Rules/Procedures, (17) **IA08-05873,** Bates No. D286 - Open Complaint for Evidence Discrepancy, (20) **08-39843,** Bates No. D287 – Substantiated Complaints for Incomplete/Improper Memobook Entry, and (22) **10-56378,** Bates No. D288 – Substantiated Complaint for Domestic Verbal Dispute, where no order of protection was issued and for Failure to Notify IAB.

       As a result of the foregoing, these files and closing reports should be precluded from production.

### 4. This File Should also be Precluded Given its Highly Private Nature

       Specifically, Complaint No. (22) **10-56378,** under Bates No. D288, relates to a substantiated complaint concerning a domestic verbal dispute, where no order of protection was issued, and for failure to notify IAB. This file is expected to contain highly personal information of an extremely private nature, concerning a domestic or family dispute involving a family member. Plaintiff can provide no basis for obtaining such highly sensitive and personal information, especially given that it is not in any way similar to the alleged false arrest claim at issue here. As a result of the foregoing, the defendants respectfully ask that these additional factors involving the officer's privacy, be considered when reviewing this complaint.

       As a result of the foregoing, this file and closing report should be precluded from production.

9

### 5. These Complaints Should be Precluded because they are Not Proportional to the Needs of the Case

The following complaints are eight to nine years in age, although both allege "disputed arrests," one is Unfounded, (18) **IA08-12195,** Bates No. D286 and (13) **A07-17302,** Bates No. D283 - was Exonerated. Additionally, these complaints are old and too attenuated to be of significance to the plaintiff's arrest.

Because both of these complaints were resolved in favor of the officers, these files and closing reports should be precluded from production.

### VI. The Complaints Issued within the Last Five Years Should be Precluded Because they are Not Relevant to Plaintiff's Claims and Not Proportional

Disclosure of the remaining twelve complaints that were issued within the past five years should also be denied because they are not similar in nature to plaintiff's claims. Complaint No. **2014-12547** contains an *open* allegation for failure to follow employment rules and a *substantiated* allegation of force and two *substantiated* allegations pertaining to a failure to follow employment rules. Complaint No. **2015-09977** relates to an *open* force complaints. The portion of Complaint Nos. **IA 2015-08235** and **OG 2015-4680** that relate to an *open* complaint for an alleged failure to complete a memobook entry. Complaint No. **2013-27260** relates to an *open* complaint for failure to follow employment rules. Complaint No. **IA2015-30282** pertains to an *open* complaint for missing property. Complaint No. **IA12-43428** pertains to an *open* complaint for an employee rule violation. Complaint No. **IA12-542-57** addresses an *open* complaint for a force allegation. Complaint Nos. **C2015-809** and **2015-30282** relate to an *open* complaint for Missing Property. Complaint No. **12-66488** concerns an *unsubstantiated* programmatic review – which does <u>not</u> appear to relate to any alleged wrongdoing. Lastly, Complaint No. **2014-1020** relates to a closed complaint concerning an employment rule violation.

10

As a result of the aforementioned, plaintiff's request for these twelve underlying files should be denied.

### 1. These Complaints were Lodged Last Year and Should be Precluded Because they are Open Investigations

Disclosure of the following complaints that were lodged in 2015 should also be denied because they involve open investigations. Complaint Nos. **IA 2015-08235** and **OG 2015-4680** relate to *open* complaints for a disputed arrest, with no allegations noted in the summary report concerning untruthfulness, and a failure to complete a memobook entry.

The summary reports for these files indicate that they are open, pertaining to an on-going investigation. Therefore, even if the Court was inclined to order production of these files, defendants seek a stay, until the investigations have concluded and a final decision has been rendered.

A stay would be warranted concerning production of these files because the defendants have no access to open files that pertain to pending or on-going investigations. Furthermore, defendants are entitled to a stay concerning this production, pursuant to the law enforcement privilege, which prevents disclosure of pending investigations, to *inter alia*, "safeguard the privacy of individuals involved in an investigation, and otherwise to prevent interference with an investigation." National Congress for Puerto Rican Rights v. The City of New York, et al. 194 F.R.D 88, 93 (S.D.N.Y.) (citing In re Dep't of Investigation of the City of New York, 856 F.2d 481, 484 (2d. Cir. 1988) (citations omitted)). Thus, any documents pertaining to an active investigation are protected from disclosure by the law enforcement privilege.

Additionally, these records pertaining to open investigations are also protected from disclosure pursuant to the deliberative process privilege. See Nat'l Council of La Raza v. Dep't of Justice, 411 F.3d 350, 356 (2d Cir. 2005) (inter-agency or intra-agency documents may

11

be subject to the deliberative process privilege if they are both pre-decisional and deliberative) (internal citations and quotations omitted).

Consequently, the parties to this action will not have access to vital information, including witness statements, until the investigation has resolved. As a result of the foregoing, these files should be precluded from any production.

### 2. This Complaint Issued within the Last Five Years Should be Precluded Because it is Unsubstantiated and Not Proportional

Disclosure of the following complaint that was issued within the past five years should also be denied, because it is an unsubstantiated complaint. Complaint No. **IA12-12765** is closed, alleging a disputed arrest and no disciplinary action was taken. Furthermore, there were no allegations noted in the summary report for this complaint, concerning untruthfulness by the officer.

Although, historically Fed. R. Civ. P. 26 appeared to permit the production of unsubstantiated complaints. Now, Fed. R. Civ. P. 26 contains a proportionality requirement that requires further analysis of the discoverability of unsubstantiated complaints. Here, although this complaint may be similar to the plaintiff's claims, the unsubstantiated finding makes it less likely that it would assist the plaintiff in proving his claim and it is not likely to be admissible at trial. As a result of the foregoing, these files and closing reports should be precluded from production.

If the Court is inclined to order such production, defendants respectfully request that we be ordered to produce the closing report only.

### VII. Should the Court be Inclined to Order Production of any Complaint – Defendants Request that Closing Reports be Ordered Instead of the Entire File in Light of the Need for Proportionality

Should the Court be inclined to order production of any of the above-referenced files, defendants submit that only the complaints initiated within the past five years should be

12

considered. Defendants further contend that only those files containing allegations similar in nature to plaintiff's claims should be produced. It is defendants' position that none of the aforementioned complaints are similar in nature, to plaintiff's claims, with the possible exception the complaints alleging disputed arrests.

Furthermore, should this Court find that any complaint file should be produced, defendants respectfully ask that the Court order production of the closing reports only, rather than the complete file, given the extreme burden defendants would endure, should they have to produce these voluminous files, and the limited chance such discovery would have in resolving plaintiff's claims.

As a result of the foregoing, defendants respectfully request that this Court deny plaintiff's request for underlying disciplinary files, in its entirety.

Thank you for your consideration herein.

                                  Respectfully submitted,

                                  /s/
                              AMATULLAH K. BOOTH
                              Senior Counsel
                              Special Federal Litigation Division

To:    VIA ECF
        Harvis, Wright & Fett, LLP
        Baree N. Fett, Esq
        305 Broadway, 14th floor
        New York, N.Y. 10007