

**ZACHARY W. CARTER**
*Corporation Counsel*

T**HE** C**ITY OF** N**EW** Y**ORK**
**LAW DEPARTMENT**
100 CHURCH STREET
NEW YORK, NY 10007

**AMATULLAH K. BOOTH**
*Senior Counsel*
phone: (212) 356-3534
fax: (212) 356-3509
email: abooth@law.nyc.gov

June 24, 2016

**VIA ECF**
Honorable Marilyn D. Go
United States Magistrate Judge
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

   Re: Hector Cordero v. City of New York, et al.,
     15-CV-3436 (JBW) (MDG)

Your Honor:

   I am a Senior Counsel in the Office of Zachary W. Carter, Corporation Counsel of the City of New York, and the attorney assigned to the above-referenced matter, writing on behalf of defendants City of New York, Lieutenant Moran and Officers Hugasian, Palminteri, Narea, Essig, Reyes, Rubin and Artale. In that capacity, I submit this letter on behalf of defendants, with plaintiff's consent, as defendants' first application to respectfully request a sixty (60) day enlargement of time, from June 24, 2016 to August 23, 2016, to complete discovery as it has become apparent that discovery in this matter will take more time than anticipated.

### Discovery Undertaken to Date

   While the parties are diligently working with an aim to complete discovery as expeditiously as possible, it has become apparent that the discovery in this case will require more

time than anticipated. To date, the parties have engaged in extensive discovery, that discovery has included defendants production of several hundred pages of documents, including various NYPD documents relating to plaintiff's arrest and prosecution, various documents from the Kings County District Attorney's Office relating to plaintiff's prosecution, as well as various personnel and disciplinary records relating to the eight defendant officers. Additionally, defendants have produced for plaintiff's physical inspection, the drugs recovered during plaintiff's arrest, overtime records of the eight defendant officers and various disciplinary documents. The physical inspections of evidence occurred on April 28, 2016 and April 29, 2016. As a result of the physical inspections, there have been disputes between the parties as to the discoverability of certain documents that have resulted in significant motion practice. There have also been other discovery disputes in this matter, stemming from the production of disciplinary records that are also subject of motion practice. Currently before the court is defendants' motion to preclude the defendant officers' disciplinary files. (*See* Docket Entry No. 50).

As set forth below, defendants respectfully request additional time to complete discovery, as their remains outstanding document discovery by both parties, and depositions have not been held.

**(a) 2014 Tax Records of Plaintiff**

In an Order filed by this Court on May 17, 2016, Your Honor ordered plaintiff to produce to defendants, his 2014 federal and state tax records. Defendants await receipt of these documents that are responsive to this order. Defendants seek these documents to conduct plaintiff's deposition, because they are relevant to plaintiff's claims alleging that: (1) he was working in a bodega, on the date of his arrest that is at issue, and (2) the money recovered from

the plaintiff, pursuant to his arrest, was not proceeds of a drug sale that he engaged in with his criminal co-defendant.

**(b) Disciplinary Records of Defendants**

Currently pending before the Court is defendants' motion to preclude disciplinary files and records of the defendant officers, sought by plaintiff. As such, defendants have not yet produced any underlying disciplinary files of the defendants. Defendants await the Court's order and direction concerning production, if any, of these disciplinary files.

Plaintiff previously stated that he intends to depose all eight defendant officers. Plaintiff also stated that he requires receipt of the defendant officers' disciplinary records, before proceeding with their depositions. As a result of the pending motion before the Court concerning the disciplinary files, the plaintiff has not yet deposed the defendant officers.

**(c) Depositions**

In addition to the above issues, additional time is needed to complete depositions in this action. There are nine parties involved in this action, consisting of one plaintiff and eight named defendant officers. Plaintiff also identified two non-party witnesses, both of whom are alleged to have worked with the plaintiff in a bodega, on the date of his arrest that is at issue in this matter. Defendants previously noticed the plaintiff of their intent to depose the plaintiff and his two non-party witnesses. Defendants await plaintiff's 2014 tax records, which remains outstanding, to conduct the depositions of the plaintiff and his two non-party witnesses. Defendants need to obtain plaintiff's tax records prior to deposition, because they directly relate to claims raised by the plaintiff that are mentioned above.

As mentioned above, the plaintiff also awaits receipt of the defendant officers' disciplinary files, which are subject of the pending motion before this Court. Defendants have not yet produced the disciplinary files, and await the Court's order and direction concerning production, if any, of these records. As a result, the plaintiff has not yet deposed the eight defendant officers.

**Conclusion**

For the foregoing reasons, defendants respectfully request that the Court grant a sixty (60) day enlargement of time, from June 24, 2016 to August 23, 2016, to complete discovery in this action. This request for an extension of time, will not effect any other scheduled dates in this matter.

Thank you for your consideration herein.

    Respectfully submitted,

    /s/
AMATULLAH K. BOOTH
Senior Counsel
Special Federal Litigation Division

To: VIA ECF
Harvis, Wright & Fett, LLP
Baree N. Fett, Esq
305 Broadway, 14th floor
New York, N.Y. 10007