

**GABRIEL P. HARVIS**
**BAREE N. FETT**

June 16, 2017

BY ECF
Honorable Cheryl L. Pollak
United States Magistrate Judge
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11211

    Re:   *Cordero v. City of New York, et al.*, 15 CV 3436 (JBW) (CLP)

Your Honor:

    I represent plaintiff in the above-referenced civil rights action. I write to respectfully request leave of Court to submit a letter to the District Judge presiding over this matter, the Hon. Jack B. Weinstein, requesting a conference before the District Judge regarding defendants' contemplated summary judgment motion.

    There is no more basic factual dispute than that presented by this case. Plaintiff Hector Cordero, a hardworking and law-abiding 58-year-old bodega clerk and former police officer from the Dominican Republic, alleges that he was working behind the counter on October 24, 2014, when defendants Essig and Rubin entered the store and arrested him, lacking probable cause or a warrant. Without noting the events in their memo books, it is alleged that Rubin and Essig then took Mr. Cordero to the 83rd Precinct and subjected him to an illegal strip search in the absence of reasonable suspicion.[1]

    Defendants, who bear the burden with respect to probable cause, rely exclusively on the alleged observation of defendant Hugo Hugasian, a witness who confidential records indicate could hardly be more compromised. In fact, video

---

[1] Notably, in 2012 a jury in this district awarded $10,000 in punitive damages and $5,000 in compensatory damages to a plaintiff who defendant Peter Rubin was found to have illegally strip searched at the 83rd Precinct. *Brown v. City of New York*, 10 CV 4675 (ERK) (LB) (verdict sheet annexed hereto as Exhibit 1).

Honorable Cheryl L. Pollak
June 16, 2017

evidence preserved by Mr. Cordero proves that he was the sole clerk attending to a steady stream of customers at the time defendant Hugasian allegedly saw him outside of the store selling drugs. No evidence of criminality was recovered during the arrest and all charges against Mr. Cordero were subsequently dismissed on the DA's motion.

It is also undisputed that Essig and Rubin entered the store and then walked out, unsure of which person inside the bodega they were to target for arrest based on Hugasian's "observation." The officers were supervised by defendant Moran, the sergeant on the scene who approved plaintiff's arrest and would have necessarily authorized any strip search. *See* Complaint Report, annexed hereto as Exhibit 2.

As if that were not sufficient to raise triable issues, the record further reflects that three of these defendants – Hugasian, Essig and Moran – made material misstatements on overtime paperwork they submitted for this tour, and that Hugasian and Essig inflated their overtime requests, receiving unjust enrichment at the expense of the public fisc.

During a telephone conference in this matter held on May 18, 2017, defense counsel represented to Your Honor that defendants believed a decision by the Hon. Brian M. Cogan would likely provide a basis for a fully dispositive motion by the defendants in this case. After plaintiff's request for their authority had been pending for approximately a month, defendants yesterday finally identified the decision as *Jimenez v. City of New York*, 15 CV 3257 (BMC) (DE #42). The undisputed facts of *Jimenez* involve the recovery, pursuant to arrest and search warrants, of a firearm in the commonly accessible area of a room in which both plaintiffs were found. *See Jimenez* Memorandum Opinion and Order dated March 21, 2016, annexed hereto as Exhibit 3, at p. 1. It is hard to overstate the degree to which *Jimenez* is legally and factually distinguishable from the instant matter.

Pursuant to the Court's May 19, 2017 order (DE #92), plaintiff has attempted in the best of faith to confer with defendants so that unnecessary summary judgment motion practice could be avoided. By e-mail dated May 19th plaintiff offered to voluntarily discontinue against three of the defendants (Narea, Reyes and Artale), outlined the factual disputes supporting the claims against defendants Hugasian, Rubin, Essig and Moran, and requested defendants' authority for their contemplated motion. *See* E-mail from G. Harvis to A. Booth, annexed hereto as Exhibit 4. After multiple follow-up attempts by plaintiff, defendants ultimately responded yesterday afternoon, offering the *Jimenez* decision. *See* E-mail from A. Booth to G. Harvis,

Honorable Cheryl L. Pollak
June 16, 2017

annexed hereto as Exhibit 5.

   Plaintiff contacted supervising defense counsel and informed him that defendants' summary judgment argument lacked good faith and appeared to be calculated to delay, with no possibility of success. Plaintiff requested that defendants reconsider their position or plaintiff would submit the instant application. The supervisor indicated that plaintiff should file his letter and the defendants would consider the arguments raised therein.[2]

   Accordingly, plaintiff respectfully seeks permission to request that the Hon. Jack B. Weinstein convene a conference to hear plaintiff's application that defendants' contemplated motions be denied.

   Thank you for your consideration of this request.

Respectfully submitted,

Gabriel P. Harvis

Encl.

cc:   Amatullah Booth, Esq.

*Denied in accordance with Judge Weinstein's rules. So Ordered /s/ Cheryl Pollak, USMJ 6/27/17*

---

[2] The parties also discussed defendants' contemplated motion for spoliation sanctions, which is similarly without merit. As defendants are aware, plaintiff went to great lengths to preserve the entirety of the surveillance footage from the bodega relevant to his allegations, and produced it at the outset of the case. Despite this fact and plaintiff's lack of control over his employer's camera equipment, defendants nevertheless intend to make a baseless spoliation motion against Mr. Cordero. Defendants have also been unable to explain why, if the surveillance video would have established plaintiff's culpability, they failed to review or secure the footage at the time of his arrest, or to subpoena it thereafter. If anything, plaintiff respectfully submits that it is defendants who have spoliated, as they have admittedly deleted potentially relevant electronic communications without review.

Page 3