

ZACHARY W. CARTER
*Corporation Counsel*

THE CITY OF NEW YORK
**LAW DEPARTMENT**
100 CHURCH STREET
NEW YORK, NY 10007

AMATULLAH K. BOOTH
*Senior Counsel*
phone: (212) 356-3534
fax: (212) 356-3509
email: abooth@law.nyc.gov

December 6, 2017

**VIA ECF**
Honorable Cheryl L. Pollak
United States Magistrate Judge
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

   Re: Hector Cordero v. City of New York, et al.,
     15-CV-3436 (JBW) (MDG)

Your Honor:

  I am a Senior Counsel in the Office of Zachary W. Carter, Corporation Counsel of the City of New York, and represent the Defendants in the above-referenced matter. Defendants write in opposition to Plaintiff's application to re-open Monell discovery. (ECF No. 128). Defendants submit, *inter alia*, that: (1) Plaintiff failed to establish good-cause for re-opening Monell discovery; (2) the information sought is not relevant or proportional to the Plaintiff's purported Monell claim; and (3) should the Court disagree with both (1) and (2) above, then the Court should bifurcate the Monell discovery until after the liability trial has been completed because without a finding of a violation, significant time, energy and resources can be saved.

  As a preliminary matter, Plaintiff's requests are overbroad, expansive, and indicative of a fishing expedition. Clearly, the breadth of these requests was not anticipated by the Court when Your Honor invited Plaintiff to re-file a more specific application. The factual disconnect between Plaintiff's claim and the information requested is glaring. Plaintiff claims that the arresting officer violated his rights so that he can abuse the overtime system. However, submitting overtime requests for work not actually performed is different, as is allegations of lying and credibility determinations in a broad sense. Plaintiff's counsel has been citing to the Cordero decision in his Monell pleadings and these requests are a veiled attempt to gather as much information as possible for use in future litigation against the NYPD.

  **I.** **PLAINTIFF CANNOT SHOW GOOD CAUSE**

  Plaintiff cannot meet his burden of establishing good cause to re-open discovery. Before addressing the six factors, it bears noting that Plaintiff chose not to pursue Monell discovery during the discovery period. Now, after his Monell claim survived summary judgment, Plaintiff wants to actually conduct discovery because "it would have been difficult for him to have

anticipated the scope of the Monell hearing as ultimately ordered by the Court." However, the history of this case belies this argument. Plaintiff was aware of the overtime disciplinary related to the defendant officer, which formed the basis of his Monell claim, more than a year and a half prior to filing the instant motion, and could have surely made his request for Monell at any point during the pendency of this action, but again, Plaintiff made a decision *not* to pursue Monell discovery. Plaintiff had ample time to pursue this discovery, more than two years, but made a decision not to do so. Indeed, in Jackson v. Fed. Express, the Second Circuit held that the "court 'must' limit [the] scope of discovery where 'the party seeking discovery has had ample opportunity to obtain the information by discovery in the action.'" 766 F3d 189, 198-199 (2d. Cir. 2014). Plaintiff's excuse to re-open discovery is unavailing and his motion should be denied.

**The Factors Weigh in Favor of Denying Plaintiff's Request**

Trial is Imminent

In a mere two months, the parties must submit their pre-trial submissions to the Court for Phase I of trial in this action. During this two month period, which includes multiple major holidays, the Defendants must prepare for trial, draft motions *in limine* and oppose motions from Plaintiff, and work to provide the documents previously ordered by the Court.[1] One week after the parties' pre-trial submissions are made, the parties must prepare for a hearing on all pre-trial issues on February 12, 2018. Approximately one week later, Phase I of trial will commence. Practically speaking, there is no time to actually conduct the discovery sought by Plaintiff. The time to do so was during the applicable discovery period. Alternatively, this factor weighs in favor of bifurcating the Monell discovery and staying it until after the liability trial.

