

| | | |
|---|---|---|
| **ZACHARY W. CARTER**<br>*Corporation Counsel* | **THE CITY OF NEW YORK<br>LAW DEPARTMENT**<br>100 CHURCH STREET<br>NEW YORK, NY 10007 | **AMATULLAH K. BOOTH**<br>*Senior Counsel*<br>phone: (212) 356-3534<br>fax: (212) 356-3509<br>email: abooth@law.nyc.gov |

December 20, 2017

**VIA ECF**
Honorable Cheryl L. Pollak
United States Magistrate Judge
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

        Re:  <u>Hector Cordero v. City of New York, et al.</u>,
               15-CV-3436 (JBW) (CLP)

Your Honor:

      I am a Senior Counsel in the Office of Zachary W. Carter, Corporation Counsel of the City of New York, and the attorney assigned to represent defendants City of New York, Lieutenant Moran and Officers Hugasian, Essig, and Rubin, in the above-referenced matter. Defendants submit this letter respectfully requesting a brief extension of time from December 20, 2017 to and including January 12, 2017, to provide Plaintiff with the remainder of the documents related to Phase I of the trial in the above referenced action. Defendants apologize for the lateness of this request. Plaintiff objects to this request.[1]

      Defendants have been working diligently to comply with the Court Order dated November 21, 2017 Order that directed Defendants to produce certain documents in connection with Phase I of the trial. Despite our efforts, we have been unable to produce some copies of the overtime requests, and the audio recording in connection with Officer Hugasian's overtime disciplinary investigation.

      As it relates to the overtime requests, these documents are not electronically stored at New York Police Department. They are kept at the various precincts, at which the member of service made the

---

[1] "Plaintiff objects to defendants' second requested extension for the following reasons: 1) it is untimely under the Court's Individual Practices and appears to involve issues foreseeable between the Court's order on November 21, 2017 and today; 2) defendants produced little, if anything, of substantive value on the original DecemeID 8, 2017 deadline; and 3) although the parties have not yet agreed on an *in limine* briefing schedule, the trial date requires briefing to commence in mid-January, and the material at issue is necessary to that process."

overtime request. Therefore, to produce these documents, a NYPD employee must go to the different precinct locations, where the overtime requests are kept, and must locate each request. After the requests are obtained, a copy is forwarded to the undersigned. Upon receiving these requests, the undersigned must then review and redact each request for privileged and protected information, including information pertaining to non-party criminal defendants and sensitive and personal information pertaining to the officers, including their date of birth and social security numbers. This process has taken Defendants a significant amount of time to complete. Furthermore, during this process, the undersigned learned that several requests through and until 2011 were previously destroyed, pursuant to a department-wide order, and at least one of the precincts where Officer Hugasian was assigned has no access to any overtime requests prior to hurricane Sandy, as they were destroyed during the storm. As a result of the foregoing, to date, Defendants have only received overtime requests for Lt. Christopher Moran for 2011 through 2012, and for Officer Hugo Hugasian, requests were received for 2010 through 2012, all of which will be produced today, pursuant to the Court Order. This production will be approximately 600 pages. Defendants request additional time however, to confirm the existence of any additional documents, especially any documents requested that pre-date 2011.

Also, Defendants have obtained the disciplinary file related to overtime abuse allegations, which was being stored in an off-site location in New Jersey. After receiving that file late last week, and upon realizing that the file contained cassette tapes that memorialize interviews in connection with the disciplinary investigation, Defendants immediately made a request to have the tapes copied to CD. The audio was recently transferred to CDs, and defendants are seeking additional time to review the *nine* audio files for protected and privileged information. The audio files are then sent to redact the privileged information and information that may concern other members of service unrelated to this action.

Consequently, Defendants respectfully request an extension of time from December 20, 2017 to and including January 12, 2017, to produce the remaining overtime requests for these officers, if any exist, and the audio recordings of the interviews taken in connection with the officer's overtime discipline case.

2

      Defendants thank the Court for its consideration herein.

                                                                           Respectfully submitted,

                                                                                       /s/
                                                    AMATULLAH K. BOOTH
                                                    Senior Counsel
                                                    Special Federal Litigation Division

To:     **VIA ECF**
           Harvis, Wright & Fett, LLP
           Gabriel Harvis, Esq
           *Attorney for Plaintiff*
           305 Broadway, 14th floor
           New York, N.Y. 10007