

**GABRIEL P. HARVIS**
**BAREE N. FETT**

January 18, 2018

**BY ECF**
Honorable Cheryl L. Pollak
United States Magistrate Judge
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11211

    Re:    *Cordero v. City of New York, et al.*, 15 CV 3436 (JBW) (CLP)

Your Honor:

    I represent plaintiff in the above-referenced civil rights action. I write pursuant to ¶ 6 of Exhibit 1 to the Court's order dated December 14, 2015 (DE #18) to respectfully request an order removing the confidentiality designation from material recently produced by the City in connection with Phase II of the upcoming trial. Plaintiff's counsel has met and conferred extensively with defendants in a good faith effort to resolve the dispute without Court intervention, but the issue could not be resolved between the parties.

    By order dated December 13, 2017, the City of New York was required to produce material responsive to eleven categories of document requests related to Phase II of the impending bifurcated trial. *Cordero v. City of New York*, 2017 WL 6375739 (E.D.N.Y. Dec. 13, 2017); *see also* Order dated January 9, 2018 (extending defendants' Phase II production deadline to yesterday).

    In response to the Court's order, defendants produced approximately 228 hard copy pages, along with three Microsoft Excel spreadsheets and a privilege log.[1] Defendants designated the entirety of the production confidential, including

---

[1] If it should please the Court, in order to minimize the filing of documents under seal in connection with this application, plaintiff is separately filing the discovery at issue as an exhibit to his motion for leave to file under seal. Pursuant to the Court's individual practices, a courtesy copy of this letter and the discovery at issue will be delivered to the Court.

Hon. Cheryl L. Pollak
Jan. 18, 2018

information that is publicly available and/or subject to FOIL, such as portions of the NYPD Patrol Guide, news clippings, published reports of the NYPD Inspector General and routine interagency correspondence. *See* Exhibit 1 to DE #143 at Def1191-1216, 1242-1333, 1347-57 ("Public Documents"). Defendants ultimately agreed to remove the confidentiality designation as to the Public Documents, although as of this writing plaintiff has not received a de-designated reproduction of that material.

The instant application concerns the remainder of the production ("Nonpublic Documents"). Without revealing the contents of the Nonpublic Documents, plaintiff notes that they generally contain (in redacted form) information related to suspected instances of officer false statements and overtime abuse, and the municipality's disposition and categorization of such allegations, during the period 2012-2014.

It is well-settled that defendants bear the burden of establishing good cause to maintain confidentiality:

> [T]he burden is on the party seeking [confidentiality] to show good cause, with particular factual support, why [confidentiality] is necessary. Lawfulness of police operations is a matter of great concern to citizens in a democracy and [confidentiality] must not be granted without that public interest in mind...Every redaction must pass the balancing test.

*King v. Conde*, 121 F.R.D. 180, 189 (E.D.N.Y. 1988) (Weinstein, J.) (quotation marks and citations omitted); *Gambale v. Deutsche Bank*, 377 F.3d 133, 142 (2d Cir. 2004) ("'[T]he party seeking a protective order has the burden of showing that good cause exists for issuance of that order. It is equally apparent that the obverse also is true, *i.e.*, if good cause is not shown, the discovery materials in question should not receive judicial protection and therefore would be open to the public for inspection.'") (quoting *In re "Agent Orange" Products Liab. Litig.*, 821 F.2d 139, 145 (2d Cir. 1987)).

