

**David McCraw**
Vice President and
Deputy General Counsel

620 Eighth Avenue
New York, NY 10018

tel 212.556-4031
fax 212.556-4634
mccraw@nytimes.com

January 23, 2018

Hon. Cheryl L. Pollack
United States Magistrate Judge
Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

Re:   *Cordero v. City of New York, et al.*, 15 CV 3436 (JBW) (CLP)

Dear Judge Pollack,

On behalf of The New York Times Company ("The Times"), I respectfully write to request that the Court remove the confidentiality designations from the documents discussed below, all or parts of which may currently be under seal. We believe that under applicable Second Circuit precedent, these documents should be public except for those parts that disclose personal medical information or identify crime victims or confidential police witnesses. As to those parts, redaction can adequately protect any privacy or law-enforcement interests implicated. If the Court prefers, we are prepared to move by formal motion.

Based on Plaintiff's Letter Motion filed January 18, 2018, Dkt. No. 142 (the "Letter Motion"), it is our understanding that the defendants recently produced in discovery approximately 228 pages of records, as well as Microsoft Excel spreadsheets and a privilege log. Pursuant to the parties' confidentiality agreement, defendants initially designated all of that material confidential. Letter Motion at 1-2. As detailed in the Letter Motion, defendants have agreed to lift the confidentiality designations as to some of the materials. *Id.* at 2. However, defendants continue to assert confidentiality as to "information related to suspected instances of officer false statements and overtime abuse, and the municipality's disposition and categorization of such allegations, during the period 2012-2014." *Id.* Defendants assert confidentiality even though, according to the Letter Motion, the documents at issue have been redacted so that they do not reveal the identities of any individual officers. *Id.* at 3.

**The Right To Intervene**.  Because "vindication of [the] right [of public access] requires some meaningful opportunity for protest by persons other than the initial litigants," *In re Herald Co.,* 734 F.2d 93, 102 (2d Cir. 1984), news organizations routinely are permitted to intervene and be heard on issues involving public access to proceedings and documents, including challenges to discovery protective orders.  Courts in the Second Circuit have granted such intervention

pursuant to Rule 24 of the Federal Rules of Civil Procedure, either as a matter of right or permissively. *See, e.g.*, *Securities and Exchange Comm'n v. TheStreet.Com*, 273 F.3d 222, 226 n.4, 234 (2d Cir. 2001); *Coleman v. Cty. of Suffolk*, 174 F. Supp. 3d 747, 754-55 (E.D.N.Y. 2016), *aff'd*, 685 F. App'x 69 (2d Cir. 2017); *Schiller v. City of New York ("Schiller I")*, No. 04 Civ. 7922 (KMK) (JCF), 2006 U.S. Dist. Lexis 70479, at * 5-*7 (S.D.N.Y. Sept. 27, 2006); *Kelly v. City of New York*, No. 01 Civ. 8906 (AGS)(DF), 2003 U.S. Dist. Lexis 2553, at *6-*7 (S.D.N.Y. Feb. 26, 2003); *In re NASDAQ Market-Makers Antitrust Litig.*, 164 F.R.D. 346, 350-51 (S.D.N.Y. 1996); *Havens v. Metropolitan Life Ins. Co.*, No. 94 Civ. 1402 (CSH), 1995 U.S. Dist. Lexis 5183, at *6-*22 (S.D.N.Y. April 20, 1995); *Savitt v. Vacco*, No. 95 Civ. 1842 (RSP/DRH), 1996 U.S. Dist. Lexis 16875, at *25 (N.D.N.Y. Nov. 8, 1996). The Times's intervention will assure that the public's interest in access is appropriately represented. *See Schiller I*, 2006 U.S. Dist. Lexis 70479, at *7-*8; *Savitt*, 1996 U.S. Dist. Lexis 16875, at *25-*26; *Nasdaq*, 164 F.R.D. at 351.

**Improper Confidentiality Designation**. Concededly, there is neither a common law nor First Amendment presumption of access to unfiled discovery, as there is with judicial documents filed with a court. *See generally Lugosch v. Pyramid Company of Onondaga*, 435 F.3d 110 (2d Cir. 2006) (First Amendment and common law right to judicial documents); *United States v. Amodeo*, 44 F.3d 141 (2d Cir. 1995) (common law right to judicial documents). That does not mean, however, that discovery is subject to sealing only at the discretion of the parties or a court.

Instead, a party must show that it has met the "good faith" standards set forth in Federal Rule of Civil Procedure 26(c) before sealing is permissible. The Second Circuit has explained: "[T]he party seeking a protective order has the burden of showing that good cause exists for issuance of that order. It is equally apparent that the obverse also is true, i.e., if good cause is not shown, the discovery materials in question should not receive judicial protection and therefore would be open to the public for inspection." *Gambale v. Deutsche Bank AG*, 377 F.3d 133, 142 (2d Cir. 2004) (quotation and citation omitted); *see also San Jose Mercury News, Inc. v. U.S. Dist. Ct.*, 187 F.3d 1096, 1103 (9th Cir. 1999) ("It is well-established that the fruits of pretrial discovery are, in the absence of a court order to the contrary, presumptively public."); *Giarraffa v. Andersen Corp.*, No. CV 88-2490 (JBW), 1990 U.S. Dist. Lexis 20990, at *2 (E.D.N.Y. Aug. 27, 1990) ("It has been consistently held that it is the party seeking the restriction on discovery proceedings that has the burden of proving the propriety of a protective order."); *Coggins v. Cty. of Nassau*, No. 07-CV-3624 (JFB) (AKT), 2014 U.S. Dist. Lexis 15001, at *6 (E.D.N.Y. Feb. 6, 2014) ("Because protective orders can implicate the public's First Amendment and common law right of access to the courts . . . Rule 26(c) requires the party seeking the order to demonstrate good cause."); *King v. Conde*, 121 F.R.D. 180, 190 (E.D.N.Y. 1988) (Weinstein, J.) ("Under Fed. R. Civ. P. 26(c) the burden is on the party seeking [confidentiality] to show 'good cause,' with particular factual support, why [confidentiality] is necessary.").

