

**THE CITY OF NEW YORK**

## LAW DEPARTMENT

**ZACHARY W. CARTER**
*Corporation Counsel*

100 CHURCH STREET
NEW YORK, NY 10007

**PHILIP R. DePAUL**
*Senior Counsel*
Phone: (212) 356-2413
Fax: (212) 356-3509
pdepaul@law.nyc.gov

January 23, 2018

**BY ECF**
Honorable Cheryl L. Pollak
United States Magistrate Judge
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

        Re:    <u>Hector Cordero v. City of New York, et al.</u>
               15 CV 3436 (JBW) (CLP)

Your Honor:

        I am a Senior Counsel in the Office of Zachary W. Carter, Corporation Counsel of the City of New York, and one of the attorneys assigned to the defense of the above-referenced matter.  Pursuant to the Court's Order dated January 19, 2018, defendants write to respond to plaintiff's letter application dated January 18, 2018, which seeks to de-designate as confidential documents produced by defendants in connection with Phase II discovery.  For the reasons set forth below, plaintiff's motion should be denied.

        The disputed records[1] are—and should remain—confidential.  First, the Court has already found, consistent with the practice in countless other cases in this District, that good cause exists for the confidentiality of these records.  What's more, plaintiff's counsel has also represented that these records should be confidential.  Second, even though plaintiff claims that there is "vital public interest" in this case, plaintiff has not even attempted to show that the disputed records are "judicial documents" to which the public may have a right of access.  Indeed, these records would only be relevant to the Phase II trial against the City of New York.  But plaintiff can only proceed to Phase II if he prevails at the Phase I trial—an outcome that is hardly assured.  Given the very real prejudice that would result if these records were publicly disseminated now, defendants respectfully request that the Court maintain their confidentiality.

---

[1] Pursuant to the Court's Order dated January 19, 2018, the disputed records are being submitted to Chambers for *in camera* inspection.  As this letter is being publicly filed on ECF, defendants have not specifically addressed the confidentiality of the disputed records submitted *in camera* on a document-by-document basis.  Should the Court require a document-specific analysis of the disputed records, defendants will be happy to file a letter regarding same under seal.

A. **Good Cause for the Confidentiality of These Records has Already been Determined and Acknowledged by the Court and Plaintiff's Counsel.**

Plaintiff's argument that the disputed records should be de-designated as confidential centers on his assertion that there is no "good cause" to keep these records confidential pursuant to FED. R. CIV. P. 26(c). (ECF No. 142, at 2-4.) Yet, in making this argument, he ignores two fundamental facts: (1) that "good cause" has already been established; and (2) plaintiff's counsel has already acknowledged that these records should be confidential.

First, "good cause" has already been established. By Order dated December 14, 2015, the former United States Magistrate Judge assigned to this case, the Honorable Marilyn D. Go, approved the parties' jointly proposed Protective Order. (ECF No. 18.) The Protective Order specifically covers the disputed records at issue here: "New York City Police Department personnel and disciplinary-related records and information, and records of investigations regarding the conduct of Members of the Service of the NYPD conducted by the NYPD, the Civilian Complaint Review Board, or other agencies." (ECF No. 18-1, ¶ 2(a).) The Protective Order, which was agreed upon and signed by plaintiff's counsel, acknowledges that "good cause exists for the entry of an order pursuant to Rule 26(c) of the Federal Rules of Civil Procedure." (ECF No. 18-1, at 5.) The language of the Protective Order is consistent with those filed and adopted in countless other cases in this District, all of which provide that documents similar to the disputed records should be confidential.

Second, plaintiff's counsel acknowledged that these records should be confidential. By letter dated November 27, 2017, plaintiff's counsel submitted proposed specific Phase II document requests for the Court's approval. (ECF No. 128.) In that letter, plaintiff agreed that "documents reflecting the nature and outcome of investigations undertaken by NYPD in response to" adverse judicial credibility determinations and communications received by NYPD from any judge or district attorney should be produced "on a *confidential basis*." (ECF No. 128, Doc. Req. No 4, at 3.) (emphasis added.)   Third, by Order dated December 13, 2017, this Court addressed the propriety of plaintiff's document requests.  The Court did not find any issue with the fact that plaintiff had requested these documents on a confidential basis, and even repeated that condition in its Order. (ECF No. 135, at 10.)

The disputed records were produced as responsive to those Phase II document requests. It is not clear—and plaintiff's present motion makes no attempt to explain—why records expressly defined as confidential by the Protective Order, and directly responsive to a document request that acknowledged their confidentiality, should now be stripped of any protection. Plaintiff's motion should be denied on that basis alone.

