

**ZACHARY W. CARTER**
*Corporation Counsel*

THE CITY OF NEW YORK
## LAW DEPARTMENT
100 CHURCH STREET
NEW YORK, NY 10007

**PHILIP R. DePAUL**
*Senior Counsel*
Phone: (212) 356-2413
Fax: (212) 356-3509
pdepaul@law.nyc.gov

January 26, 2018

**BY ECF**
Honorable Cheryl L. Pollak
United States Magistrate Judge
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

> Re: <u>Hector Cordero v. City of New York, et al.</u>
> 15 CV 3436 (JBW) (CLP)

Your Honor:

      I am a Senior Counsel in the Office of Zachary W. Carter, Corporation Counsel of the City of New York, and one of the attorneys assigned to the defense of the above-referenced matter. Defendants write to oppose The New York Times Company's ("The Times") application dated January 23, 2018, (ECF No. 145), to intervene in this matter to lift the confidentiality designations over the records which are the subject of a dispute currently pending before the Court. (See ECF Nos. 142, 146.) Just as the Court should deny plaintiff's pending application, it should also deny The Times' application.

      The records that plaintiff and The Times seek to de-designate are the same. Even if The Times' application is entirely coincidental, the fact that is it being made at this juncture is evidence of the prejudice that the individual defendants would suffer if plaintiff and the Times were to prevail—a skewed public discourse about police officers lying whenever they are under oath. Judge Weinstein recognized a separate, but mostly indistinguishable danger when bifurcating the Phase I and II trials, stating that the individual defendants would "suffer prejudice by the introduction of wide-spread municipal misconduct—lying by police officers—needed to prove a municipal policy." (ECF No. 117, at 5.) Defendants are entitled to a fair trial based on credible evidence. They should not also have to contend with a media atmosphere that casts all members of NYPD as perjurers and a potentially tainted jury pool. The Times' and plaintiff's applications can be—and should be—denied for this reason.

      The Times' application fails on other fronts as well. First, they do not satisfy Rule 24 of the Federal Rules of Civil Procedure, which governs "as of right" or permissive intervention. FED. R. CIV. P. 24(a), (b). Not only does The Times' application ignore this distinction, but it also sidesteps any analysis of the many factors that courts consider in determining such motions.

As a threshold matter, "[i]t is well settled that intervention pursuant to Rule 24(b) is the proper procedure for a third party to seek to modify a protective order in a private suit." Diversified Group. Inc. v. Daugerdas, 217 F.R.D. 152, 157 (S.D.N.Y. 2003); see also Dorsett v. County of Nassau, 10 CV 1258 (ADS) (AKT), 2012 U.S. Dist. LEXIS 168073, at *46 (E.D.N.Y. Nov. 26, 2012) (permissive intervention under Rule 24(b) "is the more proper procedural route for the intervention by a non-party in a private civil action for the purpose of vacating or modifying a confidentiality order"). As such, the Times' motion to intervene should be evaluated as seeking permissive intervention pursuant to Rule 24(b), not as intervention "as of right" under Rule 24(a).

Rule 24(b)(1) provides, in part, that after a "timely motion, the court may permit anyone to intervene who: . . . (B) has a claim or defense that shares with the main action a common question of law or fact." While allowing permissive intervention is within the Court's broad discretion, Daugerdas, 217 F.R.D. at 157, the Court can deny the motion when "the intervention will unduly delay or prejudice the original parties' rights." FED. R. CIV. P. 24 (b)(3). The Court should deny The Times' motion on both grounds. As previously explained, the individual defendants are entitled to a fair trial on the merits, and should not also have to defend against unfavorable media. On a more practical level, the parties are less than one month away from the Phase I trial. Our time and resources should be focused on trial. Just this response to The Times' alone has unnecessarily diverted counsel's attention from trial preparation. A favorable decision in The Times' favor would undoubtedly lead to more distractions, and could even delay the Phase I trial.

