UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------x
HECTOR CORDERO,

        Plaintiff,

 -against-

CITY OF NEW YORK; Police Officer HUGO HUGASIAN, Shield No. 10228; Lieutenant CHRISTOPHER MORAN; Police Officer PETER RUBIN, Shield No. 00934; Police Officer JOHN ESSIG, Shield No. 08667),

        Defendants.
-------------------------------------------------------------x

**PLAINTIFF'S PROPOSED JURY INSTRUCTIONS**

15 CV 3436 (JBW) (CLP)

  Plaintiff Hector Cordero respectfully submits the following Proposed Jury Instructions.

Dated: February 16, 2018
    New York, New York

HARVIS & FETT LLP

_____
Gabriel P. Harvis
Baree N. Fett
305 Broadway, 14th Floor
New York, New York 10007
(212) 323-6880
gharvis@civilrights.nyc

*Attorneys for plaintiff*

## Proposed Jury Instruction No. 1
## ESSENTIAL ELEMENTS OF PLAINTIFF'S § 1983 CLAIM

In order to prove his claim under 42 U.S.C. § 1983 against a defendant, the burden is on plaintiff to establish by a preponderance of the evidence each of the following elements for that defendant:

<u>First</u>: That the defendants acted under the color of the authority of the State of New York.

<u>Second</u>: That the defendants performed acts that operated to deprive plaintiff of one or more of his federal constitutional rights, as defined and explained in these instructions.

<u>Third</u>: That the defendants' acts were the proximate cause of damages sustained by the plaintiff.

Source: (adapted from) O'Malley, *Federal Jury Practice and Instructions* § 165.20.

Proposed Jury Instruction No. 2
FIRST ELEMENT: ACTING UNDER COLOR OF STATE LAW

In this case, the plaintiff and defendants have agreed that each of the defendants acted under color of state law with respect to plaintiff's claims, and you should, therefore, accept this first element as proven as to each defendant.

Proposed Jury Instruction No. 3
SECOND ELEMENT: DEPRIVATION OF A FEDERAL
CONSTITUTIONAL RIGHT

The second element of plaintiff's claim is that he was deprived of a federal constitutional right by one or all of the defendants. Mr. Cordero claims as follows:

> First, that he was falsely arrested by defendant Hugasian.
>
> Second, that he was maliciously prosecuted by defendant Hugasian.
>
> Third, that he was denied the right to a fair trial by defendant Hugasian.
>
> Fourth, that he was unlawfully strip searched by defendant Rubin.
>
> Fifth, that defendant Essig failed to intervene in the strip search.
>
> Sixth, that defendant Moran is liable as a supervisor.

I will instruct you in detail as to what Mr. Cordero must show to establish each of the claimed violations of his constitutional rights. If you find that Mr. Cordero meets those requirements as to any one or more of the claimed violations of his constitutional rights, you must find in Mr. Cordero's favor and award him any damages that were proximately caused by those violations.

Mr. Cordero need not show that any defendant intended to deprive him of his constitutional rights. The fact that any defendant had no specific intent or purpose to deprive Mr. Cordero of his constitutional rights will not absolve them from liability if the defendant did in fact deprive Mr. Cordero of those rights, so long as defendants' acts themselves were intentional rather than accidental.

Source: *Hudson v. City of New York*, 271 F.3d 62, 68-69 (2d Cir. 2001) (holding that specific intent is not an element of a § 1983 claim).

# Proposed Jury Instruction No. 4
## SECOND ELEMENT: DEPRIVATION OF A FEDERAL CONSTITUTIONAL RIGHT

### False Arrest

Mr. Cordero alleges a claim of false arrest against defendant Hugasian. Under the United States Constitution, no person may be arrested without probable cause for such an arrest. This means that the police officers who made the arrest must collectively have information at the time of the arrest that would lead a reasonable person who possesses the same official expertise as the officers to conclude that the person being arrested has committed or is about to commit a crime.

Because the existence of probable cause is analyzed from the perspective of a reasonable person standing in the officers' shoes, the actual subjective beliefs of the officers is irrelevant to the determination of probable cause.

An arrest conducted without an arrest warrant is presumptively unlawful. Therefore, it is defendant Hugasian's burden to show by a preponderance of the evidence that he had probable cause to believe that Mr. Cordero had committed or was about to commit a crime at the time that of his arrest.

>Under the New York Penal Law, § 220.16(1),
>
>A person is guilty of criminal possession of a controlled substance in the third degree when he knowingly and unlawfully possesses a narcotic drug with intent to sell it.
>
>Under the New York Penal Law, § 220.39(1),
>
>A person is guilty of criminal sale of a controlled substance in the third degree when he knowingly and unlawfully sells a narcotic drug.
>
>Under the New York Penal Law, § 220.03,
>
>A person is guilty of criminal possession of a controlled substance in the seventh degree when he or she knowingly and unlawfully possesses a controlled substance.

