UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------ x

HECTOR CORDERO,
                                                                    **PROPOSED JURY CHARGE**
                              Plaintiff,
                                                                    15-CV-3436 (JBW) (CLP)
                   -against-

Police Officer HUGO HUGASIAN, Shield #10228;
Lieutenant CHRISTOPHER MORAN; Police Officer
PETER RUBIN, Shield # 00934; and Police Officer JOHN
ESSIG, Shield #08667, individually and in their official
capacity as New York City Police Officers,

                                        Defendants.

------------------------------------------------------------------ X


        Pursuant to Rule 51 of the Federal Rules of Civil Procedure, defendants submit the

following proposed jury instructions:[1]


## PART I:  SUBSTANTIVE LAW[2]


### A.      The Statute, Its Function, and Elements of Claim for Relief

        Plaintiff assert claims pursuant to 42 U.S.C. § 1983.

---

[1] Defendants intend to rely on the defense of qualified immunity.  As the Court in Zellner v.
Summerlin, 494 F.3d 344 (2d Cir. 2007), and Stephenson v. John Doe, 332 F.3d 68 (2d Cir.
2003) has held, the issue of qualified immunity is one for the Court to determine as a matter of
law. Thus, defendants respectfully submit that the jury should not be charged on qualified
immunity.  Defendants also respectfully submit that special jury interrogatories may be used to
permit the jury to resolve the disputed facts upon which the Court can then determine, as a matter
of law, the ultimate question of qualified immunity.  Special interrogatories are also appropriate
in this matter as the answers to same may impact whether Phase 2 is necessary even if plaintiff
prevails.  Defendants will submit proposed special interrogatories under separate cover.

[2] Defendants' proposed charge is limited to the elements of the claims, the damages sought and
defenses based on the understanding that the Court already has general instructions.
Notwithstanding, should the Court wish that defendants propose such language, we will
promptly do so.

In order to prevail in this case pursuant to 42 U.S.C. § 1983, plaintiff must prove by a preponderance of the evidence that:

1)      Defendants' conduct deprived the plaintiff of a right protected by the Constitution of the United States; and

2)      Defendants' conduct was a proximate cause of the injuries and damages sustained by the plaintiff.

I will explain these elements to you.

## 1.      First Element:  Deprivation of Constitutional Right

First, plaintiff must show that he was intentionally or recklessly deprived of a constitutional right by the defendants.  Specifically, the plaintiff must show, by a preponderance of the credible evidence, that (a) defendants committed the act alleged by plaintiff; (b) the alleged act caused the plaintiff to suffer the loss of a constitutional right; and (c) in performing the act alleged, defendants acted intentionally or recklessly.

### 1.      *Commission of Alleged Acts*

The first thing for you to determine is whether the defendants committed the acts alleged by plaintiff.  If you find that plaintiff has failed to prove by a preponderance of the credible evidence that the defendants committed the acts alleged by plaintiff, you must find in favor of the defendants.[3]

### 2.      *Loss of a Constitutional Right*

If you determine that the defendants committed the act alleged by plaintiff, you must next determine whether that act caused plaintiff to suffer the loss of a constitutional right.

---

[3] Adapted from the instructions given by the Hon. Paul A. Engelmayer in Gabriel Diaz v. Lauren Diaz, *et al.*, 14 CV 4716 (S.D.N.Y. – delivered on February 3, 2016).

In this case the plaintiff has brought the following claims against the defendants Police Officer Hugo Hugasian, Lieutenant Christopher Moran, Detective Peter Rubin and Detective John Essig:

First, false arrest.

Second, malicious prosecution.

Third, denial of the right to a fair trial.

Fourth, illegal strip search.

Fifth, failure to intervene.

I'll now explain each of these claims to you in more detail.

**FALSE ARREST**

Plaintiff alleges that he was falsely arrested by defendant Hugasian.  Defendants deny this claim and assert that there was probable cause to arrest plaintiff.

Federal law provides that no person may be arrested without probable cause.[4]  Let me explain what "probable cause" means.  Probable cause exists when, based on the totality of circumstances, an officer has knowledge of, or reasonably trustworthy information as to, facts and circumstances that are sufficient to warrant a person of reasonable caution in the belief that an offense has been or is being committed by the person to be arrested.[5]  Defendants have the burden of proving the existence of probable cause.  Whether probable cause existed depends upon the reasonable conclusions to be drawn from the facts known to the defendants at the time

---

[4] Cook v. Sheldon, 41 F.3d 73, 78 (2d Cir. 1994).

[5] Escalera v. Lunn, 361 F.3d 737, 743 (2d Cir. 2004).