Defendants Oppose the Request and Will be Prejudiced

As noted above, discovery closed almost a year prior to Plaintiff's application. Your Honor permitted *limited* additional discovery after the close of discovery, but later informed the parties that all discovery issues were resolved and scheduled Defendants' motion for partial summary judgment, during the August 7, 2017 telephone conference. See Docket Entry No. 92. Defendants are now preparing motions *in limine* and preparing for trial. The Court acknowledged in its Order, dated November 21, 2017 that "the volume of documents and the additional depositions relates to Plaintiff's Phase II discovery requests" and these factors tip in Defendants' favor.

Plaintiff was Not Diligent and Never Requested Monell Discovery

This factor speaks for itself and weighs heavily in Defendants' favor.

---

[1] Defendants anticipate that they will be in partial compliance with the Court's Order and will produce to Plaintiff the Trial Commissioner file which includes the charging documents and agreements concerning Officer Hugasian and printouts of payroll records for defendants Hugasian and Moran. However, Defendants respectfully request additional time to retrieve the Patrol Bureau Queens South Investigations Unit file from archives and the actual overtime requests submitted by defendants Hugasian and Moran. These requests are also in separate offsite storage locations because they are documents from 7 different commands.

2

### Foreseeability of Need for Additional Discovery

This factor is not short on irony. Plaintiff did not conduct or request *any* Monell discovery. Now that the claim survived summary judgment without any discovery, Plaintiff is requesting all Monell discovery that never took place. This factor clearly weighs in the Defendants' favor.

### Relevance

Plaintiff's requests are irrelevant and go well beyond the scope of his alleged Monell claim. As previously mentioned, Plaintiff claims that the arresting officer violated his rights so that he can abuse the overtime system is very different than submitting overtime requests for work not actually performed.

Plaintiff has failed to carry his burden and the Court should deny Plaintiff's motion.

## II. THE DOCUMENTS AND INFORMATION SOUGHT ARE NOT RELEVANT OR PROPORTIONAL TO THE CASE

Plaintiff has requested broad and sweeping depositions and document production concerning numerous topics. These requests are not relevant or proportional to the needs of the case.

At first glance, there are a few issues with Plaintiff's requests. Plaintiff requests information and documents that post-date the underlying incident (October 2014) and could not have put the City on notice of any alleged deficiency. See Connick v. Thompson, 563 U.S. 51, 63 (2011) (finding that "contemporaneous or subsequent conduct cannot establish a pattern of violations that would provide 'notice to the cit[y] and the opportunity to conform to constitutional dictates … .'") (quoting City of Canton v. Harris, 489 U.S. 378, 395 (1989) (O'Connor, J., concurring in part and dissenting in part). Plaintiff's requests that post-date the incident are irrelevant and not proportional to the case because it would be impossible to state that the City "actually caused or was the moving force behind the alleged violations." Reynolds v. Giuliani, 506 F.3d 183, 193 (2d Cir. 2007).

Plaintiff also requests information about the City's decision-making process which is covered by the deliberative process privilege. See Dep't of the Interior v. Klamath Water Users Protective Ass'n, 532 U.S. 1, 8 (2001) (the deliberative process privilege "covers documents reflecting advisory opinions, recommendations and deliberations comprising part of a process by which governmental decisions and policies are formulated.") (citation omitted); see also Brennan Ctr. for Justice at NYU Sch. of Law v. U.S. Dep't of Justice, 697 F.3d 184, 194 (2d Cir. 2012) ("This privilege extends to documents that are pre-decisional, i.e. prepared in order to assist an agency decision-maker in arriving at his decision …") (citation omitted).

Plaintiff's specific deposition requests are not relevant or proportional for the following other reasons:

A through D: These requests are vague and ambiguous concerning the term "adverse judicial credibility determinations," as this term could be construed to have various meanings and would encompass a large scope of unrelated information. As the Court is aware, what is at times

referred to as an adverse judicial credibility finding may not relate to a person "lying." It would not necessarily relate to a person committing *perjury*, but such a determination could be based on contradicting evidence and testimony, a judge may not believe that the officer could have made certain observations or heard certain things based on the circumstances. Finding a person credible or incredible does not always relate to *willful* lying, which has been alleged by Plaintiff in his Monell claim. This request is also overbroad, as it appears to seek *any* adverse credibility finding involving police officers, and is not limited to credibility determinations related to an officer lying about arrests in an attempt to obtain overtime pay. This is pertinent, as Plaintiff's Monell claim is limited only to police officers *lying* about arrests in an attempt to obtain overtime pay. This request is not limited to lies communicated by police officers to obtain overtime pay. There simply is no nexus between Plaintiff's broad request and the Monell claim Plaintiff has raised against the City.[2]