To show good cause under Rule 26(c), the party asserting confidentiality must make a "particular and specific demonstration of fact, as distinguished from stereotyped and conclusory statements." *Havens v. Metropolitan Life Ins. Co.*, 94 CV 1402 (CSH), 1995 U.S. Dist. Lexis 5183, *29 (S.D.N.Y. April 20, 1995) (quoting *Cipollone v. Liggett Group, Inc.*, 785 F.2d 1108, 1121 (3d Cir. 1986)); *see also Carlson v. Geneva City Sch. Dist.*, 277 F.R.D. 90, 94 (W.D.N.Y. 2011) (requiring "defined, specific, and serious

Hon. Cheryl L. Pollak
Jan. 18, 2018

injury" in case with public agency as a defendant) (citation omitted); *Schiller v. City of New York ("Schiller II")*, 04 CV 7922 (KMK) (JCF), 04 CV 7921 (KMK) (JCF), 2007 U.S. Dist. Lexis 4285, *17-18 (S.D.N.Y. Jan. 19, 2007) (noting that "the harm must be significant, not a mere trifle") (internal citation and quotation marks omitted); *Allen v. City of New York*, 420 F.Supp.2d 295, 302 (S.D.N.Y. 2006) (to establish good cause, a party must demonstrate that "a clearly defined and serious injury . . . would result from disclosure of the document") (internal citations and quotation marks omitted); *In re Terrorist Attacks on Sept. 11, 2001*, 454 F. Supp. 2d 220, 222 (S.D.N.Y. 2006) (ordinarily good cause, exists "when a party shows that disclosure will result in a clearly defined, specific and serious injury") (internal citations and quotation marks omitted).[2]

Here, plaintiff respectfully submits that defendants cannot establish good cause with respect to the Nonpublic Documents, given that the information, as redacted, does not reveal the identity of any individual officer (and is also remote in time). Plaintiff further respectfully submits that the confidentiality designation must be weighed against, and yield to, the vital public interest in the documents. *Cordero v. City of New York*, ___ F.Supp.3d ___, 2017 WL 4685544, *3 (E.D.N.Y. Oct. 17, 2017) (Weinstein, J.) (Describing Phase II of the instant trial: "[W]hile the monetary value of a nominal damage award must, by definition, be negligible, its value can be of great significance to the litigant *and to society*.") (emphasis added); see, e.g., *In re Application of Nat'l Broad. Co.*, 635 F.2d 945, 952 (2d Cir. 1980) ("The presumption [of public access] is especially strong in a case like this where the evidence shows *the actions of public officials*, both the defendants and law enforcement personnel.") (emphasis added).

Plaintiff respectfully requests that the Court consider, in rendering its decision, guiding principles regarding discovery in police misconduct cases developed in this district over the last quarter-century:

> The interest that without doubt looms largest in these cases is the public interest in giving force to the federal civil rights

---

[2] While parties may sometimes argue that modification of a protective order is unwarranted where they have relied upon it, that principle does not apply where, as here, confidentiality designations are made without a showing of good cause. *See Schiller II*, 2007 U.S. Dist. Lexis 4285 at *10 ("Where a protective order permits parties to designate discovery materials as 'Confidential' without a showing of good cause, and one party challenges a designation made by another, the challenging party is not seeking to modify the protective order and therefore does not bear the burden of demonstrating that the confidentiality designations should be lifted.").

Hon. Cheryl L. Pollak
Jan. 18, 2018

laws. Through constitutional amendment and national legislation the people have made it clear that the policies that inform the federal civil rights laws are profoundly important[.] Lawsuits brought under 42 U.S.C. § 1983 require special attention to full disclosure:

> Each citizen acts as a private attorney general who takes on the mantel of the sovereign, guarding for all of us the individual liberties enunciated in the Constitution. Section 1983 represents a balancing feature in our governmental structure whereby individual citizens are encouraged to police those who are charged with policing us all. Thus, it is of special import that suits brought under this statute be resolved by a determination of the truth rather than by a determination that the truth shall remain hidden.

*King*, 121 F.R.D. at 195 (quotations and citations omitted).

In light of the foregoing, plaintiff respectfully requests that the Court remove the confidentiality designation from the Nonpublic Documents.

Thank you for your consideration of this request.

Respectfully submitted,

Gabriel P. Harvis

cc:   Amatullah Booth, Esq.

*Handwritten order:* Defendants are Ordered to respond and produce disputed documents for in camera review by Jan. 23, 2018
So Ordered
/s/ Cheryl Pollak
USMJ
1/19/18

-4-