Under Rule 26(c), the party seeking confidentiality must establish "particular and specific facts" rather than "conclusory assertions," that justify the imposition of a protective order. *Rofail v. United States*, 227 F.R.D. 53, 54 (E.D.N.Y. 2005) (quotation and citation omitted). *See also Coggins*, 2014 U.S. Dist. Lexis 15001, at *7 (the party seeking confidentiality must demonstrate good cause "by a particular and specific demonstration of fact" (quotation and citation omitted)); *Schiller v. City of New York ("Schiller II")*, 04 Civ 7922 (KMK) (JCF), 2007 U.S. Dist. Lexis

4285, at *18 (S.D.N.Y. Jan 19, 2007) ("the harm must be significant, not a mere trifle" (citation and quotation omitted)); *Bank of N.Y. v. Meridien BIAO Bank Tanzania Ltd.*, 171 F.R.D. 135, 143 (S.D.N.Y. 1997) ("Broad allegations of harm, unsubstantiated by specific examples or articulated reasoning, do not satisfy the Rule 26(c) test." (citation and quotation omitted)).  This is a "substantial threshold showing." *King*, 121 F.R.D. at 189 (citation and quotation omitted).

Even if the party seeking confidentiality meets that standard, "the court may balance the countervailing interests to determine whether to exercise discretion and grant the order." *Hasbrouck v. BankAmerica Hous. Servs.*, 187 F.R.D. 453, 455 (N.D.N.Y. 1999) (collecting cases). "Such countervailing interests include the public's interest in the information contained in the documents." *Coggins*, 2014 U.S. Dist. Lexis 15001, at *7 (citing *Cumberland Packing Corp. v. Monsanto Co.*, 184 F.R.D. 504, 505 (E.D.N.Y.1999); *In re Zyprexa Injunction*, 474 F. Supp. 2d 385, 415 (E.D.N.Y 2007) ("Balancing requires taking into account litigants' privacy rights as well as the general public's interest in the information.").

Courts repeatedly have found that there is a compelling public interest in documents regarding the performance of law enforcement and public officials.  *See, e.g.*, *Padberg v. McGrath-McKechnie*, CV-00-3355 (RJD) (SMG), 2005 U.S. Dist. Lexis 44519, at *5-*7 (E.D.N.Y. April 27, 2005) (public access was warranted because of the heightened public interest in monitoring elected officials); *cf. Ottati v. City of Amsterdam*, 06-CV-1370 (NPM / DEP), 2010 U.S. Dist. Lexis 145010, *21-*24 (N.D.N.Y. Jan 25, 2010) (acknowledging the significant public interest in judicial documents that would help "hold[] public agencies accountable" and provide the public "unfettered access involving their elected officials and into the performance of their Chief of Police"); *Flaherty v. Seroussi*, 209 F.R.D. 295, 299-300 (N.D.N.Y. 2001) (declining to seal discovery because there is "a strong, legitimate public interest on the part of the citizenry to have unfettered access to court proceedings, particularly when they involve elected officials and the performance of their governmental responsibilities"); *see generally Schiller II*, 2007 U.S. Dist. Lexis 4285 (unsealing various police documents in a case challenging the practices of the New York City Police Department ("NYPD")).

At issue in this litigation are allegations that NYPD police officers unlawfully deprived a citizen of his liberty and falsely charged him with a crime, purely for personal financial gain.  Moreover, the Complaint alleges not only that the individual officers acted unlawfully, but that supervisory and disciplinary processes within the NYPD failed to prevent or punish their actions—and thereby facilitated widespread misconduct within the department.  To the extent that the allegations in the Complaint are well-founded, the safety and security of New Yorkers are at stake.  Few issues present a more compelling case for public openness.

The public is ill-served by not having the opportunity to know what evidence is being offered up by the parties to support or disprove  plaintiff's claims and defendants' answer – and more broadly to understand how the NYPD and the City have handled allegations of false statements and overtime abuse, and what actions have or have not been taken.  As this court previously noted, serious allegations have been made that there is a "culture of lying and corruption in the [NYPD's] drug enforcement units," and it is a matter of public record that hundreds of drug cases have been compromised as a result of NYPD police officers mishandling evidence.  *Cordero v. City of New York*, -- F. Supp. 3d --, 2017 U.S. Dist. Lexis 171961, at * 3 (E.D.N.Y. Oct. 17, 2017).  Further, the public has a legitimate interest in monitoring how the defense is

being conducted, whether settlement should be pursued, what risk of liability exists—in short, to better know how public monies are being spent in defending this case.

Accordingly, we respectfully ask the Court to lift the confidentiality designations from the materials identified in plaintiff's Letter Motion, except as to any sensitive personal or law-enforcement information.

Respectfully submitted,

*/s/ David E. McCraw*

David E. McCraw

Cc:  Gabriel Paul Harvis, Counsel for Plaintiff (via ECF)
     Baree N Fett, Counsel for Plaintiff (via ECF)
     Amatullah Khaliha Booth, Counsel for Defendants (via ECF)
     Erica Michelle Haber, Counsel for Defendants (via ECF)
     Philip R. DePaul, Counsel for Defendants (via ECF)