B. **The Disputed Records are Not Judicial Documents to Which the Public may have a Right of Access.**

Plaintiff claims that the confidentiality of these documents must "yield to . . . the vital public interest" in this case. (ECF No. 142, at 3.) But public interest in a case, no matter how great, does not equate to a right to publicly disclose all documents exchanged by the parties in discovery.

The Supreme Court has indicated that there is no "unrestrained right to disseminate information that has been obtained through pretrial discovery." <u>Times Co. v. Rhinehart</u>, 467 U.S. 20, 31 (1984). The weight given to the presumption of public access is

determined by "the role of the material at issue in the exercise of Article III judicial power and the resultant value of such information to those monitoring the federal courts." United States v. Amodeo, 71 F.3d 1044, 1049 (2d Cir. 1995).  Before any such presumption can attach, however, it must first be determined that the documents at issue are, in fact, judicial documents. "[T]he mere filing of a paper or document with the court is insufficient to render that paper a judicial document subject to the right of public access." United States v. Amodeo, 44 F.3d 141, 145 (2d Cir. 1995).  In order to be designated a judicial document, "the item filed must be relevant to the performance of the judicial function and useful in the judicial process." Id.

The disputed records are not judicial documents.  It bears emphasis that the disputed records have not formed the basis of *any* judicial function or decision in connection with this case.  This is true even for the Honorable Jack B. Weinstein's summary judgment decision dated October 17, 2017, on which plaintiff's present application heavily relies. Judge Weinstein did not base his decision on the municipal or disciplinary records at issue here, as they had not been produced to plaintiff and were not part of the summary judgment record.  Rather, Judge Weinstein based his decision on media articles. (ECF No. 117, at 3-4 & nn.1 & 2.)

Moreover, Judge Weinstein bifurcated the municipal liability claims against the City. Those claims may only be tried if the individual defendants are found liable as to the claims in Phase I. (ECF No. 117, at 21.)  And, even if plaintiff does prevail at Phase I and is allowed to proceed to Phase II,[2] the admissibility of the disputed records at any Phase II trial would still need to be ruled upon before they can be presented to the jury.  In short, the disputed records may never become judicial documents at all.  Plaintiff's counsel should not be permitted to publicly disclose them now.

To be clear, defendants have not over-designated documents as confidential in this case.  Indeed, just with respect to this dispute, after plaintiff's counsel alerted defendants to his intention to challenge the confidentiality designations over defendants' Phase II document productions, defendants withdrew confidentiality designations over certain documents that could have been deemed "public."  Defendants maintain confidentiality of the disputed records, however, because the prejudice that would result to defendants if they are not protected would be manifold.

The disputed records include summaries of internal NYPD investigations concerning allegations of officer credibility and overtime abuse spanning two years. Notwithstanding that  specific personal identifying information has been redacted, these records are still highly sensitive, and include other identifying information such as case and log numbers, the alleged incident dates, the relevant precincts, the narratives of the allegations, and the dispositions.  This is the type of personnel information "used to evaluate performance toward continued employment or promotion" of police officers that is expressly protected as confidential under state law. N.Y. CIV. RIGHTS LAW § 50-(a)(1).

---

[2] Should the Phase I jury return a mixed verdict, however, defendants reserve the right to challenge the propriety of any Phase II trial against the City.  Indeed, and solely by way of example, should the jury find for plaintiff on his unlawful strip search claim against Police Officer Rubin and for the defendants on all other claims, defendants submit the constitutional violation of the unlawful strip search could not have been caused by any of the deliberate indifference theories articulated by Judge Weinstein in his summary judgment decision concerning officer perjury or false statement or overtime abuse, making a Phase II trial against the City would unnecessary.

If these records were to be stripped of protection, nothing would prevent plaintiff's counsel from using them in the other civil rights cases against NYPD officers that comprise the majority of their practice. Far worse, plaintiff's counsel would be free to publicly disclose them—and favorably skew the public discourse—before any credible evidence supporting their client's claims has been presented to a jury.

Accordingly, defendants respectfully request that the Court deny plaintiff's motion to de-designate the disputed records as confidential.

Defendants thank the Court for its time and consideration of this matter.

Respectfully submitted,

/s/

Philip R. DePaul
Senior Counsel
Special Federal Litigation Division

cc:   Gabriel P. Harvis, Esq., *Attorney for Plaintiff* (by ECF)
      Baree N. Fett, Esq., *Attorney for Plaintiff* (by ECF)