Additionally, the disputed documents at issue were produced in reliance of the Confidentiality Stipulation and Protective Order. Any modification of the Order with respect those already-produced documents would likewise cause prejudice. See Schiller v. City of New York, No. 04 Civ. 7922 (KMK) (JCF), 2007 U.S. Dist. LEXIS 4285, at *59 (S.D.N.Y. Jan. 19, 2007) (noting that "there is a strong presumption *against* modification of a protective order to permit public access to discovery materials when those materials have been produced in reliance upon the protective order.") (emphasis added). Indeed, in defendants' view, internal NYPD documents which are included within the disputed records are protected by the deliberative process privilege. Notwithstanding this, defendants opted to waive the privilege because those documents were responsive to the Court's Order dated December 13, 2017. The waiver, however, was done in reliance on the protections against public disclosure afforded by the Confidentiality Stipulation and Protective Order. To change course now would prejudice defendants for producing privileged—but nevertheless responsive—documents in good faith.

Second, even if the Court grants The Times' motion to intervene, The Times' application still fails because it cannot satisfy its burden to actually modify and/or vacate the Confidentiality Stipulation and Protective Order dated December 14, 2015. (ECF Nos. 18, 18-1.) As explained in defendants' January 23rd application, plaintiff's insistence that there was no "good cause" for the confidentiality designation of the disputed records is misplaced. Magistrate Judge Go already determined that good cause existed for keeping the disputed records confidential *and* plaintiff has agreed to keep these records confidential.  (ECF No. 146, at 2.)

The Times' reliance on the "good cause" standard is also misplaced, but for a different reason.  Where, as here, the party that seeks to challenge confidentiality designations is not a signatory to a protective order (and, thus, cannot invoke the rights afforded to signatories for challenging confidentiality designations) that challenge is construed as an application to

modify the protective order and the more stringent standard of <u>Martindell v. International Telephone & Telegraph Co.</u> applies. 594 F.2d 291 (2d Cir. 1979).

Pursuant to <u>Martindell</u>, if a third-party intervener like The Times seeks to modify a judicially approved protective order, that application must be denied "absent a showing of improvidence in the grant" of the protective order or "some extraordinary circumstance or compelling need." <u>Martindell</u>, 594 F.2d at 296. The Times' application does not even acknowledge this standard, let alone attempt to meet it.

Even if The Times' application can be read to argue that the public interest in this case satisfies the "extraordinary circumstance or compelling interest" required by <u>Martindell</u>, such an argument is contrary to clearly established law. Courts in this Circuit have routinely held that "public interest" in a particular litigation does not rise to the level of an "extraordinary circumstance or compelling interest." <u>See, e.g.</u>, <u>Daniels v. City of New York</u>, 200 F.R.D. 205, 210 (S.D.N.Y. 2001) (agreeing with the City's contention that "the fact that the investigation involves a matter of public interest is not extraordinary given that Government investigations involve issues of public interest."); <u>Dorsett</u>, 2012 U.S. Dist. 168073, at *76-*77 (same). While the media "certainly enjoy[s] speech and press rights protected under the First Amendment . . . these rights are not sufficient to qualify as an extraordinary circumstance or compelling need to vacate" a protective order. <u>Id.</u> Indeed, if that were the rule, it "would effectively eviscerate the <u>Martindell</u> standard." <u>Id.</u> (citing <u>Daniels</u>, 200 F.R.D. at 210).

Finally, defendants stress that the only claims to which the records sought by The Times relate are the municipal liability claims described in Judge Weinstein's summary judgment decision. Whether, and to what extent, those claims will be tried is still a very open question at this point—because *none* of the individual defendants have been found liable of anything. (See ECF No. 117, at 21.)

Accordingly, defendants respectfully request that the Court allow the disputed records to remain confidential by denying both The Times' and plaintiff's applications.

Defendants thank the Court for its time and consideration of this matter.

Respectfully submitted,

/s/

Philip R. DePaul
Senior Counsel
Special Federal Litigation Division

cc: David McCraw, Esq., *Attorney for The Times* (by ECF)
Gabriel P. Harvis, Esq., *Attorney for Plaintiff* (by ECF)
Baree N. Fett, Esq., *Attorney for Plaintiff* (by ECF)