I instruct you that Mr. Cordero's possession of cash is not to be considered in deciding whether the arrest was justified.

If you find that defendant Hugasian failed to show by a preponderance of the evidence that he had probable cause to arrest Mr. Cordero for the aforementioned crimes, without taking Mr. Cordero's possession of currency into consideration, you must find in Mr. Cordero's favor and award him any damages that were proximately caused by the false arrest.

You must award at least compensatory damages if you find that Mr. Cordero was subjected to a false arrest.

Source: (first paragraph adapted from) Sand, *Modern Federal Jury Instructions*, Instruction 87-74A; *Whren v. United States*, 517 U.S. 806, 813 (1996) (subjective intentions irrelevant to probable cause analysis); *United States v. Cruz*, 834 F.2d 47, 51 (2d Cir. 1987) (collective knowledge of officers); *Raysor v. Port Auth. of N.Y. & N.J.*, 768 F.2d 34, 39-40 (2d Cir. 1985) (burden of proof); *Amore v. City of Ithaca*, 2008 U.S. Dist. LEXIS 26035 (N.D.N.Y Mar. 28, 2008) (burden of proof); *Kerman v. City of New York*, 374 F.3d 93, 124 (2d Cir. 2004) (entitlement to compensatory damages); N.Y. Penal Law §§ 220.16, 220.39, 220.03.

Proposed Jury Instruction No. 5
SECOND ELEMENT: DEPRIVATION OF A FEDERAL
CONSTITUTIONAL RIGHT

Malicious Prosecution

Mr. Cordero alleges a claim of malicious prosecution against defendant Hugasian. In order to establish a claim of malicious prosecution, plaintiff must prove by a preponderance of the evidence that: (1) defendant Hugasian commenced a criminal proceeding against the plaintiff; (2) the criminal proceeding was terminated in plaintiff's favor; (3) there was an absence of probable cause for the proceeding; (4) defendant Hugasian acted with actual malice in commencing the proceeding against plaintiff; and (5) plaintiff suffered a post-arraignment deprivation of his liberty as a result of that proceeding.

The parties here agree that the first, second and fifth elements have been established, namely that Hugasian commenced the criminal prosecution, that it was terminated favorably, and that plaintiff suffered a post-arraignment deprivation. Additionally, a finding of probable cause permits the inference of malice. This means that the only issue for you to decide is whether defendant Hugasian had probable cause to prosecute plaintiff for the specifically charged offenses. If probable cause was lacking as to any charge, you must find in favor of plaintiff.

Source: *Murphy v. Lynn*, 118 F.3d 938, 943 (2d Cir. 1997) (elements of malicious prosecution claim); *Chimurenga v. City of New York*, 45 F.Supp. 2d 337, 342-343 (S.D.N.Y. 1999) (commencement prong); *Rivas v. Suffolk County*, 2008 U.S. App. LEXIS 72 (2nd Cir. Jan. 3, 2008) (favorable termination prong); *Posr v. Doherty*, 944 F.2d 91, 100 (2d Cir. 1991) (holding that probable cause as to one charge does not preclude a malicious prosecution claim as to other charges).

# Proposed Jury Instruction No. 6
## SECOND ELEMENT: DEPRIVATION OF A FEDERAL CONSTITUTIONAL RIGHT

### Denial of the Right to a Fair Trial

I will now instruct you on the law regarding plaintiff's Fair Trial Claim. Under the Constitution, every person has a right not to be prosecuted on the basis of evidence that is fabricated and/or altered by government officials. The government's fabrication and/or alteration of evidence violates the Constitution if (1) an investigating official; (2) fabricates evidence; (3) that is likely to influence a jury's decision; (4) provides that information to prosecutors; and (5) the plaintiff suffers a deprivation of liberty as a result. Probable cause is not a defense to this claim.

The question before you on this claim is whether the plaintiff has proven that defendant Hugasian created false evidence and provided that evidence to prosecutors resulting in a deprivation of plaintiff's liberty. If you determine that defendant Hugasian provided false evidence to prosecutors – in the form of Hugasian's claims about Mr. Cordero's conduct – then you must find for Mr. Cordero on this claim.

With respect to showing a deprivation of liberty, I instruct you that, as a matter of law, plaintiff Hector Cordero has suffered a deprivation of liberty as a result of the arrest. Specifically, he was imprisoned for over ten hours and subjected to compulsory criminal process. These facts establish, as a matter of law, that plaintiff suffered a deprivation of liberty, and you need not consider this issue during your deliberations.