3

of the arrest of plaintiff.[6]  You are not to view the question of probable cause from a position of calm, reflective hindsight, but from the position of how the circumstances appeared to the officers at the time.[7]

Probable cause requires only the probability of criminal activity; it does not require an actual showing of criminal activity.[8]  In other words, the arrestee's actual guilt or innocence is irrelevant to the determination of probable cause.[9]  An arrest made with probable cause is lawful even if the plaintiff actually did not commit the crime.[10]  An officer need not have been convinced beyond a reasonable doubt that a criminal offense was being, had been or is about to be committed.  Thus, the ultimate disposition of the criminal charge against plaintiff, whatever it may have been, is irrelevant to this question.[11]  Additionally, I instruct you that the fact that plaintiff was arrested in possession of $581 of United States currency by itself is not indicative of criminal activity.

Because the existence of probable cause is analyzed from the perspective of a reasonable person standing in the officer's shoes, the actual subjective beliefs of the officer are irrelevant to the determination of probable cause.[12]  Once a police officer has a reasonable basis to believe

---

[6] Panetta v. Crowley, 460 F.3d 388, 395 (2d Cir. 2006).

[7] Ali v. City of New York, 11 Civ. 5469 (LAK), 2012 U.S. Dist. LEXIS 126233, at *14 (S.D.N.Y. Sept. 5, 2012).

[8] Ricciuti v. New York City Transit Auth., 124 F.3d 123, 128 (2d Cir. 1997).

[9] Michigan v. DeFillippo, 443 U.S. 31, 36 (1979); Pierson v. Ray, 386 U.S. 547, 555 (1967).

[10] Id.

[11] Pierson v. Ray, 386 U.S. 547, 555 (1967); Weyant v. Okst, 101 F.3d 845, 852 (2d. Cir. 1996).

[12] Whren v. United States, 517 U.S. 806, 812-813 (1996).

4

there is probable cause to arrest, the officer is not required to explore or eliminate every theoretically plausible claim of innocence before making an arrest.[13]

Once officers possess facts sufficient to establish probable cause, they are neither required, nor allowed to sit as prosecutor, judge or jury.  Their function is to apprehend those suspected of wrongdoing, and not to finally determine guilt through the weighing of the evidence.[14]  Probable cause can exist even where it is based on mistaken information, so long as the arresting officer acted reasonably and in good faith in relying on that information.[15]

Moreover, it is not necessary that the officer had probable cause to arrest plaintiff for the offense with which he eventually charged the plaintiff, so long as the officer had probable cause to arrest plaintiff for any criminal offense.  An arrest made with probable cause for any offense – whether charged or not – is lawful.[16]

Defendants assert that probable cause existed to arrest plaintiff for the following offenses:

Criminal possession of a controlled substance in the third degree.  A person is guilty of criminal possession of a controlled substance in the third degree when he knowingly and unlawfully possesses a narcotic drug with intent to sell it.[17]  Crack cocaine is a "narcotic drug" as that term is defined in the relevant statutes.[18]

---

[13] Baker v. McCollan, 443 U.S. 137, 145-46 (1979); Panetta, 460 F.3d at 395.

[14] Krause v. Bennett, 887 F.2d 362, 372 (2d Cir. 1989).

[15] Bernard v. U.S., 25 F.3d 98, 102 (2d Cir. 1994).

[16] Devenpeck v. Alford, 543 U.S. 146, 153 (2004).

[17] See N.Y. Penal Law § 220.16.

[18] See N.Y. Penal Law § 220.00(7); N.Y. Pub. Health Law § 3306.

Criminal sale of a controlled substance in the third degree.  A person is guilty of criminal sale of a controlled substance in the third degree when he knowingly and unlawfully sells crack cocaine.[19]

Criminal possession of a controlled substance in the seventh degree.  A person is guilty of criminal possession of a controlled substance in the seventh degree when he knowingly and unlawfully possesses crack cocaine.[20]

If you find that probable cause existed for any one of the crimes as I just described, then you must find in favor of the defendants with respect to plaintiff's false arrest claim.  Keep in mind, you do not need to be unanimous as to which crime you find probable cause, only that you are unanimous that probable cause existed for any crime.[21]

## MALICIOUS PROSECUTION

Plaintiff also alleges that the defendant Hugasian maliciously commenced a criminal proceeding against him.  You are to decide whether (1) defendant Hugasian initiated a criminal proceeding against plaintiff, (2) there was no probable cause for the commencement of the criminal proceeding, and (3) whether defendant Hugasian's actions leading to the initiation of the proceeding against plaintiff were motivated by malice.  The burden of proof is on the plaintiff to prove by a preponderance of evidence each of these elements.[22]

---

[19] See N.Y. Penal Law § 220.39.

[20] See N.Y. Penal Law § 220.03.