E: This request is completely irrelevant and would have no bearing on Plaintiff's claim. Plaintiff was arrested in 2014 and the recommendation and implementation in 2017 could not have caused any harm to plaintiff. The CCPR Report would not have put the City on notice of any alleged wrongdoing or deficiency.[3]

F: This request seeks information protected by the deliberative process privilege. This information would have been prepared in order to assist NYPD in arriving at their decision to revise the Patrol Guide. Plaintiff presumably has the two versions and this request is overbroad and disproportional to the needs of the case.[4]

G: This request seeks information protected by the deliberative process privilege and a 2015 IG Report could not have provided the City notice to cause harm to a 2014 arrestee.[5]

H: This request is overbroad and seeks copious investigatory files that are completely irrelevant to the issue of overtime abuse. This request is so broad that this request cannot be viewed as proportional to the case.

I: This request is overbroad and seeks copious investigatory files that are not tailored to the claim in this case. This request is not related to false statements made by officers to effectuate arrests to earn overtime pay. The overtime abuse topic too, is not limited to scenarios where the overtime abuse is relates to an arrest that was based on a lie, for the purposes of earning overtime pay. The request is also overbroad because it requests information that post-dates the incident and could not have been the moving force behind Plaintiff's alleged injury. Moreover, the Department of the Chief of Department does not conduct such investigations, and therefore would not be an inappropriate witness concerning the information demanded in Plaintiff's request. As a result of the foregoing, this request should be denied.

---

[2] These objections also apply to Plaintiff's requests numbered 2 through 4.

[3] This objection also applies to Plaintiff's request number 5.

[4] This objection also applies to Plaintiff's request number 7.

[5] This objection also applies to Plaintiff's request number 6.

4

<u>J</u>:  This request is overbroad and seeks copious investigatory files that are not tailored to the claim in this case.  This request is not related to false statements made by officers to effectuate arrests to earn overtime pay. The overtime abuse topic too, is not limited to scenarios where the overtime abuse is relates to an arrest that was based on a lie, for the purposes of earning overtime pay.  Also, information sought related to *how* DAO determines whether a charge would be filed, would certainly be protected under the deliberative process privilege, as it concerns the process concerning decisions made by NYPD, concerning allegations of false statements and overtime abuse.  The request is also overbroad because it requests information that post-dates the incident and could not have been the moving force behind Plaintiff's alleged injury.  As a result of the foregoing, this request should be denied.

<u>K</u>:  This request seeks information protected by the deliberative process privilege. Moreover, this request is vague and ambiguous, as it relates to the terms "determines," "considers," "credibility findings" and "lawsuit data." It is not clear what specific information Plaintiff truly seeks with this request.  Furthermore, this request is not relevant because it has nothing to do with monitoring or probation situations related to officers lying to effectuate arrests in order to obtain overtime pay. Furthermore, the credibility findings and lawsuit data, too, are not limited to situations associated with officers lying to effectuate arrests, to obtain overtime pay.  The request is also overbroad because it requests information that post-dates the incident and could not have been the moving force behind Plaintiff's alleged injury.  This evidence is not relevant or proportional to Plaintiff's <u>Monell</u> claim and should be denied for the reasons mentioned.

<u>L</u>:  This request is overbroad in that it requests information that post-dates the incident and could not have been the moving force behind Plaintiff's alleged injury.  The document cited by plaintiff speaks for itself and states that "Arrest processing overtime is earned when an officer makes a new arrest during a regular tour of duty but then must remain available while the criminal complaint is processed; this category also includes overtime earned by officers who appear in court as witnesses on days in which they are otherwise not scheduled to work."