Source: *Garnett v. Undercover Officer C0039*, 838 F.3d 265, 268 (2d Cir. 2016).

## Proposed Jury Instruction No. 7
## SECOND ELEMENT: DEPRIVATION OF A FEDERAL CONSTITUTIONAL RIGHT

### Unlawful Strip Search

Mr. Cordero claims that he was unlawfully strip-searched by defendant Rubin. The Fourth Amendment requires an individualized reasonable suspicion that an arrestee is concealing weapons or other contraband based on the crime charged, the particular characteristics of the arrestee, and/or the circumstances of the arrest, before he may be lawfully subjected to a strip search. A reasonable suspicion of wrongdoing is something stronger than a mere hunch, but something weaker than probable cause. To establish reasonable suspicion, officers must point to specific objective facts and rational inferences that they are entitled to draw from those facts in light of their experience. The standard requires individualized suspicion, specifically directed to the person who is targeted for the strip search.

Whether a strip search is constitutional turns on an objective assessment of the facts and circumstances confronting the searching officer at the time, and not on the officer's actual state of mind at the time of the search. Thus, if you find that defendant Rubin strip-searched Mr. Cordero without reasonable suspicion to believe that Mr. Cordero was secreting contraband, you must find in favor of Mr. Cordero on his unlawful strip search claim.

Sources: *Hartline v. Gallo,* 546 F.3d 95, 100 (2d Cir. 2008); *Weber v. Dell,* 804 F.2d 796, 802 (2d Cir. 1986); *see also N.G. v. Connecticut,* 382 F.3d 225, 232 (2d Cir. 2004); *Varrone v. Bilotti,* 123 F.3d 75, 79 (2d Cir. 1997). *Maryland v. Macon,* 472 U.S. 463, 470-71, 105 S.Ct. 2778, 86 L.Ed.2d 370 (1985); *see also Simms v. Village of Albion, N.Y.,* 115 F.3d 1098, 1108 (2d Cir. 1997).

Proposed Jury Instruction No. 8
SUPERVISORY LIABILITY OF SERGEANT MORAN

A plaintiff seeking to recover damages for an alleged constitutional deprivation against a supervising defendant must show that the supervisor was personally involved. Evidence that may be shown to establish that a supervising defendant was personally involved is that: (1) the defendant participated directly in the alleged constitutional violation; (2) the defendant, after being informed of the violation through a report or appeal, failed to remedy the wrong; (3) the defendant created a policy or custom under which unconstitutional practices occurred, or allowed the continuance of such a policy or custom; (4) the defendant was grossly negligent in supervising subordinates who committed the wrongful acts; or (5) the defendant exhibited deliberate indifference to the rights of plaintiff by failing to act on information indicating that unconstitutional acts were occurring.

If you find that plaintiff has proven by a preponderance of the evidence that defendant Moran is liable for his supervision of subordinate officers, you must find for plaintiff on his supervisory liability claim.

Source: *Colon v. Coughlin*, 58 F.3d 865, 873 (2d Cir. 1995) quoting *Williams v. Smith*, 781, F.2d 319, 323-24 (2d Cir. 1986).

Proposed Jury Instruction No. 9
FAILURE TO INTERVENE

All law enforcement officials have an affirmative duty to intervene to protect the constitutional rights of citizens from infringement by other law enforcement officials in their presence. I instruct you that an officer or supervisor who fails to intercede is liable for the preventable harm caused by the actions of another officer if that officer either observes or has reason to know that a constitutional violation has occurred or is occurring. However, before an officer or supervisor can be held liable for failure to intervene, you must find that the officer or supervisor had a realistic opportunity to prevent the harm from occurring, that is, that he had sufficient time to intercede and a capability to prevent the harm.

Thus, before you can hold a defendant liable, you must conclude that the following elements have been met:

<u>First</u>: that a defendant subjected plaintiff to an unlawful act;

<u>Second</u>: that another defendant observed those actions and knew they were unlawful;

<u>Third</u>: that the observing defendant had a realistic opportunity to intervene, as I have just described that phrase; and

<u>Fourth</u>: that the defendant failed to take reasonable steps to prevent the violations of the plaintiff's constitutional rights.

If you determine that Mr. Cordero was strip searched, and that defendant Essig failed to intervene, you must find for plaintiff on this claim.

Source: Martin A. Schwartz & Judge George C. Pratt, *Section 1983 Litigation Jury Instructions*, Instruction 7.02.2; *O'Neill v. Krzeminski*, 839 F.2d 9, 11 (2d Cir. 1988) (law enforcement officers have an affirmative duty to intervene to protect the constitutional rights of citizens from infringement from other law enforcement personnel in their presence).