[21] Adopted from the instructions given by the Hon. Allyne R. Ross in Reginald Johnson v. Robert Mayer, et al., 13 CV 7173 (E.D.N.Y. – delivered on June 22, 2016).

[22] Russo v. New York, 672 F.2d 1014, 1018 (2d Cir. 1982).

A defendant may be said to have initiated a criminal prosecution if (a) the defendant directed or required a prosecutor to prosecute, (b) gave the prosecutor, directly or indirectly, such as through the filing of a felony or misdemeanor complaint, information which the defendant knew to be false, or (c) withheld information that a reasonable person would realize might affect the prosecutor's determination whether to prosecute.   A defendant cannot be said to have commenced a criminal proceeding simply because he fairly and truthfully disclosed to the prosecutor all matters within his knowledge that a reasonable person would believe would be important to the question of plaintiff's guilt or innocence. If, however, you find that the defendant gave the prosecutor information that the defendant knew to be false, the defendant is responsible for initiating the prosecution.[23]

I instruct you that the Assistant District Attorney is not a defendant in this action and the defendants may not be held responsible for the actions of the Assistant District Attorneys.  If you find that an ADA and not a defendant caused the initiation of the prosecution of the plaintiff, you must find for defendants. Plaintiff must prove by a preponderance of the evidence that defendants commenced or initiated criminal proceedings against plaintiff.

The next issue is whether plaintiff has proved, by a preponderance of the evidence that defendants lacked probable cause to believe that plaintiff was guilty of a crime.[24]  Previously, I explained the concept of probable cause and the charges made against plaintiff. If you determine that there was probable cause to arrest plaintiff for criminal possession of a controlled substance in the third degree, criminal sale of a controlled substance in the third degree or criminal

---

[23] Rohman v. New York City Transit Auth., 215 F.3d 208, 217 (2d Cir. 2000); Defilippo v. County of Nassau, 183 A.D.2d 695, 696 (NY App. Div. 2d Dep't 1992).

[24] Colon v. City of New York, 60 N.Y.2d 78, 82 (1983).

possession of a controlled substance in the seventh degree then you must conclude that there was probable cause for the criminal prosecution and your verdict must be for the defendant. Alternatively, if you determine that there was no probable cause for plaintiff's arrest, then you must conclude that there was no probable cause for the criminal prosecution and you must find that this third element has been satisfied.

The next element plaintiff must prove by a preponderance of the evidence is that the defendants acted with malice.  A prosecution is initiated maliciously if it is done for a purpose other than bringing an offender to justice, or out of ill will or in reckless disregard of the rights of the person accused.[25]  Malice may be inferred from a lack of probable cause.[26]  However, malice is not shown by the mere fact that probable cause for the prosecution may have been lacking, unless probable cause was "so totally lacking" that no reasonable officer could have thought it existed.[27]

## DENIAL OF A RIGHT TO A FAIR TRIAL

Plaintiff alleges that he was denied the right to a fair trial by defendant Hugasian.  To establish a claim of denial of the right to a fair trial, plaintiff must prove the following elements by a preponderance of the credible evidence of a material nature: (1) that the defendant created false information of a material nature likely to influence a jury's decision; (2) that the defendant forwarded that false information of a material nature to prosecutors; (3) that the prosecutors relied upon that fabricated evidence; and (4) that plaintiff was deprived of liberty as a result of the prosecution's reliance on the fabrication of evidence by the defendant. If you find that

---

[25] Lowth v. Town of Cheektowaga, 82 F.3d 563, 573 (2d Cir. 1996).

[26] Manganiello v. City of New York, 612 F.3d 149, 163 (2d Cir. 2010).

[27] Sankar v. City of New York, 867 F. Supp. 2d 297, 312 (E.D.N.Y. 2012).

plaintiff has failed to prove any of these elements, then you must find in favor of the defendants.[28]

Whether a criminal trial ultimately did take place is irrelevant. A mere mistake, or mistakes, by a police officer in making a written record is not a basis for finding a constitutional violation.[29]

### ILLEGAL STRIP SEARCH

Plaintiff alleges that defendant Rubin subjected him to an unreasonable strip search in violation of his right under the Fourth Amendment to the United States Constitution, which protects the right of persons to be secure in their persons against unreasonable searches by government officials. Defendants deny plaintiff's allegations in their entirety. Thus, if you find that plaintiff has failed to prove by a preponderance of the credible evidence that defendant subjected plaintiff to a search in the manner described by plaintiff, you must return a verdict in favor of defendants.