Plaintiff's specific document requests are not relevant or proportional for the following other reasons:

<u>1 and 10</u>:  These requests seek information that contains NYPD's decisions and processes that is protected under the deliberative process privilege. Furthermore, this request is overbroad in scope and time.  Anything post-dating the incident would be irrelevant to put the City on notice of any alleged deficiency.  Moreover, the request for false statements on a general basis is not proportional to Plaintiff's <u>Monell</u> claim. This request seeks *any* information related to overtime abuse and is also overbroad and not proportional to Plaintiff's <u>Monell</u> claim.

<u>8</u>:  This request is ambiguous concerning the term "relied upon" and assumes that documents were in fact the cause of any memorandum.  Moreover, this request is overbroad and is not proportional to the needs of the instant matter, specifically Plaintiff's <u>Monell</u> claim, in that Joseph Reznick's memorandum was not related to officers lying about the existence of probable cause to effectuate an arrest to obtain overtime. The memorandum referenced employees of the Internal Affairs Bureau obtaining overtime.  None of the officers in this case were employees of the Internal Affairs Bureau and therefore this memorandum is completely irrelevant to the case at bar.  Moreover, the term "all documents" relied upon, similarly, is overbroad. The documents requested would likely include documents protected pursuant to various privileges including: the

5

deliberative process, attorney-client, attorney work-product etc. This request is not proportional to Plaintiff's Monell claim and should therefore be denied.

9: This request is irrelevant and disproportional to the case as it deals with overtime pay afforded to officers who are on modified assignment. Officers on modified assignment are not making arrests and therefore this is completely irrelevant to the case and claim asserted by Plaintiff.

11: This request is overbroad and not proportional to the needs of the case for a few reasons. First, this request is not limited to scenarios where the officer receiving the overtime initiated the arrest. There are many scenarios involving officers assisting with arrest processing where the officer had absolutely no involvement in the arrest, but they are merely assisting with completing police paperwork, transporting the arrestee to central booking or the hospital, or some other post-arrest task. Second, Defendants object to every request made by Plaintiff that requires production of documents or information related to a time period that occurred *after* the incident in this action. Plaintiff's alleged Monell violation occurred on October 24, 2014. Any information and documents concerning a period *after* this date would not be relevant or proportional to Plaintiff's Monell claim, as information created after the incident complained of could not serve as notice to Defendants concerning the alleged Monell violation. Finally, this request would be burdensome and require significant resources and time to actually produce. As mentioned in footnote 1 above, overtime requests that are not recent are stored in offsite storage locations.

### III. THE COURT'S BIFURCATION OF PHASE II OF THE TRIAL IN THIS ACTION SUPPORTS A DENIAL OF PLAINTIFF'S APPLICATION

Should the Court somehow find "good cause" for plaintiff's last minute Monell discovery request and find the requests relevant and proportional, Defendants submit that the discovery should be held in abeyance until after Phase I of the liability trial. See Tabor v. New York City, 11 CV 0195 (FB)(CLP), 2012 U.S. Dist. LEXIS 29004, at *31-32 (E.D.N.Y. Feb. 23, 2012), (citing Morales v. Irizarry, 95 CV 5068, 1996 U.S. Dist. LEXIS 15613, at *3 (S.D.N.Y. Oct. 22, 1996) ("The overwhelming authority holds that ... the most prudent course is to try the Monell claims separately and to stay discovery concerning those claims.")). Here, the Monell portion of trial has already been bifurcated, and that phase of the trial has not yet been scheduled. Again, this discovery may be moot should Defendants prevail during the first trial. Defendants respectfully request that the discovery be stayed until after the liability trial has been completed because to do so now could prove to be a waste of time, money and resources, in addition to the time constraint and prejudice it would cause Defendants.

6

## **CONCLUSION**

For the foregoing reasons, defendants respectfully request that the Court deny plaintiff's motion in its entirety.

Defendants thank the Court for its consideration herein.

Respectfully submitted,

/s/
AMATULLAH K. BOOTH
Senior Counsel
Special Federal Litigation Division

To: VIA ECF
Harvis & Fett LLP
305 Broadway, 14th floor
New York, N.Y. 10007