-12-

## Proposed Jury Instruction No. 10
## PERSONAL INVOLVEMENT OF EACH DEFENDANT

A plaintiff seeking to recover damages for an alleged constitutional deprivation must show personal involvement on the part of each defendant. To establish that a defendant was personally involved, it is not necessary for plaintiff to establish that the defendant was the ultimate decision maker. A defendant may be held liable if he, with knowledge of the illegality, participates in bringing about a violation of the plaintiff's rights but does so in a manner that is indirect such as ordering or helping others to do the unlawful acts.

Source: *Provost v. City of Newburgh*, 262 F.3d 146, 154 (2d Cir. 2001).

## Proposed Jury Instruction No. 11
## COMPENSATORY DAMAGES

If Mr. Cordero has proved all the elements as to any of his claims, then you must award him such sum of money as you believe will fairly and justly compensate him for any injury you believe he has actually sustained as a proximate result of the misconduct of the defendants.

You shall award actual damages for those injuries which you find that Mr. Cordero has proven by a preponderance of the evidence.

Actual damages must be based on the evidence presented at trial.

Source: (adapted from) Sand, *Modern Federal Jury Instructions*, Instruction 87-87.

## Proposed Jury Instruction No. 12
## NOMINAL DAMAGES

If you return a verdict for the plaintiff, but find that plaintiff has failed to prove by a preponderance of the evidence that he suffered any actual damages, then you must return an award of damages in some nominal or token amount not to exceed the sum of one dollar, evidencing that liability has been proved. Nominal damages are awarded as recognition that the plaintiff's rights have been violated. You would award nominal damages only if you conclude that the only injury that a plaintiff suffered was the deprivation of his constitutional rights, without any resulting damages.

However, if you find that Mr. Cordero was falsely arrested, you must award him compensatory damages and you cannot award him nominal damages on that claim.

Source: (adapted from) Sand, *Modern Federal Jury Instructions*, Instructions 87-88; 77-6; *Kerman v. City of New York*, 374 F.3d 93, 124 (2d Cir. 2004) (entitlement to compensatory damages).

Proposed Jury Instruction No. 13
PUNITIVE DAMAGES

Whether or not you award the plaintiff actual damages, you may also, in your discretion, make an award of punitive damages. Punitive damages are awarded, in the discretion of the jury, to punish a defendant for extreme or outrageous conduct, and to deter or prevent a defendant and others like him from committing such conduct in the future.

You may award the plaintiff punitive damages if you find that the acts or omissions of the defendant were done maliciously or wantonly. An act or failure to act is maliciously done if it is prompted by ill will or spite towards the injured person. An act or failure to act is wanton if done in a reckless or callous disregard of, or indifference to, the rights of the injured person. The plaintiff has the burden of proving, by a preponderance of the evidence, that a defendant acted maliciously or wantonly with regard to the plaintiff's rights.

If you find by a preponderance of the evidence that the defendant acted with malicious intent to violate the plaintiff's rights or if you find that defendant acted with a callous or reckless disregard of the plaintiff's rights, then you may award punitive damages.

In making this decision, you should consider the underlying purpose of punitive damages. Punitive damages are awarded in the jury's discretion to punish a defendant for outrageous conduct or to deter him and others like him from performing similar conduct in the future. Thus, in deciding whether to award punitive damages, you should consider whether defendant may be adequately punished by an award of actual damages only, or whether the conduct is so extreme and outrageous that actual damages are inadequate to punish the wrongful conduct. You should also consider whether actual damages standing alone are likely to deter or prevent this defendant from again performing any wrongful acts he may have performed, or whether punitive damages are necessary to provide deterrence. Finally, you should consider whether punitive damages are likely to deter or prevent other persons from performing wrongful acts similar to those defendant may have committed.

If you decide to award punitive damages, these same purposes should be considered by you in determining the appropriate sum of money to be awarded as punitive damages. That is, in fixing the sum to be awarded, you should consider the degree to which defendant should be punished for his wrongful conduct, and the degree to which an

award of one sum or another will deter defendant or persons like him from committing wrongful acts in the future.

The extent to which a particular sum of money will adequately punish a defendant, and the extent to which a particular sum will adequately deter or prevent future misconduct, may depend upon the financial resources of the defendant against which damages are awarded. Therefore, if you find that punitive damages should be awarded against the defendant, you may consider the financial resources of the defendant in fixing the amount of such damages.

Source: Sand, *Modern Federal Jury Instructions*, Instruction 87-92.