You should be aware that law enforcement officers have the authority to conduct a limited, minimally intrusive search upon an individual, at the time of an individual's arrest, in

---

[28] See Jury Instructions given by the Honorable Jack B. Weinstein in Patrick Scott v. City of New York, et al., 11 CV 3846 (JBW) (E.D.N.Y. – delivered on March 28, 2013); Jury Instructions given by the Honorable Lewis A. Kaplan in Manigault, 11 CV 4307 (LAK) (S.D.N.Y. – delivered on July 18, 2012); Jury Instructions given by the Hon. Victor Marrero in Jermaine Nibbs v. City of New York, et al., 10 CV 3799 (VM) (S.D.N.Y. – delivered on September 22, 2011); see also Ricciuti v. New York City Transit Auth., 124 F.3d 123, 130 (2d Cir. 1997); accord Jocks v. Tavernier, 316 F.3d 128, 138 (2d Cir. 2003); see also Zahrey v. Coffey, 221 F.3d 342, 355-56 (2d Cir. 2000).

[29] Adapted from the Jury Instructions in Scott, 11 CV 3846 (JBW); see also McGhie v. Main, 2011 U.S. Dist. LEXIS 117606, at *5-6 (E.D.N.Y. 2011) (citing Adekoya v. Fed. Bureau of Prisons, 375 Fed. Appx. 119, 121 (2d Cir. 2010); Daniels v. Williams, 474 U.S. 327, 329-30 (1986)).

order to ensure the officers' safety.[30]   At the same time, "[t]he Fourth Amendment requires an individualized reasonable suspicion that an arrestee is concealing weapons or other contraband based on the crime charged, the particular characteristics of the arrestee, and/or the circumstances of the arrest before [he] may be lawfully subjected to a strip search."[31]   By contraband, the law means an item that is unlawful to possess or that had been used to carry out a criminal offense.  "A reasonable suspicion of wrongdoing is something stronger than a mere hunch, but something weaker than probable cause."[32]   "To establish reasonable suspicion, [officers] must point to specific objective facts and rational inferences that they are entitled to draw from those facts in light of their experience.  The standard requires individualized suspicion, specifically directed to the person who is targeted for the strip search."[33]   Reasonable suspicion may be based upon a number of factors.  Some factors that you may consider are the nature of the offense for which the arrestee is charged, the arrestee's appearance and conduct, and the arrestee's prior criminal record, if any.[34]

In addition to the requirement that the police officers had reasonable suspicion for the strip search, the Fourth Amendment requires that the search be conducted in a reasonable

---

[30] See Rivera v. United States, 928 F.2d 592, 606 (2d Cir. 1991) (citation omitted).

[31] Easton v. City of N.Y., No. 05-CV-1873 (FB) (JMA), 2009 U.S. Dist. LEXIS 53519, *9 (E.D.N.Y. June 23, 2009) (citation omitted).

[32] Id.

[33] Id; see also Bell v. Wolfish, 441 U.S. 520, 558, 559 (1979) (holding that the reasonableness of the strip search must be addressed by considering "the scope of the particular intrusion, the manner in which it is conducted, the justification for initiating it, and the place in which it is conducted.").

[34] See United States v. Arvizu, 534 U.S. 266, 273 (2002); United States v. Muhammad, 463 F.3d 115, 121 (2d Cir. 2006).

manner. This means that the officers must respect an arrestee's privacy interests.  If you determine that the defendant carried out the strip search, it is for you to determine that he did so in a reasonable manner.  "The test of reasonableness under the Fourth Amendment is not capable of precise definition or mechanical application. In each case it requires a balancing of the need for the particular search against the invasion of personal rights that the search entails."[35]  Among the factors you can consider when determining whether the alleged strip search was reasonable are "the scope of the particular intrusion, the manner in which it is conducted, the justification for initiating it, and the place in which it is conducted."[36]  Additionally, a factor you may consider is whether the search was justified by exigent circumstances – such as imminent destruction of evidence.[37]

If you find that plaintiff has proven by a preponderance of the evidence that: (1) defendant Rubin strip searched plaintiff in the manner alleged by plaintiff, and (2) either that there was not reasonable suspicion to conduct a strip search or that the strip search was not conducted in a reasonable manner, then you must return a verdict for the plaintiff.  If both of the above elements have not been proven by a preponderance of the evidence, then your verdict must be for defendants.

## FAILURE TO INTERVENE

Plaintiff alleges that defendants Moran and Essig failed to intervene to stop defendant Rubin from allegedly strip searching him.

---

[35] Bell, 441 U.S. at 559.

[36] Id.

[37] See Tenenbaum v. Williams, 193 F.3d 581, 604 (2d Cir. 1999) ("[i]t is core Fourth Amendment doctrine that a seizure without consent or a warrant is a 'reasonable' seizure if it is justified by 'exigent circumstances.'") (internal citations omitted).

You may only consider plaintiff's failure to intervene claim against defendants Moran and Essig if you determine that plaintiff has proven by a preponderance of the credible evidence that he was subjected to an illegal strip search by defendant Rubin as he alleges.[38]   If you find that plaintiff has failed to prove by a preponderance of the credible evidence that an illegal strip search occurred as alleged by plaintiff, then you must find in favor of defendants.

If you find that plaintiff was subjected to an illegal strip search as alleged, then you must consider the following factors to determine whether defendants Moran and Essig are liable for failure to intervene.

A police officer is under a duty to intercede and prevent fellow officers from subjecting a citizen to an illegal strip search, and may be held liable for his failure to do so if he observes the illegal strip search and has sufficient time to act to prevent it.[39]   This theory of liability applies when, in light of all of the circumstances surrounding the illegal strip search, an officer's failure to intervene despite the opportunity to do so effectively renders him a "tacit collaborator" in the underlying conduct.[40]

This duty only arises, however, if the police officer has a realistic opportunity to intervene to prevent the harm from occurring.[41]   In each case, the question whether a defendant

---

[38] Modified from the Jury Instructions given by the Honorable Naomi Reice Buchwald on May 10, 2017, in the civil matter Wally Quinones v. City of New York, et al., 15-CV-1109 (NRB) ("At the outset, you must determine whether [plaintiff] has proven by a preponderance of the evidence that the alleged acts happened.")

[39] Figueroa v. Mazza, 825 F.3d 89, 106 (2d Cir. 2016) (citing O'Neill v. Krzeminski, 839 F.2d 9, 11-12 (2d Cir. 1988)).

[40] Id.

[41] Lloyd v. City of N.Y., No. 14-CV-9968 (GHW), 2017 U.S. Dist. LEXIS 49526, at *42 (S.D.N.Y. Mar. 31, 2017) (citing Rogoz v. City of Hartford, 796 F.3d 236, 251) (2d Cir. 2015)

had a realistic chance to intercede will turn on such factors as the number of officers present, their relative placement, the environment in which they acted, the nature of the harm and other surrounding factual circumstances.[42]  Among these considerations, the duration of the underlying harm is particularly important.[43]  For example, an officer does not have a realistic opportunity to intervene if the underlying harm arises in a "fairly immediate" manner.[44]  If, upon considering all of the underlying circumstances, you find that defendants did not have sufficient time or opportunity to intervene on plaintiff's behalf to stop his alleged illegal strip search, then you cannot hold defendants liable for failing to intervene.

In short, before you can hold any defendant liable under plaintiff's failure to intervene claim, you must conclude that plaintiff has proven by a preponderance of the evidence the following elements:

**First**: that defendant Rubin subjected plaintiff to an illegal strip search as he alleges;

**Second**: that another defendant(s) observed the illegal strip search and knew it was unlawful;

**Third**: that this same defendant(s) had a realistic opportunity to intervene, as I have described that phrase; and

---

("[i]n order for a law enforcement officer to be held liable for another officers' use of excessive force, 'there must have been a realistic opportunity [for the former] to intervene to prevent the harm from occurring.'") (alterations in original).

[42] Figueroa v. Mazza, 825 F.3d 89, 107 (2d Cir. 2016).

[43] Id.

[44] See Rogoz v. City of Hartford, 796 F.3d 236, 251 (2d Cir. 2015).

**Fourth**: that this same defendant(s) failed to take reasonable steps to prevent the illegal strip search.

If plaintiff has not proven these elements, you must find for defendant(s) on this claim.

### 3. *Intent*

As set forth above, to find a deprivation of a constitutional right for purposes of section 1983, a plaintiff must establish not only (a) that the defendants committed the acts alleged and (b) that those acts caused plaintiff to suffer the loss of a constitutional right, but also (c) that in performing the alleged acts, that the defendants acted intentionally or recklessly.

An act is intentional if it is done knowingly — that is, if it is done voluntarily and deliberately and not because of mistake, accident, negligence, or another innocent reason.  An act is reckless if done in conscious disregard of its known probable consequences.

In determining whether the defendants acted with the requisite knowledge or recklessness, you should remember that while witnesses may see and hear and so be able to give direct evidence of what a person does or fails to do, there is no way of looking into a person's mind.  Therefore, you have to depend on what was done and what the people involved said was in their minds and your belief or disbelief with respect to those facts.

Finally, it is not necessary to find that the defendants specifically intended to deprive plaintiff of his civil rights in order to find in favor of that plaintiff.  Again, plaintiff will have established a deprivation of a constitutional right for purposes of Section 1983 if you find that in performing the acts that caused the loss of plaintiff's constitutional right, the defendants acted intentionally or recklessly, as I have explained the meaning of those terms.

2.      **Second Element:  Proximate Cause**

The second element that plaintiff must prove is that defendants' acts were a proximate cause of the injuries plaintiff sustained.  Proximate cause means that there must be a sufficient causal connection between the act or omission of a defendant and any injury or damage sustained by plaintiff.  If you find that any of defendants' acts or omissions were a substantial factor in bringing about or actually causing plaintiff' injury, that is, if the injury was a *reasonably foreseeable* consequence of any of defendants' acts or omissions, then defendants' acts or omissions were a proximate cause of plaintiff' injuries.  If an injury was a direct result or a reasonably probable consequence of defendants' acts or omissions, it was proximately caused by such acts or omissions.  Stated another way, if a defendants' act or omission had such an effect in producing the injury that reasonable persons would regard it as being a cause of the injury, then the act or omission is a proximate cause.

In order to recover damages for any injury, plaintiff must show, by a preponderance of evidence, that their injury would not have occurred without the acts or omissions of one or more of the defendants.  If you find that the defendants have proven, by a preponderance of the evidence, that plaintiff complain about an injury that would have occurred even in the absence of defendants' acts or omissions, you must find that the defendants did not proximately cause plaintiff' injury.

A proximate cause need not always be the nearest cause either in time or space.  In addition, there may be more than one proximate cause of an injury.  Many factors or the conduct of two or more people may operate at the same time, either independently or together to cause an injury.  The defendants are not liable if he did not cause plaintiff' injuries or if plaintiff' injuries were caused by a new or independent source that intervened between the defendants' acts or

omissions and plaintiff' injuries and produced a result that was not immediately foreseeable by defendants.

## PART II:  DAMAGES
### General Instructions[45]

If you find that the plaintiff has proved, by a preponderance of the evidence, all of the elements of his claims for relief, you must then decide if he suffered any injuries as a result of the violation of his rights.

The fact that I am giving you instructions on damages does not mean that you must reach the issue of damages.  You should not reach the issue of damages unless you find that the plaintiff has established liability on his claims.  Also, just because I give you instructions on damages does not mean that I have any opinion about liability.  It is for you alone to decide whether the defendants are liable to the plaintiff.

Plaintiff is entitled to only one recovery, if at all, sufficient to reasonably compensate him for his injuries.  I therefore instruct you that if you find that plaintiff has prevailed on more than one claim, you may not award additional compensatory damages for the same injury.  You should award an amount of compensatory damages equal to the total damages you believe will fairly and justly compensate plaintiff for the separate injuries he suffered.  But you should not compensate plaintiff for the same injury twice simply because you find defendants liable for multiple claims.

This case involves multiple defendants.  Therefore, you must be careful to award damages only against the defendant or defendants that the plaintiff has proved are liable for that injury.  The fact that the plaintiff proves that one defendant is liable does not necessarily mean

---

[45]  Adapted from MARTIN A. SCHWARTZ & GEORGE C. PRATT, Section 1983 Litigation: Jury Instructions, Instruction § 18.01.2 (2005 Supplement).

that the other defendants are also liable.  Each defendant is entitled to a separate and individual consideration of his liability without regard to your decisions on any other defendant.  If the plaintiff proves that a particular defendant is liable and responsible for a particular injury, you must impose damages for that particular injury upon that particular defendant.  Keep in mind, however, that plaintiff can recover only once for his injury, because the law disallows double recoveries.[46]

Should you decide that the plaintiff has proved a claim by a preponderance of the evidence, you must consider awarding two types of damages: compensatory damages and nominal damages.  I will explain the law concerning each of these types of damages to you.

## Compensatory Damages[47]

If you return a verdict for the plaintiff, then you may award him such sum of money as you believe will fairly and justly compensate him for any injury you believe he actually sustained as a direct consequence of the conduct of the defendants.  These damages are called compensatory damages.  The purpose of compensatory damages is to make the plaintiff whole – that is, to compensate the plaintiff for the damage that he has proven by a preponderance of the credible evidence.

Compensatory damages are not allowed as a punishment and cannot be imposed or increased to penalize the defendant.  You should not award compensatory damages for speculative injuries, but only for those injuries which the plaintiff has actually suffered, or that the plaintiff is reasonably likely to suffer in the future.

---

[46] Adapted from MARTIN A. SCHWARTZ & GEORGE C. PRATT, Section 1983 Litigation: Jury Instructions, Instruction § 18.06.1 (2009 Supplement).

[47] Unless otherwise cited, all paragraphs in this section, entitled "Compensatory Damages", were adapted from MARTIN A. SCHWARTZ & GEORGE C. PRATT, Section 1983 Litigation: Jury Instructions, Instruction § 18.01.1 (2005 Supplement).

Moreover, you shall award actual damages only for those injuries that you find plaintiff has proven by a preponderance of credible evidence to have been the direct result of conduct by the defendant you have found liable.  That is, you may not simply award actual damages for any injury suffered by plaintiff — you must award actual damages only for those injuries that are a direct result of actions by the defendant, and that are a direct result of conduct by the defendant that was a violation of plaintiff' rights.

If you decide to award compensatory damages, you should be guided by dispassionate common sense.  Computing damages may be difficult, but you must not let that difficulty lead you to engage in arbitrary guesswork.  On the other hand, the law does not require that the plaintiff prove the amount of his losses with mathematical precision, but only with as much definiteness and accuracy as the circumstances permit.

You must use sound discretion in fixing an award of damages, drawing reasonable inferences where you find them appropriate from the facts and circumstances.

Plaintiff may not recover for any injury that existed prior to the incidents at issue, or for any injury from which he suffered that was not caused by the violation of their rights at issue here.  You may, however, compensate the plaintiff to the extent that you find that he was further injured by a defendant's violations of their rights.

Actual damages must not be based on speculation or sympathy.  They must be based on the evidence presented at trial, and only on that evidence.

There is no claim in this case that the plaintiff sustained any loss of income or other economic loss.  So, in calculating compensatory damages, you may not include any amount for such losses.

**Nominal Damages**[48]

If you return a verdict in the plaintiff' favor, but find that he failed to meet his burden of proving, by a preponderance of the credible evidence, that he suffered any actual injury, then you must return an award of damages in some nominal or token amount, not to exceed the sum of one dollar.  Nominal damages are the law's way of recognizing that constitutional rights must be scrupulously observed, even when constitutional violations have not been shown to have caused actual injury.

Nominal damages may be awarded when the plaintiff has been deprived of a constitutional right but has suffered no actual damages as a natural consequence of that deprivation.  The mere fact that a constitutional deprivation occurred is an injury to the person entitled to enjoy that right, even when no actual damages flow from the deprivation.[49] Therefore, if you find that the plaintiff has suffered no injury as a result of the defendants' conduct other than the fact of a constitutional deprivation, you must award nominal damages not to exceed one dollar.

**Punitive Damages**[50]

**Attorneys' Fees**

Additionally, federal law provides for a separate award of attorneys' fees should the plaintiff prevail in this case.  The award of attorneys' fees in such circumstances is a matter to be

---

[48] MARTIN A. SCHWARTZ & GEORGE C. PRATT, Section 1983 Litigation: Jury Instructions, Instruction § 18.03.1 (2005 Supplement).

[49] Smith v. Wade, 461 U.S. 30, 52-56 (1983).

[50] Defendants object to a punitive damages charge as the evidence does not support any inference that the defendants acted wantonly or in willful disregard of plaintiff's rights.  Should the Court deem a punitive damage charge appropriate, defendants reserve the right to submit further instructions addressing this claim.

determined by the Court.  Accordingly, if you award any damages to the plaintiff, you should not take into consideration the fees that the plaintiff may have to pay their attorneys.[51]

### Federal Income Tax

If you make any award of damages, such award is not subject to federal income taxes and you should not consider such taxes in determining the amount of damages, if any.[52]

### Damages: Final Word

Again, let me repeat that the fact that I have instructed you as to the proper measure of damages should not be considered as intimating that I have any view as to which party is entitled to your verdict in this case.  Instructions as to the measure of damages are required to be given for your guidance in the event you should find that any actual damages were proved by a preponderance of the evidence by plaintiff in this case according to the instructions I have given to you.

---

[51] Adapted from the instructions given in Manigault, 11 CV 4307 (LAK).

[52] Taken from the instructions given in Diaz, 14 CV 4716 (PAE).

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------------ x

HECTOR CORDERO,

                                Plaintiff,

                      -against-

Police Officer HUGO HUGASIAN, Shield #10228;
Lieutenant CHRISTOPHER MORAN; Police Officer
PETER RUBIN, Shield # 00934; and Police Officer JOHN
ESSIG, Shield #08667, individually and in their official
capacity as New York City Police Officers,

                               Defendants.

------------------------------------------------------------------------ x

**DEFENDANTS' PROPOSED**
**VERDICT FORM**

15-CV-3436 (JBW) (CLP)

**False Arrest**

Question 1:

Has plaintiff proven by a preponderance of the credible evidence that defendant Hugasian falsely arrested him?

                         YES _____   NO _____

**If you answered "No" please proceed to Question 3.**

**If you answered "Yes" please proceed to Question 2(a).**

Question 2(a):

Has plaintiff proven by a preponderance of the credible evidence that he suffered compensatory damages as a result of being falsely arrested?

Yes_____                         No_____

**If you answered "No" please proceed to Question 2(b).**

**If you answered "Yes" please proceed to Question 2(c).**

Question 2(b):

What amount of nominal damages, not to exceed one dollar, do you award plaintiff on his false arrest claim?

$_____

**Proceed to Question 3.**

Question 2(c):

State the total dollar amount of any actual compensatory damages that plaintiff is entitled to on his false arrest claim:

$_____

**Proceed to Question 3.**

**<u>Malicious Prosecution</u>**

Question 3:

Has plaintiff proven by a preponderance of the credible evidence that he was maliciously prosecuted by defendant Hugasian?

YES _____   NO _____

**If you answered "No" please proceed to Question 5.**

**If you answered "Yes" please proceed to Question 4(a).**

Question 4(a):

Has plaintiff proven by a preponderance of the credible evidence that he suffered compensatory damages as a result of being maliciously prosecuted?

Yes_____                              No_____

**If you answered "No" please proceed to Question 4(b).**

**If you answered "Yes" please proceed to Question 4(c).**

Question 4(b):

What amount of nominal damages, not to exceed one dollar, do you award plaintiff on his malicious prosecution claim?

$_____

**Proceed to Question 5.**

Question 4(c):

State the total dollar amount of any actual compensatory damages that plaintiff is entitled to on his malicious prosecution claim:

    $_____

**Proceed to Question 5.**

**Denial of a Right to a Fair Trial**

Question 5:

Has plaintiff proven by a preponderance of the credible evidence that he was denied the right to a fair trial by defendant Hugasian?

                  YES _____   NO _____

**If you answered "No" please proceed to Question 7.**

**If you answered "Yes" please proceed to Question 6(a).**

Question 6(a):

Has plaintiff proven by a preponderance of the credible evidence that he suffered compensatory damages as a result of being denied the right to a fair trial?

Yes_____                       No_____

**If you answered "No" please proceed to Question 6(b).**

**If you answered "Yes" please proceed to Question 6(c).**

Question 6(b):

What amount of nominal damages, not to exceed one dollar, do you award plaintiff on his denial of a right to a fair trial claim?

    $_____

**Proceed to Question 7.**

Question 6(c):

State the total dollar amount of any actual compensatory damages that plaintiff is entitled to on his denial of a right to a fair trial claim:

$_____

## Illegal Strip Search

Question 7:

Has plaintiff proven by a preponderance of the credible evidence that he was illegally strip searched by defendant Rubin?

YES _____   NO _____

**If you answered "No" your deliberations are <u>finished</u>.**

**If you answered "Yes" please proceed to Question 8(a).**

Question 8(a):

Has plaintiff proven by a preponderance of the credible evidence that he suffered compensatory damages as a result of being illegally strip searched?

Yes_____                    No_____

**If you answered "No" please proceed to Question 8(b).**

**If you answered "Yes" please proceed to Question 8(c).**

Question 8(b):

What amount of nominal damages, not to exceed one dollar, do you award plaintiff on his illegal strip search claim?

$_____

**Proceed to Question 9.**

Question 8(c):

State the total dollar amount of any actual compensatory damages that plaintiff is entitled to on his denial of a right to a fair trial claim:

$_____

**Proceed to Question 9.**

**Failure to Intervene**

Question 9:

Has plaintiff proven by a preponderance of the credible evidence that defendants Moran and Essig failed to intervene to prevent an illegal strip search?

Christopher Moran    YES _____    NO _____

John Essig            YES _____    NO _____

**If you answered "No" your deliberations are <u>finished</u>.**

**If you answered "Yes" please proceed to Question 10(a).**

Question 10(a):

Has plaintiff proven by a preponderance of the credible evidence that he suffered compensatory damages as a result of his failure to intervene claim?

Yes_____                    No_____

**If you answered "No" please proceed to Question 10(b).**

**If you answered "Yes" please proceed to Question 10(c).**

Question 10(b):

What amount of nominal damages, not to exceed one dollar, do you award plaintiff on his failure to intervene claim?

$_____

**Your deliberations are <u>finished</u>.**

Question 10(c):

State the total dollar amount of any actual compensatory damages that plaintiff is entitled to on his failure to intervene claim:

$_____

**Your deliberations are <u>finished</u>.**

Dated:          New York, New York
               February 16, 2018

                              ZACHARY W. CARTER
                              Corporation Counsel of the City of New York
                              Attorney for Defendants
                              100 Church Street
                              New York, New York 10007
                              (212) 356-3527


                              By:              /s/

                              _____
                              Brian Francolla
                              Senior Counsel




cc:     Gabriel Harvis, Esq. (by ECF)
        Baree Fett, Esq.
        Harvis & Fett LLP
        *Attorneys for Plaintiff*
        305 Broadway, 14th floor
        New York, New York 10007